VENABLE LLP
Douglas C. Emhoff (Cal. Bar No. 151049)
Jeffrey M. Tanzer (Cal. Bar No. 129437)
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
E-mail: demhoff@venable.com
E-mail: jtanzer@venable.com

Attorneys for Defendant
MERCK & CO., INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA GOYA, an individual<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., a Corporation; McKESSON CORPORATION, a Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.: 06-CV-2574 H (AJB)<br><br>**DEFENDANT MERCK & CO., INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS**<br><br>Hearing<br>Date: Jan. 16, 2007<br>Time: 10:30 a.m.<br>Dept.: Courtroom 13, 5th Fl.<br>Honorable Marilyn L. Huff |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on January 16, 2007, at 10:30 a.m. or as soon thereafter as the matter can be heard, in Courtroom 13, 5th Floor (Courtroom of the Honorable Marilyn L. Huff) of the United States District Court for the Southern District of California, located at 940 Front Street, San Diego, California 92101-9800, Defendant Merck & Co., Inc. will, and hereby does, move the Court for an order staying all proceedings in this action until after the Judicial Panel on Multidistrict Litigation (the "MDL Panel") resolves the question of whether this action should be transferred to *In re Fosamax Prods. Liab. Litig.*, MDL No. 1789 (the "Fosamax® MDL proceedings").

::ODMA\PCDOCS\BA2DOCS1\307738\1

1  This motion is made pursuant to the Court's inherent power to control
2  proceedings, on the grounds that the Judicial Panel on Multidistrict Litigation will
3  address whether this action should be transferred to *In re Fosamax Prods. Liab. Litig.*,
4  MDL No.1789, and that judicial economy and efficiency support staying this case until
5  that determination is made.
6  This Motion is based upon this Notice and the accompanying Memorandum of
7  Points and Authorities, the concurrently filed Declaration of Jeffrey M. Tanzer, the
8  complete files and records in this action, and such other argument and evidence as may
9  be presented at or before the hearing of this matter.
10 Dated: December 14, 2006

VENABLE LLP
DOUGLAS C. EMHOFF
JEFFREY M. TANZER

By_____
Jeffrey M. Tanzer
Attorneys for Defendant
Merck & Co., Inc.

::ODMA\PCDOCS\BA2DOCS1\307738\1

# MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND

### I. MDL 1789

On August 16, 2006, the Judicial Panel on Multidistrict Litigation (the "MDL Panel") issued a transfer order establishing MDL Proceeding No. 1789, styled *In re Fosamax Products Liability Litigation*, to coordinate the many cases filed across the country relating to Fosamax. *See In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347 (Jud. Pan. Mult. Lit. 2006). In the Transfer Order, the Panel held:

> These eighteen actions are brought by persons allegedly injured by ingestion of Merck's Fosamax, a prescription medication used in the treatment of osteoporosis. Specifically, these actions present complex common factual questions concerning, among other things, 1) the development, testing, manufacturing, and marketing of Fosamax, and 2) Merck's knowledge concerning the drug's alleged adverse effects, in particular, osteonecrosis of the jaw. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

*Id.* at 1349.

The Honorable John F. Keenan of the United States District Court for the Southern District of New York was assigned by the MDL Panel to hear MDL Proceeding No. 1789. *See id.* As of this date, the MDL Panel has issued at least ten Conditional Transfer Orders requiring the transfer of at least 50 actions to MDL No. 1789.

There is currently a process in place for effecting the transfer of Fosamax product liability actions to Judge Keenan's court quickly and efficiently. Merck's counsel, in a written submission known as a "tag-along letter," notifies the Panel of newly filed related actions and developments in action still under Panel consideration. The Panel issues conditional transfer orders based on the information contained in these tag-along

letters.

## II. The Instant Action

On or about October 12, 2006, Plaintiff Edna Goya commenced an action entitled *Edna Goya v. Merck & Co., Inc., McKesson Corporation, Does 1-50* ("the/this action"), by filing a Complaint in the Superior Court of the State of California, County of San Diego. Merck was served on October 27, 2006, and Merck removed this action to this Court based on diversity jurisdiction under 28 U.S.C. §1332 on November 21, 2006. There can be no dispute that the action involves the same factual inquiries that the Panel noted are present in the Fosamax product liability actions generally, thereby warranting coordinated pre-trial proceedings in the Southern District of New York. Specifically, it is clear from the face of the Complaint that this case, like other Fosamax product liability actions, focuses on allegations that Plaintiff Edna Goya's use of Fosamax caused her to develop osteonecrosis of the jaw. *See* Complaint ¶¶ 13, 34-38.

Pursuant to Rule 7.5 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L."), Merck provided notice to the MDL Panel of the pendency of this "tag-along" action on December 6, 2006. (A copy of this letter is attached as to the accompanying Declaration of Jeffrey M. Tanzer ("Tanzer Declaration") as Exhibit 1.) Merck expects this case to be listed on a conditional transfer order shortly. Once the conditional transfer order is issued, Plaintiff can object to transfer. If there is no objection, the transfer order will be filed in Judge Keenan's court shortly thereafter, and jurisdiction over the case will be transferred to the MDL.

## ARGUMENT

The Court should exercise its discretion to stay all further proceedings in this action pending its likely transfer to MDL No. 1789. The authority of the federal court to stay proceedings is well-established. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

When deciding whether to issue a stay pending a decision by the Panel, courts look at (1) considerations of judicial economy and (2) prejudice to the parties. *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). "[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Id.* at 1362. Indeed, upon Merck's prior motions to stay, the United States District Court for the Central District of California has issued stays in two Fosamax product liability actions and the Middle District of Tennessee has issued stays in four such actions, pending transfer to the MDL. (*See* Orders attached to Tanzer Declaration as Exhibits 2-7).

There are currently more than 80 Fosamax product liability actions pending in federal court, in some of which jurisdictional arguments have been raised. For example, the Plaintiffs in *Purdy v. Merck & Co., et al.*, Civil Action No. 2:06-CV-223-KS-MTP (S.D.Miss) moved to remand their case to state court based on an alleged lack of jurisdiction, and Merck intends to show that the Mississippi defendants in that case were fraudulently joined. The *Purdy* case was stayed by the Southern District of Mississippi on November 1, 2006, and on November 3, 2006, the order requiring transfer of the *Purdy* case to the Fosamax MDL proceedings became final. *See* Tanzer Declaration, Exhibits 8 & 9. Judge Keenan will now address the merits of the *Purdy* Plaintiffs' Motion to Remand.

I. **Judicial Economy and Consistency of Rulings Favor Granting a Stay.**

Granting a stay of proceedings here will promote judicial economy. The purpose of multidistrict litigation is to coordinate pretrial management of actions sharing common facts in a just and efficient manner. *See* 28 U.S.C. §1407(a). Where, as here, the MDL Panel has already coordinated Fosamax product liability actions before Judge Keenan in the Southern District of New York, there is no question that a stay of these proceedings will promote judicial economy. *See Rivers*, 980 F. Supp. at 1360; *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. Civ. A 3:02-CV-0853-P, 2002 WL

1  31114069, *2 (N.D.Tex. Sept. 23, 2002) ("by granting the stay, the Court will avoid the
2  unnecessary waste of judicial resources if the MDL Motion is ultimately granted. If the
3  MDL Motion is granted, all of the Court's time, energy, and acquired knowledge
4  regarding this action and its pretrial procedures will be wasted"); *American Seafood,*
5  *Inc. v. Magnolia Processing*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, *2
6  (E.D. Pa. May 7, 1992).

7      It is well settled that a district court is best served not expending resources
8  "familiarizing itself with the intricacies of an action that will be coordinated for pretrial
9  management before a transferee judge." *Rivers,* 980 F. Supp. at 1360; *see also Melton*
10 *v. Merck & Co., Inc.,* No. 04 cv 372, slip op., at 3 (S.D. Miss. Jan. 25, 2005) ("The
11 court additionally finds that staying all proceedings in this case will serve the interests
12 of judicial economy."); *Lee v. Merck & Co., Inc.,* No. 04 cv 378, slip op., at 3 (S.D.
13 Miss. Feb. 1, 2005) (same); *Gorea v. Gillette Co.,* No. 05 Civ. 2425, 2005 WL
14 2373449, *1 (W.D. Tenn. Sept. 26, 2005) ("a stay is warranted in this case . . . the court
15 would have to use judicial resources to make rulings . . . in a case over which it might
16 ultimately lose jurisdiction"). Granting a stay of this action pending its transfer to
17 MDL-1789 will conserve the resources of this court and prevent duplicative discovery
18 and pretrial management efforts.

19     A stay will also avoid the potential for inconsistent rulings regarding
20 jurisdictional and other issues. *See American Seafood*, 1992 WL 102762, *2 (granting
21 stay because "[t]his Court's rulings on [class certification and dismissal] motions may
22 conflict with the decisions of the Northern District of Mississippi which has in front of
23 it similar motions. The result is that the defendants may be forced to prosecute or
24 defend similar motions twice and the decisions of this Court and the Northern District
25 may be in conflict... [J]udicial economy and prejudice to the defendants weigh heavily
26 in favor of the stay").

27     Moreover, courts recognize that even in cases where a motion to remand is
28 pending, a stay pending transfer is entirely appropriate so that the transferee court may

6
MOTION TO STAY PROCEEDINGS

decide such motions with consistency. *See, e. g., In re Ivy*, 901 F. 2d 7, 9 (2d Cir. 1990) (recognizing authority to stay action despite pending remand motion); *In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 700 (J. P. M. L. 1995) (ordering consolidation and transfer and recognizing that "the pending motion to remand . . . can be presented to and decided by the transferee judge"); *Med. Soc'y v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 91 (S. D. N. Y. 2001) (declining to decide motion to remand pending transfer decision by the MDL Panel); *Aikens v. Microsoft Corp.*, No. 00-0242, 2000 WL 310391, at *1 (E. D. La. Mar. 24, 2000) (declining to decide motion to remand pending transfer decision by the MDL Panel); *Johnson v. AMR Corp.*, No. 1: 95-cv-07664, 1996 WL 164415, at *3-4 (N. D. Ill. Apr. 3, 1996) (staying ruling on jurisdictional motion pending transfer decision by the JPML).

The Second Circuit endorsed just this approach in *In re Ivy*, where, in the context of jurisdictional objections in Agent Orange actions, it reasoned that:

> The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation ... and there are real economies in transferring such cases to Judge Weinstein .... Once transferred, the jurisdictional objections can be heard and resolved by a single court .... Consistency as well as economy is thus served. We hold, therefore, that the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending.

901 F. 2d at 9. Similarly, the Panel has endorsed this approach in mass-tort litigation. See *Letter from Panel dated January 20, 2006* (Tanzer Declaration, Ex. 10) (stating in the context of *In re Zyprexa Products Liability Litigation* that deferring decisions on motions to remand to the MDL court "may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization"); *see also In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J. P. M. L. 2001).

::ODMA\PCDOCS\BA2DOCS1\307738\1

Likewise, this Court and other California federal courts have addressed the issues raised herein in the context of the VIOXX® litigation and repeatedly held that a stay pending transfer to the MDL proceedings is appropriate and that it is most efficient to have the MDL court address any motions to remand.[1] *See, e.g., In re Vioxx Product Liability Cases, et al.,* Civ. No. 05-0943 DMS (LSP) (S.D. Cal. July 11, 2006) (Tanzer Declaration, Ex. 11); *Johnson v. Merck & Co., Inc., McKesson Corp.; John Does 1-100,* No. CV-05-2881 (MPH), slip op. (N.D. Cal. October 4, 2005) (granting motion to stay and holding that the MDL court should decide any motion to remand based on the presence of McKesson Corporation as a defendant) (Tanzer Declaration, Ex. 12); *Edmonds, et al. v. Merck & Co., Inc., McKesson Corp.; John Does 1-100,* No. CV-05-02349 (MPH), slip op. (N.D. Cal. August 15, 2005) (granting Merck's motion to stay pending transfer to the MDL) (Tanzer Declaration, Ex. 13); *Carrington v. Merck & Co., Inc., et al.,* Civ. No. S-06-718 LKK GGH, 2006 WL 1376884 (E.D. Cal. May 18, 2006); *Devers v. Merck & Co., Inc., et al.,* Civ. No. S-06-617 LKK PAN, 2006 W.L. 1377086 (E.D. Cal. May 18, 2006); *Marschall v. Merck & Co., Inc., et al.,* Civ. No. S-06-653 LKK DAD, 2006 W.L. 177097 (E.D. Cal. May 18, 2006).

## II. Merck Will be Prejudiced Absent a Stay, While Plaintiffs' Legitimate Interests Are Not Impacted by Issuance of a Stay.

Merck would be substantially prejudiced by duplicative discovery and motion practice if a stay were not put in place. *See American Seafood,* 1992 WL 102762 at *2 (holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay"). There are currently over 80 Fosamax actions filed in federal court. If individual district courts allowed cases to proceed in a short window between the time cases were filed in or removed to individual federal district courts and the time when they were

---

[1] Merck notes that Plaintiff has not filed a motion to remand as of the filing of this motion to stay.

transferred to Judge Keenan, Merck would face substantial hardship. Plaintiffs would be free to pursue a strategy of aggressively litigating, and getting discovery in, dozens of individual cases for the period of weeks it takes for cases which meet the §1407 transfer standard to be transferred to Judge Keenan's court. Merck should not be forced to engage in unnecessary and duplicative discovery and motion practice. *See Wilbanks v. Merck & Co., Inc.*, No. 05-Civ-1241, 2005 WL 2234071, *1 (W.D.Tenn. Sept. 13, 2005) (granting a stay holding that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant").

In contrast, a stay will not prejudice the legitimate interests of Plaintiff. Any delay in the preliminary proceedings in this case would be both brief and offset by the benefits of coordinated discovery and motion practice after all of the overlapping lawsuits are transferred to a single court. *See, e.g., Rivers*, 980 F. Supp. at 1362 (discounting any prejudice to the non-moving party in the time between issuing the stay and the MDL Panel's consideration of the motion). This action is in its infancy, and the Plaintiff has expended limited resources to date. Consequently, she will not be prejudiced by a limited delay.

Therefore, this Court should stay all proceedings in this matter pending transfer of this action to the MDL.

## CONCLUSION

For the foregoing reasons, Merck requests that the Court stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Southern District of New York.

Dated: December 14, 2006

                        VENABLE LLP
                        DOUGLAS C. EMHOFF
                        JEFFREY M. TANZER

By *[signature]*
Jeffrey M. Tanzer
Attorneys for Defendant
Merck & Co., Inc.

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

10
MOTION TO STAY PROCEEDINGS

::ODMA\PCDOCS\BA2DOCS1\307738\1

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, #2100, Los Angeles, California 90067.

On December 14, 2006, I served the foregoing document(s) described as **DEFENDANT MERCK & CO., INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS** on the interested parties in this action addressed as follows:

SEE ATTACHED SERVICE LIST

☒ By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☐ **BY PERSONAL SERVICE (CCP §1011)**: I delivered such envelope(s) by hand to the addressee(s) as stated above.

☒ **BY MAIL (CCP §1013(a)&(b))**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY (CCP §1013(c)&(d))**: I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

Executed on December 14, 2006 at Los Angeles, California

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Carolyn Simanian

# ATTACHED SERVICE LIST

Hector G. Gancedo, Esq.  *Attorneys for Plaintiff*
Amy M. Boombouwer, Esq.
GANCEDO & NIEVES LLP
144 West Colorado Boulevard
Pasadena, CA 91105
Tel: 626 685-9800
Fax: 626 685-9808

Anthony G. Brazil, Esq.  *Attorneys for Defendant McKesson*
Kanika D. Corley, Esq.  *Corporation*
MORRIS POLICH & PURDY
1055 W. Seventh Street, Suite 2400
Los Angeles, CA 90017
Tel: 213 891-9100
Fax: 213 488-1178

::ODMA\PCDOCS\BA2DOCS1\307738\1

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900