VENABLE LLP
Douglas C. Emhoff (Cal. Bar No. 151049)
Jeffrey M. Tanzer (Cal. Bar No. 129437)
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
E-mail: demhoff@venable.com
E-mail: jtanzer@venable.com

Attorneys for Defendant
MERCK & CO., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA GOYA, an individual<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., a Corporation; McKESSON CORPORATION, a Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.: 06-CV-2574 H (AJB)<br><br>**DECLARATION OF JEFFREY M. TANZER IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS**<br><br>Hearing<br>Date: Jan. 16, 2007<br>Time: 10:30 a.m.<br>Dept.: Courtroom 13, 5th Fl.<br>Honorable Marilyn L. Huff |

I, Jeffrey M. Tanzer, declare as follows:

1. I am an attorney at law duly authorized to practice before the courts of the State of California, and before this Court. I am of counsel to the law firm of Venable LLP, attorneys of record for Merck & Co., Inc. ("Merck"). I have personal knowledge of the facts stated herein and, if called to testify as a witness, I could and would testify competently thereto.

2. My understanding is that there are currently more than 80 Fosamax product liability actions pending in federal court. As of this date, the MDL Panel has

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

issued at least ten Conditional Transfer Orders requiring the transfer of at least 50 actions to MDL No. 1789.

3. There is currently a process in place for effecting the transfer of Fosamax product liability actions to Judge Keenan's court quickly and efficiently. Merck's counsel, in a written submission known as a "tag-along letter," notifies the Panel of newly filed related actions and developments in action still under Panel consideration. The Panel issues conditional transfer orders based on the information contained in these tag-along letters.

4. Attached hereto at Exhibit 1 is a true and authentic copy of a letter dated December 6, 2006 notifying the Judicial Panel on Multidistrict Litigation of the pendency of this case as a tag-along action.

5. The United States District Court for the Central District of California has recently issued stays in two Fosamax® products liability actions before it pending transfer to the MDL. Copies of those Orders are attached hereto as Exhibits 2 and 3.

6. The United States District Court for the Middle District of Tennessee has recently issued stays in four Fosamax® products liability actions before it pending transfer to the MDL. Copies of those Orders are attached hereto as Exhibits 4-7.

7. Attached hereto at Exhibit 8 is a copy of an Order dated and filed November 1, 2006 in *Purdy v. Merck & Co.*, Civil Action No. 2:06-CV-223-KS-MTP (S.D.Miss).

8. Attached hereto at Exhibit 9 is a copy of Conditional Transfer Order No. 6, issued by the Joint Panel on Multidistrict Litigation on October 18 in MDL No. 1789, and final on November 3, 2006.

9. Attached hereto at Exhibit 10 is a copy of a letter from the Panel on Multidistrict Litigation dated January 20, 2006 relating to of *In re Zyprexa Products Liability Litigation.*

10. Attached hereto at Exhibit 11 is a copy of *In re Vioxx Product Liability Cases, et al.,* Civ. No. 05-0943 DMS (LSP) slip op. (S.D. Cal. July 11, 2006).

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

11. Attached hereto at Exhibit 12 is a copy of *Johnson v. Merck & Co., Inc., McKesson Corp.; John Does 1-100,* No. CV-05-2881 (MPH), slip op. (N.D. Cal. October 4, 2005).

12. Attached hereto at Exhibit 13 is a copy of *Edmonds, et al. v. Merck & Co., Inc., McKesson Corp.; John Does 1-100,* No. CV-05-02349 (MPH), slip op. (N.D. Cal. August 15, 2005).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on December 14, 2006, at Los Angeles, California.

Jeffrey M. Tanzer

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

# EXHIBIT "1"



Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

December 6, 2006

FEDERAL EXPRESS

Jeffrey N. Lüthi, Esq.
Catherine Maida
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E. Room G-255, North Lobby
Washginton, D.C. 20002-8004

Re: In re: Fosamax Products Liability Litigation, MDL Docket No. 1789

Dear Sir and Madam:

Pursuant to J.P.M.L. Rule 7.5(e), Merck hereby notifies the Panel of potential "tag-along actions". This letter is Merck's 13th notification of potential "tag-along actions" and includes cases that have recently been filed in federal court. Courtesy copies of the complaint and docket sheet for each case are enclosed.

1. *Goya v. Merck & Co., Inc., et al.*, C.A. No. 3:06-cv-02574-H-AJB (S.D. Cal.)

There are two new cases filed in the transferee court.

1. *Attard v. Merck & Co., Inc.*, C.A. No. 1:06-cv-13440-UA (S.D.N.Y.)
2. *Davids v. Merck & Co., Inc.*, C.A. No. 1:06-cv-13401-UA (S.D.N.Y.)

Respectfully Submitted,

Sarah A. Binder

Enclosures

**EXHIBIT "2"**



FILED
CLERK, U.S. DISTRICT COURT
DEC - 6 2006
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD A. MORRIS and RUTH P. MORRIS, husband and wife; HELEN F. TRACY, a single woman; JUDY C. PENN and BUDDY W. PENN, wife and husband,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCK & CO., INC., a New Jersey Corporation; McKESSON CORPORATION, a Delaware corporation; DOES 1-50<br><br>Defendants. | CV 06-5587 FMC (PJWx)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO REMAND |

DOCKETED ON CM
DEC - 6 2006
BY
085

This matter is before the Court on Plaintiffs' Motion to Remand to State Court (docket no. 18), and Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 23), filed on October 26, 2006 and November 6, 2006, respectively. The Court has considered the moving, opposition and reply documents submitted in connection with the motions. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearing set for December 11, 2006, is

#35

removed from the Court's calendar. For the reasons and in the manner set forth below, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiffs' Motion to Remand without prejudice to the filing of a renewed motion in the event that the Judicial Panel on Multidistrict Litigation ("JPML") does not transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax Prods. Liab. Litig.*

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs Edward A. Morris, Helen F. Tracy and Judy C. Penn took the prescription drug Fosamax, which is manufactured and sold by Defendant Merck & Co., Inc. ("Merck") and distributed by Defendant McKesson Corporation ("McKesson"). Plaintiffs filed their Complaint in the Superior Court for the State of California, County of Los Angeles, on August 16, 2006. Plaintiffs allege, *inter alia,* that Defendants misrepresented (affirmatively and through a failure to warn) that Fosamax was a safe and effective treatment for osteoporosis, Paget's Disease and other conditions. Plaintiffs further allege that, as a proximate result of injesting Fosamax, they have been permanently and severely injured. Co-Plaintiffs Ruth P. Morris and Buddy W. Penn are bringing separate claims for loss of consortium.

On September 6, 2006, Defendant Merck removed the action to this Court on the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson, a California citizen, is fraudulently joined. In their motion to remand, Plaintiffs argue that joinder was proper. In its Opposition to the motion and in its separate Motion for Stay, Merck maintains that resolution of the question of the propriety of Plaintiffs' joinder of McKesson should be deferred pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods. Liab. Litig*,, and that all other proceedings in this action should be stayed until

such time.[1] McKesson joins in Merck's Opposition to the motion to remand and the Motion to Stay in all respects.

**STANDARD OF LAW**

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

**DISCUSSION**

A stay of all proceedings until such time as the JPML renders its final decision regarding transfer is in the interest of judicial economy. A steady succession of cases involving the drug Fosamax are being filed in this district and other districts throughout the country and are awaiting transfer to the MDL proceedings.[2] Given the similarity of this litigation to other recent pharmaceutical products liability litigation, the Court finds that there are likely to be many more cases (in this district or otherwise) which present the precise question of the propriety of joinder of Defendant McKesson and/or other

---

[1]Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the JMPL issued a Conditional Transfer Order on September 22, 2006. Plaintiffs' Motion to Vacate that Order is currently pending. *See* Request for Judicial Notice in Support of Merck & Co., Inc.'s Motion to Stay Proceedings, Exhibits 1-2.

[2] According to the JPML website, there are now 58 actions pending in MDL No. 1789, *In Re: Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.html (follow "Distribution of Pending MDL Dockets").

"distributor" defendants.[3] Consideration of Plaintiffs' remand motion by this Court at this juncture would therefore run the risk of inconsistent rulings between different judges in different districts and/or would constitute an inefficient use of judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs' motion to relate all Zyprexa cases naming McKesson Corporation in this district, judges in other California districts would nonetheless have to decide the issue, thus resulting in unnecessarily duplicative litigation, an inefficient use of judicial resources, and the risk of inconsistent results.").

## CONCLUSION

Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 23) is GRANTED. Proceedings in this case are STAYED until issuance of a final decision by the JPML regarding transfer or for sixty (60) days, whichever is earlier.

Plaintiffs' Motion to Remand (docket no. 18) is DENIED without prejudice to the filing of a renewed motion if transfer is denied.

IT IS SO ORDERED.

December 6, 2006

FLORENCE MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT

---

[3]As Defendants point out, two Fosamax cases which name both Merck and McKesson as Defendants were recently removed (by Merck) to the district courts for the Northern and Southern Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s Reply Memorandum in Support of Motion to Stay Proceedings, Exhibits 1-2. The Court takes judicial notice of the fact that Merck is raising the same issues of fraudulent joinder those cases and has filed a similar motion to stay proceedings pending possible transfer to the MDL action in the Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

**EXHIBIT "3"**

FILED
CLERK, U.S. DISTRICT COURT
DEC - 7 2006
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

SCANNED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANNE E. CLAYTON,

Plaintiff,

vs.

MERCK & CO., INC., a New Jersey Corporation; McKESSON CORPORATION, a Delaware corporation; DOES 1-50

Defendants.

CV 06-6398 FMC (PJWx)

ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING PLAINTIFF'S MOTION TO REMAND

DOCKETED ON CM
entered
DEC - 7 2006
BY 085

This matter is before the Court on Plaintiff's Motion to Remand to State Court (docket no. 10), and Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 12), filed on November 3, 2006 and November 8, 2006, respectively. The Court has considered the moving, opposition and reply documents submitted in connection with the motions. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearing set for December 11, 2006, is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiff's

#19



Motion to Remand without prejudice to the filing of a renewed motion in the event that the Judicial Panel on Multidistrict Litigation ("JPML") does not transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax Prods. Liab. Litig.*

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, Anne E. Clayton, took the prescription drug Fosamax, which is manufactured and sold by Defendant Merck & Co., Inc. ("Merck") and distributed by Defendant McKesson Corporation ("McKesson"). Plaintiff filed her Complaint in the Superior Court for the State of California, County of Los Angeles, on September 28, 2006. Plaintiff alleges, *inter alia,* that Defendants misrepresented (affirmatively and through a failure to warn) that Fosamax was a safe and effective treatment for osteoporosis, Paget's Disease and other conditions. Plaintiff further alleges that, as a proximate result of injesting Fosamax, she has been permanently and severely injured.

On October 6, 2006, Defendant Merck removed the action to this Court on the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson, a California citizen, is fraudulently joined. In her motion to remand, Plaintiff argues that joinder was proper. In its Opposition to the motion and in its separate Motion for Stay, Merck maintains that resolution of the question of the propriety of Plaintiff's joinder of McKesson should be deferred pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods. Liab. Litig.*, and that all other proceedings in this action should be stayed until such time.[1] McKesson joins in Merck's Opposition to the motion to remand and the Motion

---

[1]Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the JMPL issued a Conditional Transfer Order on November 2, 2006. Plaintiff's Motion to Vacate that Order is currently pending. *See* Request for Judicial Notice in Support of Merck & Co., Inc.'s Opposition to Plaintiff's Motion to Remand, Exhibits 1-2.

to Stay in all respects.

## STANDARD OF LAW

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

## DISCUSSION

A stay of all proceedings until such time as the JPML renders its final decision regarding transfer is in the interest of judicial economy. A steady succession of cases involving the drug Fosamax are being filed in this district and other districts throughout the country and are awaiting transfer to the MDL proceedings.[2] Given the similarity of this litigation to other recent pharmaceutical products liability litigation, the Court finds that there are likely to be many more cases (in this district or otherwise) which present the precise question of the propriety of joinder of Defendant McKesson and/or other "distributor" defendants.[3] Consideration of Plaintiff's remand motion by this

---

[2] According to the JPML website, there are now 58 actions pending in MDL No. 1789, *In Re: Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.html (follow "Distribution of Pending MDL Dockets").

[3] As Defendants point out, two Fosamax cases which name both Merck and McKesson as Defendants were recently removed (by Merck) to the district courts for the Northern and Southern Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s Reply Memorandum in Support of Motion to Stay Proceedings, Exhibits 2-3. The Court takes judicial notice of the fact that Merck is raising the same issues of fraudulent joinder in those cases

Court at this juncture would therefore run the risk of inconsistent rulings between different judges in different districts and/or would constitute an inefficient use of judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs' motion to relate all Zyprexa cases naming McKesson Corporation in this district, judges in other California districts would nonetheless have to decide the issue, thus resulting in unnecessarily duplicative litigation, an inefficient use of judicial resources, and the risk of inconsistent results.").

**CONCLUSION**

Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 12) is GRANTED. Proceedings in this case are STAYED until issuance of a final decision by the JPML regarding transfer or for sixty (60) days, whichever is earlier.

Plaintiff's Motion to Remand (docket no. 10) is DENIED without prejudice to the filing of a renewed motion if transfer is denied.

IT IS SO ORDERED.

December 7, 2006

[signature]

FLORENCE MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT

---

and has filed a similar motion to stay proceedings pending possible transfer to the MDL action in the Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

# EXHIBIT "4"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| DEBORAH DAVIS | ) | |
| | ) | |
| v. | ) | NO. 3:06-0770 |
| | ) | JUDGE CAMPBELL |
| MERCK & CO., INC. | ) | |

ORDER

Pending before the Court is Merck's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation. The Motion is GRANTED.

This action is stayed pending a transfer decision from the Judicial Panel on Multidistrict Litigation and further Order of this Court.

IT IS SO ORDERED.

Todd Campbell
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

**EXHIBIT "5"**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| SONDRA CONN, et al. | ) | |
| | ) | |
| v. | ) | NO. 3:06-0806 |
| | ) | JUDGE CAMPBELL |
| MERCK & CO., INC. | ) | |

ORDER

Pending before the Court is Merck's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation. The Motion is GRANTED.

This action is stayed pending a transfer decision from the Judicial Panel on Multidistrict Litigation and further Order of this Court.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

**EXHIBIT "6"**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| MARGARET RHYNE | ) | |
| | ) | |
| v. | ) | NO. 3:06-0769 |
| | ) | JUDGE CAMPBELL |
| MERCK & CO., INC. | ) | |

ORDER

Pending before the Court is Merck's Motion to Stay All Proceedings Pending Transfer

Decision by the Judicial Panel on Multidistrict Litigation. The Motion is GRANTED.

This action is stayed pending a transfer decision from the Judicial Panel on Multidistrict

Litigation and further Order of this Court.

IT IS SO ORDERED.

Todd Campbell
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

**EXHIBIT "7"**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| NEALIE GRIZZELL | ) | |
| | ) | |
| v. | ) | NO. 3:06-0768 |
| | ) | JUDGE CAMPBELL |
| MERCK & CO., INC. | ) | |

ORDER

Pending before the Court is Merck's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation. The Motion is GRANTED.

This action is stayed pending a transfer decision from the Judicial Panel on Multidistrict Litigation and further Order of this Court.

IT IS SO ORDERED.

Todd Campbell
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

# EXHIBIT "8"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JENNIE PURDY, ET AL. PLAINTIFFS

VERSUS CIVIL ACTION NO. 2:06-cv-223-KS-MTP

MERCK & COMPANY, INC., ET AL. DEFENDANTS

**ORDER**

Pending before the Court is Merck's Motion to Stay Pending Transfer to MDL No. 1789 [7]. Additionally, Plaintiff has filed a Motion to Remand [8] thereby requiring a stay under the local rules.

IT IS, THEREFORE, ORDERED that this action is stayed pending a transfer decision from the Judicial Panel on Multidistrict Litigation, remand to state court, or further order of this court.

SO ORDERED, this the 1st day of November, 2006.

s/ Michael T. Parker
United States Magistrate Judge

**EXHIBIT "9"**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 18 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 1789*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE FOSAMAX PRODUCTS LIABILITY LITIGATION*

*Sandra Boniol v. Merck & Co., Inc.*, W.D. Louisiana, C.A. No. 1:06-1567
*Jennie Purdy, et al. v. Merck & Co., Inc., et al.*, S.D. Mississippi, C.A. No. 2:06-223

*CONDITIONAL TRANSFER ORDER (CTO-6)*

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ____F.Supp.2d____ (J.P.M.L. 2006). Since that time, 18 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

# EXHIBIT "10"

FILED
2006 Apr-19 AM 11:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

MEMBERS:
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Robert A. Cahn
Executive Attorney

DIRECT REPLY TO:

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888

http://www.jpml.uscourts.gov

January 20, 2006

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 24 2006 ★
P.M.
TIME A.M.

F+D 1/24/06

TO INVOLVED JUDGES

Re: MDL-1596-- In re Zyprexa Products Liability Litigation

*Latofia Crimes v. Eli Lilly & Co., et al.*, M.D. Alabama, C.A. No. 2:05-1047
(Judge Mark E. Fuller)

*Sanquirnetta McCray-Martin v. Eli Lilly & Co., et al.*, M.D. Alabama, C.A. No. 2:05-1048
(Judge Myron H. Thompson)

Dear Judges:

Presently before the Panel pursuant to 28 U.S.C. § 1407 is a notice of opposition to the Panel's conditional transfer order in at least one action before you in the above-described docket. The parties will have an opportunity to fully brief the question of transfer and the matter will be considered at a bimonthly Panel hearing session. In the meantime, your jurisdiction continues until any transfer ruling becomes effective.

If you have a motion pending – such as a motion to remand to state court (if the action was removed to your court) – you are free to rule on the motion, of course, or wait until the Panel has decided the transfer issue. The latter course may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization.

Please feel free to contact our staff in Washington with any questions.

Kindest regards,

s/ Terrell Hodges

Wm. Terrell Hodges
Chairman

# EXHIBIT "11"

FILED

05 JUL 11 AM 8:50

BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re: VIOXX PRODUCT LIABILITY CASES

Lead Case No. 05cv0943DMS(LSP) *consolidated with cases*: 05cv0944; 05cv0945; 05cv0947; 05cv0948; 05cv0949; 05cv0950; 05cv0951; 05cv0953; 05cv0954; 05cv0957; 05cv0958; 05cv0959; 05cv0960; 05cv0961; 05cv0962; 05cv0963; 05cv0964

This Document Relates To:

ALL CASES

**ORDER STAYING CONSOLIDATED CASES PENDING TRANSFER TO MDL COURT AND DENYING MOTION TO STAY WITHOUT PREJUDICE**

[Doc. Nos. 5 & 12]

In these consolidated cases, Plaintiffs allege they have been injured though the use of Defendants' prescription pain medication, Vioxx. Defendants removed the cases to this Court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. Two consolidated motions are now pending in this Court. First, Plaintiffs move to remand the cases to the San Diego Superior Court, based on a lack of complete diversity, pursuant to 28 U.S.C. § 1447(c). [Doc.

5.] Second, Defendants move to stay these proceedings in light of their likely transfer to the multi-district litigation currently pending in the Eastern District of Louisiana—*In re VIOXX Product Liability Litigation*, MDL No. 1657. [Doc. 12.]

The Court heard argument on these consolidated motions on July 8, 2005. Attorneys McCall Kuhne and Peggy Reali appeared for Plaintiffs. Attorney Steven J. Boranian appeared for Defendants. The Court commends the litigants for their excellent presentation of the legal issues. Upon consideration of the relevant pleadings, the applicable law, and the arguments of counsel, Defendants' motion to stay is GRANTED, and Plaintiff's motion to remand is DENIED without prejudice to refiling if the cases are not transferred.

**A. Discussion**

On June 13, 2005, a conditional transfer order was issued for these cases by the Judicial Panel on Multidistrict Litigation ("JPML"). Plaintiffs opposed the conditional transfer, and the matter will be considered at the next bi-monthly Panel hearing session.

Defendants' application to stay these proceedings is premised on the eventual transfer of this case to the MDL court. Accordingly, Defendants argue a stay will promote judicial economy and prevent inconsistent rulings on Plaintiffs' pending consolidated motion to remand. Plaintiffs apparently do not contest that these cases inevitably will be transferred to MDL No. 1657, but argue that the Court should nonetheless decide the consolidated remand motion before transfer.

A district court has the inherent power to stay its proceedings. *See Rivers v. Walt Disney Company*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997). "This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id.* (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). *See also Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (trial court may stay matter pending resolution of judicial, administrative, or arbitral proceedings) (citations omitted).

When ruling on a motion to stay, a district court should consider several factors: (1) potential prejudice to the non-moving party if the action is stayed; (2) hardship and inequity

to the moving party if the action is not stayed; (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; and (4) the potential for conflicting rulings. *Rivers*, 980 F.Supp. at 1360 (citing *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *1–2 (E.D. Penn. May 7, 1992)). *See generally* Wright, Miller & Cooper, *Federal Practice & Procedure 2d* § 3866 (1986 & Supp. 2004.) Under the circumstances, all the relevant factors point towards staying these proceedings.

First, Plaintiffs will not be prejudiced by the stay, because even if the cases are transferred to the MDL court, there would still be a judicial determination of the issues raised in the consolidated remand motion—specifically, the jurisdictional issue of "fraudulent joinder." Assuming the cases are ultimately transferred to the MDL court, other courts have ruled that "pending motions to remand must be deferred to the transferee court for ruling after transfer." *See O'Gorman v. Merck & Co.*, No. 05cv153 DDN, slip. op. at 2 (E.D. Mo. Feb. 22, 2005) (Atkisson Decl., Ex. G.). On the other hand, assuming Plaintiffs' objection to the transfer is successful, and the JPML ultimately decides that these should remain in this Court for pretrial proceedings, Plaintiffs may simply re-file their remand motion.

Second, Defendants may be prejudiced by duplicative discovery and motion practice if the cases are ultimately transferred. "Plaintiffs across the county will surely notice the same set of Merck employees and former employees for deposition. Without stays, the risk exists that Merck will have to produce these witnesses multiple times in different jurisdictions." (Defendants' P&A in Support of Motion, at 6.)

Third, judicial resources will be conserved by staying this matter and deferring consideration of the remand motion to the MDL court. Most likely, after transfer, this Court will never see these cases again. (*Id.*) Thus, by staying the proceedings until the transfer, the Court will save the time and energy it otherwise would have spent familiarizing itself with the intricacies of these actions. *See U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. Civ. A. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002). In addition, if this Court

///

were to go forward with these cases, setting pretrial dates and coordinating a discovery plan, much of that work would have to be duplicated by the MDL court after transfer.

Finally, absent a stay, the parties face inconsistent rulings regarding the consolidated remand motion. Numerous similar motions, addressing precisely the same issue of "fraudulent joinder," are already before the MDL court. In a status conference on June 23, 2005, Judge Fallon discussed the various issues of remand in the various cases throughout the country: "a specific advantage of the MDL concept is consistency. . . . If different decisions are made by numerous judges, they have no consistency and no predictability. . . . [¶] I'll be dealing with the [the remand motions] as quickly as possible, but also with an idea of having more consistency." (Atkisson Supp. Decl., Ex. A, at 21.) Were this Court to rule on that issue in this case, before transfer, Defendants risk inconsistent outcomes on the other pending remand motions. *See Mathern v. Wyeth*, No. Civ. A. 04-2116, 2004 WL 1922028, at * 1 (E.D. La. Aug. 25, 2004). As described by the JPML in correspondence with this Court, dated June 24, 2005: regarding pending remand motions, it may be "especially appropriate" for the transferor court (this Court) to "wait until the Panel has decided the transfer issue . . . if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization."

In sum, upon consideration of the relevant factors, this Court agrees with a number of other judges in this district that these cases should be stayed pending transfer to the MDL proceedings. *See McCrerey v. Merck & Co.*, No. 04cv2576-WQH(WMc) (S.D. Cal. March 5, 2005) (Hayes, J.); *Purcell v. Merck & Co.*, No. 05cv0443-L(BLM) (S.D. Cal. June 6, 2005) (Lorenz, J.). Defendants' consolidated motion to stay is therefore GRANTED. Accordingly, Plaintiffs' consolidated motion to remand is DENIED without prejudice to refiling if these cases are not transferred.

///

///

///

///

**B. Conclusion and Order**

A stay of these proceedings will further the interest in judicial economy and consistency that underlies the MDL statute. Moreover, absent a stay, there is a danger of inconsistent rulings between this Court and the MDL court, regarding Plaintiffs' consolidated motion to remand. For these reasons, Defendants' motion to stay [Doc. 12] is hereby **GRANTED.** These consolidated cases are **STAYED** pending transfer to MDL No. 1657. Accordingly, Plaintiffs' consolidated motion to remand [Doc. 5] is **DENIED without prejudice.**

Plaintiffs shall notify the Court, no later than ten days after the JPML decides the transfer issue, of the status of these cases. If these cases are not transferred, the Court shall lift the stay and Plaintiffs may re-file their consolidated motion to remand.

**IT IS SO ORDERED.**

Dated: 7-9-05

**DANA M. SABRAW**
United States District Judge

cc: JUDGE PAPAS
ALL PARTIES

**EXHIBIT "12"**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PEGGY JOHNSON,

Plaintiff,

v.

MERCK & CO., INC., MCKESSON CORPORATION, MCKESSON PHARMACEUTICAL, INC., MCKESSON MEDICAL SUPPLY, INC., MCKESSON HBOC, INC.,

Defendants.
_______________________________/

No. C 05-02881 MHP

**MEMORANDUM & ORDER**
**Re: Motion to Remand**

UNITED STATES DISTRICT COURT
For the Northern District of California

On June 30, 2005 plaintiff Peggy Johnson filed her First Amended Complaint against Merck & Co., Inc. ("Merck"), the McKesson Corporation, McKesson Pharmaceutical, Inc., McKesson Medical Supply, Inc., and McKesson HBOC, Inc. ("the McKesson defendants") in the Superior Court of the State of California for the County of Alameda. The complaint seeks damages allegedly resulting from plaintiff's use of Vioxx, a drug manufactured by Merck. On July 14, 2005, Merck removed the action to this court on the basis of diversity jurisdiction. Presently before the court are plaintiff's motion to remand the action to state court and defendants' motion to stay the action pending its transfer to the multidistrict litigation ("MDL") proceeding that has been established to deal with the large volume of Vioxx-related cases in federal court.

The power to stay proceedings in the interest of judicial economy is an inherent power left to the discretion of the court. Landis v. North Am. Co., 299 U.S. 248, 254 (1936). In matters involving similar jurisdictional issues, deference to the MDL proceeding is often appropriate for resolution of a motion to remand, as it "provides the opportunity for the uniformity, consistency, and

predictability in litigation that underlies the MDL system." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) (Armstrong, J.) (citing 28 U.S.C. § 1407).

Defendants' basis for removal to this court is that the McKesson defendants, whose presence in this lawsuit destroys complete diversity, are fraudulently joined. See Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (Illston, J.). According to defendants' assertions, which plaintiff does not dispute, there are presently more than 25 California cases that involve precisely the same fraudulent joinder of the McKesson defendants already pending before the MDL judge. Due to the similarity of the issues presented, this action was included in the MDL Panel's August 24, 2005 Conditional Transfer Order. In light of the number of cases presenting issues similar to this action and the need for judicial consistency with respect to those cases, this court finds that the interest of judicial economy favors staying this action pending its transfer to MDL Proceeding No. 1657.

Upon entry of this order, further proceedings in this action shall be STAYED pending transfer of the action to MDL Proceeding No. 1657 before Judge Fallon in the Eastern District of Louisiana.

______IT IS SO ORDERED.

Date: October 3, 2005__________________

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

United States District Court
For the Northern District of California

# EXHIBIT "13"

Michael K. Brown (CSBN 104252)
Thomas J. Yoo (CSBN 175118)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

Steven J. Boranian (CSBN 174183)
Kevin M. Hara (CSBN 221604)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Attorneys for Defendant
Merck & Co., Inc

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KATHY EDMONDS, individually and as representative of the ESTATE OF JOHNNY LEE EDMONDS; JONATHAN EDMONDS by and through his guardian *ad litem* KATHY EDMONDS; JOSHUA EDMONDS, by and through his guardian *ad litem* KATHY EDMONDS; and JENNIFER EDMONDS

Plaintiffs,

vs.

MERCK & CO., INC., a corporation, MCKESSON CORPORATION, and DOES 1 through 100 inclusive,

Defendants.

No.: CV-05-02349 (MHP)

**[PROPOSED] ORDER GRANTING DEFENDANT MERCK & CO., INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING THE TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Hearing Date: August 15, 2005
Time: 2:00 p.m.
Compl. Filed: April 22, 2005
Trial Date: None set

Honorable Marilyn Hall Patel

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant Merck & Co., Inc.'s Motion For A Stay Of All Proceedings Pending The Transfer Decision By The Judicial Panel On Multidistrict Litigation was heard by this Court on August 15, 2005.

Having reviewed the papers and heard from counsel,

IT IS HEREBY ORDERED that Defendant Merck & Co., Inc.'s Motion For A Stay Of All Proceedings Pending The Transfer Decision By The Judicial Panel On Multidistrict Litigation is GRANTED.

DATED: August 15, 2005

s/Marilyn Hall Patel

Honorable Marilyn Hall Patel

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 1 -

DECLARATION OF R. EUNA KIM IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S MOTION TO STAY

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, #2100, Los Angeles, California 90067.

On December 14, 2006, I served the foregoing document(s) described as **DECLARATION OF JEFFREY M. TANZER IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S MOTION TO STAY PROCEEDINGS** on the interested parties in this action addressed as follows:

SEE ATTACHED SERVICE LIST

☒ By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☐ **BY PERSONAL SERVICE (CCP §1011)**: I delivered such envelope(s) by hand to the addressee(s) as stated above.

☒ **BY MAIL (CCP §1013(a)&(b))**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY (CCP §1013(c)&(d))**: I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

Executed on December 14, 2006 at Los Angeles, California

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Carolyn Simanian

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

## ATTACHED SERVICE LIST

Hector G. Gancedo, Esq.
Amy M. Boombouwer, Esq.
GANCEDO & NIEVES LLP
144 West Colorado Boulevard
Pasadena, CA 91105
Tel: 626 685-9800
Fax: 626 685-9808

*Attorneys for Plaintiff*

Anthony G. Brazil, Esq.
Kanika D. Corley, Esq.
MORRIS POLICH & PURDY
1055 W. Seventh Street, Suite 2400
Los Angeles, CA 90017
Tel: 213 891-9100
Fax: 213 488-1178

*Attorneys for Defendant McKesson Corporation*

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

5

TANZER DECLARATION IN SUPPORT OF MOTION TO STAY PROCEEDINGS

::ODMA\PCDOCS\BA2DOCS1\307739\1