HECTOR G. GANCEDO (SBN 132139)
hgancedo@gancedonieves.com
TINA B. NIEVES (SBN 134384)
tnieves@gancedonieves.com
AMY M. BOOMHOUWER (SBN 221869)
amy@gancedonieves.com
GANCEDO & NIEVES LLP
144 W. Colorado Boulevard
Pasadena, California 91105
Telephone: (626) 685-9800
Facsimile: (626) 685-9808

Attorneys for Plaintiff Goya

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA GOYA, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>MERCK & CO., INC., a New Jersey corporation; MCKESSON CORPORATION, a Delaware corporation; Does 1-100<br><br>    Defendants | Case No. 06-CV-2574-H (AJB)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MERCK & CO., INC.'S MOTION TO STAY PROCEEDINGS**<br><br>Date: January 16, 2007<br>Time: 10:30 a.m.<br>Dept.: Courtroom 13, 5th Fl.<br>    Honorable Marilyn L. Huff |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant Merck ("Merck"), absent joinder by Defendant McKesson Corporation ("McKesson"), has moved this Court to stay proceedings based upon the argument that several other Fosamax cases have been transferred to the MDL, and as such, if a stay is not granted, Merck will be prejudiced, but Plaintiffs will not. Merck is wrong.

**II. STATEMENT OF THE CASE**

Merck removed the instant case to this Court based solely on a claim of jurisdiction due to complete diversity (28 U.S.C. § 1332). While several other cases have been

transferred, some of the transfers were opposed and no remand rulings on the merits have been made in California. Here, as the Court may be aware, Plaintiffs are challenging the transfer based upon the fact that in this case, Defendant McKesson is not a sham defendant as we have a clear ruling in the California JCCP for Vioxx, where Merck's sham joinder argument regarding McKesson was expressly denied. Now, Merck wishes to obtain a stay with no legal support, claiming only that this issue is being raised before the JPML, and therefore, this Court has no legal nor equitable right to hear the removal challenge.

Plaintiff incorporates by reference her concurrently filed Motion to Remand, and the accompanying Declaration of Amy M. Boomhouwer and Memorandum of Points and Authorities in Support thereof.

### III. ARGUMENT

**A.     The Federal Court Has No Subject Matter Jurisdiction**

In the first place, Merck must demonstrate it is entitled to the stay, irrespective of whether the JPML has made in the past, or will make in the future, any decisions regarding who is better able to decide California removal issues. For removal based on diversity, 28 U.S.C. § 1332 requires complete diversity of citizenship. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Even if the complete diversity requirement is met as between Plaintiff and Defendants, removal is not allowed where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Joinder of a resident defendant is only fraudulent if the plaintiff fails to state a cause of action against that defendant and the failure is obvious according to the settled rules of the state. McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Plaintiffs will not reargue the law as it pertains to diversity. The removing defendant has the heavy burden of alleging and proving the non-diverse party's joinder is "sham" or "fraudulent." Jernigan v. Ashland Oil Co., 989 F.2d 812, 815-816 (5th Cir. 1993); Boyer v. Snap-On Tools Corp., 913 F.2d 108 (3rd Cir. 1990).

It is apparent that Merck feels that it has met its burden just because Merck expects this case to be listed on a conditional transfer order shortly. The facts are that regardless of

what the JPML has done in other matters, we now have a clear statement of California law from Judge Chaney of the California Superior Court, that McKesson as a distributor is not a sham defendant. The factual and legal bases upon which she made her decision are the same here. Therefore, this Court is without jurisdiction and there is no need to stay the case.

### B. Merck Cannot Meet The Legal Test For Granting A Stay

When deciding whether to issue a stay, the Court must address three factors: (1) the possible damage resulting from the stay, (2) the hardship or inequity to the party required to go forward, and (3) the orderly course of justice measured in terms of simplifying or complicating the issues. CMAX, Inc. v. Hall, 300 F. 2d 265 (9th Cir. 1962). In this regard, the party seeking the stay must sufficiently demonstrate it will suffer the harms above listed. Id.

Merck argues it will be prejudiced if a stay is not granted and that plaintiff's "legitimate" interests are unaffected by a stay. The thrust of Merck's argument is that it will "substantial hardship" from Plaintiff's aggressive litigation strategy to be employed while awaiting for transfer to the MDL. Unfortunately, there is no support or evidence whatsoever for Merck's allegation or fear. Merck makes no argument that it will suffer any economic damage other than that it may be forced to begin litigating sooner than later nor does Merck cite a single example of an inconsistent ruling.

Additionally, Merck does not attempt to identify Plaintiff's "legitimate" interests, but instead argues the benefits of coordination. Unfortunately, as the law in California with respect to McKesson is clear that it may be sued as a distributor of a defective product, it is Plaintiff who will suffer substantial hardship and prejudice to all of her interests when she is unable to bring her California claims in a California Court as she is entitled to. Merck has failed to meet its burden for an order staying the proceedings.

Merck, in other Fosamax cases, has stated it wants Plaintiffs to wait for Judge Keenan to rule on remand, suggesting that he will promptly set a briefing schedule. To address this argument at the outset, Plaintiff directs the Court to a review of the docket for *In Re: Vioxx Products Liability Litigation*, MDL Docket 1657 (U.S.D.C. E.D. LA), which indicates that

- 3 -   Opposition to Merck's Motion to Stay Proceedings

1 | for over a year and a half no decision on any pending remand motions has been made and
2 | there is no indication it will be decided in the near future. This is an example of why Merck
3 | wants the stay and Plaintiffs do not, as only Merck benefits by delay.

There is also no indication when the case will be raised in the JPML. Merck states that it gave tag-along notice on December 6, 2006 but a conditional transfer order has not yet issued. Plaintiff intends to oppose transfer with the JPML and therefore fears a sizeable delay before the transfer issue is resolved one way or another.

### C. McKesson Has Not Joined The Application For Stay

It must be again noted that to date, McKesson has not joined in the removal fray. That is dispositive. Merck cannot argue for relief if McKesson has not indicated an express or implied acquiescence in the Notice of Removal, as is mandated by *28 U.S.C. § 1446(b)*. It is hard to imagine it would also be entitled to a stay if, by law, it must lose on removal.

### IV. CONCLUSION

Merck has failed to sufficiently demonstrate any of the factors required for a stay. Nonetheless, it wants this Court to stay all proceedings pending an order from the JPML. A necessary party to this Motion To Stay, McKesson is absent, and that is also fatal to a stay. The equities and the factors weigh against a stay and in favor of the timely adjudication of Plaintiff's Motion to Remand.

Dated: December 28, 2006        By: _____
Hector G. Gancedo (SBN 132139)
Tina B. Nieves (SBN 134384)
Amy M. Boomhouwer (SBN 221869)
GANCEDO & NIEVES LLP
144 W. Colorado Boulevard
Pasadena, CA 91105
(626) 685-9800
(626) 685-9808 Facsimile

Attorneys for Plaintiff Goya

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MERCK & CO., INC.'S MOTION TO STAY PROCEEDINGS**

I hereby certify that on December 29, 2006, a copy of the foregoing was mailed by United States Postal Service to the following:

Douglas Emhoff
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067

Anthony G. Brazil
Morris, Polich & Purdy
1055 W. Seventh Street, Suite 2400
Los Angeles, CA 90017

*(signature)*
Rosario Castellanos

1