VENABLE LLP
Douglas C. Emhoff (Cal. Bar No. 151049)
Jeffrey M. Tanzer (Cal. Bar No. 129437)
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
E-mail: demhoff@venable.com
E-mail: jtanzer@venable.com

Attorneys for Defendant
MERCK & CO., INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA GOYA, an individual<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., a Corporation; McKESSON CORPORATION, a Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.: 06-CV-2574 H (AJB)<br><br>**DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS**<br><br>Hearing<br>Date: Jan. 16, 2007<br>Time: 10:30 a.m.<br>Dept.: Courtroom 13, 5th Fl.<br>Honorable Marilyn L. Huff |

Defendant Merck & Co., Inc. ("Merck"), by counsel, files this Reply Memorandum in support of Merck's Motion to Stay these proceedings until after the Judicial Panel on Multidistrict Litigation (the "MDL Panel") resolves the question of whether this action should be transferred to *In re Fosamax Prods. Liab. Litig.*, MDL No.1789 (the "Fosamax® MDL proceedings"). In opposing Merck's Motion, the Plaintiff (a) attempts to argue the merits of her Motion to Remand, which raises the same issues presented in other Fosamax cases, and (b) contends that there would be no judicial economy to granting a stay in this case, despite the numerous, similar pending cases in other jurisdictions that have been or will be transferred to the Fosamax MDL.

Neither of the Plaintiff's contentions provide any basis to deny the brief stay requested by Merck.

### A. The MDL Panel Will Address Whether This Action Is Most Efficiently Resolved As Part Of The MDL Proceedings.

The Plaintiff, in her opposition, ignores the key purpose for Merck's Motion to Stay. Under 28 U.S.C. § 1407(b), the MDL Panel is specifically charged with determining the most efficient manner in which cases such as this should be addressed. On December 27, 2006, the MDL Panel issued a Conditional Transfer Order providing for the transfer of this case to the Fosamax MDL proceedings. *See* Conditional Transfer Order No. 11, filed 12/27/2006 in *In re Fosamax Prods. Liab. Litig.*, MDL No. 1789 (J.P.M.L.), attached as Exhibit 1 to the Declaration of Jeffrey M. Tanzer In Support of Reply Memorandum (hereinafter "Tanzer Reply Declaration"). The Plaintiff has expressly stated her intention to oppose the transfer of this case, under the MDL Panel's procedures. That opposition is due on or before January 11, and it will place the issues of efficiency and economy squarely before the MDL Panel for decision. Upon hearing the Plaintiff's arguments, the MDL Panel will determine the most efficient disposition of this case, as § 1407(b) requires and after considering the similarity between the issues raised in this case and those raised in other Fosamax cases. Merck simply asks that proceedings in this Court be stayed for a brief time, while the MDL Panel resolves the issues before it.

### B. Similar Cases Have Already Been Stayed In The Central District Of California, And The Propriety Of Joining McKesson As A Defendant In These Cases Will Be Resolved As Part Of The Fosamax MDL Proceedings.

This Court should stay this case for the same reasons adopted by the United States District Court for the Central District of California, which recently stayed two Fosamax cases nearly identical to this one. *See* Order filed December 6, 2006 in *Morris, et al. v. Merck & Co., Inc., et al.*, No. CV 06-5587 FMC (PJWx) (C.D. Cal.)

2

(Ex. 2 to Tanzer Reply Decl.) (hereinafter "*Morris* Stay Order); Order filed December 7, 2006 in *Clayton v. Merck & Co., Inc., et al.*, No. CV 06-6398 FMC (PJWx) (C.D. Cal.) (Ex. 3 to Tanzer Reply Decl.). In each of those cases, plaintiffs filed state court suits against McKesson and Merck, in which the plaintiffs alleged injury from use of Fosamax. After Merck removed the cases and moved to stay them, the plaintiffs filed motions to remand in the Central District of California, filed motions with the MDL panel to vacate the applicable conditional transfer orders, and opposed a stay of the Central District proceedings on the grounds that removal had been "improper." Judge Florence-Marie Cooper rejected the plaintiffs' contentions in both cases, finding that "[g]iven the similarity of this litigation to other recent pharmaceutical products liability litigation, the Court finds that there are likely to be many more cases (in this district or otherwise) which present the precise question of the propriety of joinder of Defendant McKesson and/or other 'distributor' defendants." *Morris* Stay Order, at 3 (Ex. 2 to Tanzer Reply Decl.). In each case, the Court granted Merck's Motion to Stay and dismissed the plaintiffs' Motions to Remand without prejudice. *See* Tanzer Reply Decl., Exs. 2 & 3. Those cases have been stayed until the MDL Panel determines whether they should be transferred to the Fosamax MDL proceedings.

There is ample basis for the MDL Panel to conclude that these issues should be addressed in a coordinated fashion. The issue of whether McKesson is a proper defendant has been raised in this Court, in the Central District (as discussed above), and in the United States District Court for the Northern District of California. *See* Notice of Removal filed 11/06/2006 in *Bogard, et al., v. Merck & Co., Inc., et al.*, No. 3:06-CV-06917 SC (N.D. Cal.) (Ex. 4 to Tanzer Reply Decl.). One case improperly naming McKesson as a defendant has already been transferred to the MDL Proceedings. Conditional Transfer Order No. 10 has become final and it provides for the transfer of *Valiente v. Merck & Co., Inc., et. al.* from the Central District of California to the Fosamax MDL proceedings. *See* Conditional Transfer Order No. 10, filed 12/4/2006 in *In re Fosamax Prods. Liab. Litig.*, MDL No. 1789 (J.P.M.L.) (Tanzer Reply Decl., Ex.

3

5). The *Valiente* case raises the same questions as to whether McKesson is a proper party that are at issue here and in the other Fosamax cases cited above. *See* Notice of Removal filed 11/2/2006 in *Valiente v. Merck & Co., Inc., et al.*, CV 06-7027 FMC (PLAx) (Ex. 6 to Tanzer Reply Decl.). The plaintiffs in *Valiente* did not object to Conditional Transfer Order No. 10 before December 19, and that order is now final as to *Valiente*. Tanzer Reply Decl. ¶ 7. Thus, the question of whether McKesson is a proper party will necessarily be addressed as part of the Fosamax MDL Proceedings.

### C. The Fact That Plaintiff Has Moved To Remand Does Not Provide Any Basis To Deny The Stay Requested By Merck.

In opposing the brief stay requested by Merck, the Plaintiff relies heavily on the fact that she has filed a Motion to Remand in this case. The Motion to Remand has no merit, as Merck will demonstrate at the appropriate time.[1] Even if there were merit to the Plaintiff's claims, however, the pendency of her motion does not provide any reason to deny the stay that Merck requests, particularly where the same issues have been raised in other Fosamax cases. As the MDL Panel itself has repeatedly concluded, "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings." *In re Vioxx Products Liab. Litig.*, 360 F. Supp. 2d 1352 (Jud. Pan. Mult. Lit. 2005). In Merck's Motion to Stay, Merck cites numerous cases, including cases from this district, in which cases were stayed until the MDL Panel decided whether to transfer that case to MDL proceedings, despite the fact that the plaintiffs had filed motions to remand. *See* Merck's Mot. to Stay & Mem. in

---

[1] Merck's brief in opposition to the Plaintiff's Motion to Remand is not yet due. In opposing the Plaintiff's Motion to Remand, whether now or as part of the Fosamax MDL proceedings, Merck will demonstrate, among other things, that the Plaintiff has presented no allegations of fact that relate to McKesson in any way. Specifically, the Plaintiff does not allege (and has no basis to allege) that McKesson distributed the Fosamax that the Plaintiff allegedly took, or that there was any contact between McKesson and the Plaintiff or her physician, or that any act or omission by McKesson caused any of Plaintiff's alleged injuries. The California state trial court decision cited on pages 2 and 3 of the Plaintiff's opposition memorandum does not address these issues, and it does not address fraudulent joinder under the governing federal standards.

4

Support, at 6-8; *In re Vioxx Product Liability Cases, et al.,* Civ. No. 05-0943 DMS (LSP) (S.D. Cal. July 11, 2006) (attached as Exhibit 11 to the Declaration of Jeffrey M. Tanzer filed in support of the Motion to Stay); *Stempien v. Eli Lilly & Co., et al.,* No. C 06-1811 TEH, 2006 W.L. 1214836 (N.D. Cal. May 4, 2006) (staying claims against drug manufacturer Eli Lilly and McKesson, pending transfer to MDL, and vacating plaintiffs' motion to remand). It is wholly appropriate for the transferee court to address any remand questions, which it can address in a consistent manner that "provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Conroy v. Fresh Del Monte Produce, Inc.,* 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

Plaintiff has not shown that she would suffer any prejudice from a brief stay of this case, while the MDL Panel resolves whether this case should be transferred. To the extent that Plaintiff contends that she would be prejudiced by any *transfer*, she is free to make such arguments to the MDL Panel, which will weigh such arguments when considering the merits of a transfer under § 1407. The brief stay requested here will not prejudice the Plaintiff in the least. Merck, however, would suffer significant prejudice were it required to relitigate the same issues in numerous courts, as would be required if this and other courts were to proceed without regard to the pending consolidated Fosamax litigation.

### D. There Is No Need For McKesson To Join In Or Consent To Removal Of This Case.

Finally, the Plaintiff contends that removal was improper because McKesson has not "indicated an express or implied acquiescence in the Notice of Removal." *See* Plf's Opposition Mem. at 4. This contention has no basis. A co-defendant who is fraudulently joined, like McKesson, need not consent to or join in removal. *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (fraudulently joined defendants need not consent to removal petition); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986) (co-defendants who are fraudulently joined need not

5

join in a removal); *see also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993) (same); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) (same). As Merck will demonstrate at the appropriate time in opposing remand, McKesson is not properly joined in this action and its consent to removal is unnecessary.

That said, McKesson has certainly not objected to removal, and McKesson joins in Merck's request that this action be stayed, as stated in McKesson's separate filing.

For all of these reasons, and those set forth in Merck's Motion and supporting memorandum, this Court should stay all proceedings in this matter until the MDL Panel determines whether to transfer this action to the Fosamax MDL Proceedings.

Dated: January 3, 2007

>                VENABLE LLP
>                DOUGLAS C. EMHOFF
>                JEFFREY M. TANZER
>
>
>                By /s/ Jeffrey M. Tanzer
>                   Jeffrey M. Tanzer
>                   Attorneys for Defendant
>                   Merck & Co., Inc.

6

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, #2100, Los Angeles, California 90067.

On January 3, 2007, I served the foregoing document(s) described as **DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS** on the interested parties in this action addressed as follows:

SEE ATTACHED SERVICE LIST

☒ By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☐ **BY PERSONAL SERVICE (CCP §1011):** I delivered such envelope(s) by hand to the addressee(s) as stated above.

☒ **BY MAIL (CCP §1013(a)&(b)):** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY (CCP §1013(c)&(d)):** I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

Executed on January 3, 2007 at Los Angeles, California

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Carolyn Simanian

## ATTACHED SERVICE LIST

| | |
|---|---|
| Hector G. Gancedo, Esq.<br>Amy M. Boombouwer, Esq.<br>GANCEDO & NIEVES LLP<br>144 West Colorado Boulevard<br>Pasadena, CA 91105<br>Tel: 626 685-9800<br>Fax: 626 685-9808 | *Attorneys for Plaintiff* |
| Anthony G. Brazil, Esq.<br>Kanika D. Corley, Esq.<br>MORRIS POLICH & PURDY<br>1055 W. Seventh Street, Suite 2400<br>Los Angeles, CA 90017<br>Tel: 213 891-9100<br>Fax: 213 488-1178 | *Attorneys for Defendant McKesson Corporation* |

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900