1  VENABLE LLP
2  Douglas C. Emhoff (Cal. Bar No. 151049)
   Jeffrey M. Tanzer (Cal. Bar No. 129437)
   2049 Century Park East, Suite 2100
3  Los Angeles, California 90067
   Telephone:  (310) 229-9900
4  Facsimile:   (310) 229-9901
   E-mail:  demhoff@venable.com
5  E-mail:  jtanzer@venable.com

6  Attorneys for Defendant
   MERCK & CO., INC.

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  EDNA GOYA, an individual          CASE NO.:  06-CV-2574 H (AJB)

12              Plaintiff,            **DECLARATION OF JEFFREY M.
                                      TANZER IN SUPPORT OF
13  v.                                DEFENDANT MERCK & CO.,
                                      INC.'S REPLY MEMORANDUM IN
14  MERCK & CO., INC., a Corporation; SUPPORT OF MOTION TO STAY
    McKESSON CORPORATION, a           PROCEEDINGS**
15  Corporation; and DOES 1-100, inclusive,

16              Defendants.           Hearing
                                      Date:     Jan. 16, 2007
17                                    Time:     10:30 a.m.
                                      Dept.:    Courtroom 13, 5th Fl.
18                                              Honorable Marilyn L. Huff

19

20      I, Jeffrey M. Tanzer, declare as follows:

21      1.    I am an attorney at law duly authorized to practice before the courts of the

22  State of California, and before this Court.  I am of counsel to the law firm of Venable

23  LLP, attorneys of record for Merck & Co., Inc. ("Merck").  I have personal knowledge

24  of the facts stated herein and, if called to testify as a witness, I could and would testify

25  competently thereto.

26      2.    Attached hereto at Exhibit 1 is a true and authentic copy of Conditional

27  Transfer Order No. 11, filed 12/27/2006 in *In re Fosamax Prods. Liab. Litig.*, MDL

28  No.1789 (J.P.M.L.).

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

3.    Attached hereto at Exhibit 2 is a true and authentic copy of an Order filed 12/6/2006 in *Morris, et al. v. Merck & Co., Inc., et al.*, No. CV 06-5587 FMC (PJWx) (C.D. Cal.).

4.    Attached hereto at Exhibit 3 is a true and authentic copy of an Order filed 12/7/2006 in *Clayton v. Merck & Co., Inc., et al.*, No. CV 06-6398 FMC (PJWx) (C.D. Cal.).

5.    Attached hereto at Exhibit 4 is a true and authentic copy of a Notice of Removal filed 11/06/2006 in *Bogard, et al., v. Merck & Co., Inc., et al.*, No. 3:06-CV-06917 SC (N.D. Cal.).

6.    Attached hereto at Exhibit 5 is a true and authentic copy of Conditional Transfer Order No. 10, filed 12/4/2006 in *In re Fosamax Prods. Liab. Litig.*, MDL No.1789 (J.P.M.L.).

7.    Attached hereto at Exhibit 6 is a true and authentic copy of a Notice of Removal filed 11/2/2006 in *Valiente v. Merck & Co., Inc., et al.*, CV 06-7027 FMC (PLAx).  The Clerk of the MDL Panel has informed counsel for Merck (1) that the plaintiffs in *Valiente v. Merck & Co., Inc.* did not file an objection to Conditional Transfer Order No. 10, attached hereto as Exhibit 5, and (2) that the Clerk of the MDL Panel is now taking, or has taken, the administrative steps to transfer *Valiente* to the Fosamax MDL Proceedings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on January 3 , 2007, at Los Angeles, California.

Jeffrey M. Tanzer

# EXHIBIT "1"

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

December 27, 2006

TO INVOLVED COUNSEL

Re: MDL-1789 -- In re Fosamax Products Liability Litigation

(See Attached CTO-11)



RECEIVED
DEC 2 9 2006
VBH - TOWSON

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: <u>January 11, 2007</u> (4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel <u>Rules</u> before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _Dana L. Stewart_
Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 27 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 1789

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE FOSAMAX PRODUCTS LIABILITY LITIGATION

*Marilyn E. Hammond v. Merck & Co., Inc.*, C.D. California, C.A. No. 2:06-7343
*Nancy Ferraro, et al. v. Merck & Co., Inc., et al.*, C.D. California, C.A. No. 2:06-7733
*Edna Goya v. Merck & Co., Inc., et al.*, S.D. California, C.A. No. 3:06-2574

### CONDITIONAL TRANSFER ORDER (CTO-11)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 444 F.Supp.2d 1347 (J.P.M.L. 2006). Since that time, 30 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**INVOLVED COUNSEL LIST (CTO-11)**
**DOCKET NO. 1789**
**IN RE FOSAMAX PRODUCTS LIABILITY LITIGATION**

Robert F. Clarke
Phillips & Associates
3030 North Third Street
Suite 1100
Phoenix, AZ 85012

Kanika D. Corley
Morris, Polich & Purdy, LLP
1055 West 7th Street
Suite 2400
Los Angeles, CA 90017-2550

Douglas C. Emhoff
Venable
2049 Century Park East
21st Floor
Los Angeles, CA 90067

Tina B. Nieves
Gancedo & Nieves, LLP
144 West Colorado Blvd.
Pasadena, CA 91105

Carlos A. Prietto, III
Robinson Calcagnie & Robinson
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660

Jeffrey Marc Tanzer
Loeb & Loeb
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA 90067

**EXHIBIT "2"**



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| EDWARD A. MORRIS and RUTH P. MORRIS, husband and wife; HELEN F. TRACY, a single woman; JUDY C. PENN and BUDDY W. PENN, wife and husband, | CV 06-5587 FMC (PJWx) |
|---|---|
| | ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO REMAND |

Plaintiffs,

vs.

MERCK & CO., INC., a New Jersey Corporation; McKESSON CORPORATION, a Delaware corporation; DOES 1-50

Defendants.



This matter is before the Court on Plaintiffs' Motion to Remand to State Court (docket no. 18), and Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 23), filed on October 26, 2006 and November 6, 2006, respectively. The Court has considered the moving, opposition and reply documents submitted in connection with the motions. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearing set for December 11, 2006, is

1   removed from the Court's calendar.  For the reasons and in the manner set forth

2   below, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiffs'

3   Motion to Remand without prejudice to the filing of a renewed motion in the

4   event that the Judicial Panel on Multidistrict Litigation ("JPML") does not

5   transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax*

6   *Prods. Liab. Litig.*

7                **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

8            Plaintiffs Edward A. Morris, Helen F. Tracy and Judy C. Penn took the

9   prescription drug Fosamax, which is manufactured and sold by Defendant Merck

10  & Co., Inc. ("Merck") and distributed by Defendant McKesson Corporation

11  ("McKesson").  Plaintiffs filed their Complaint in the Superior Court for the

12  State of California, County of Los Angeles, on August 16, 2006.  Plaintiffs

13  allege, *inter alia*, that Defendants misrepresented (affirmatively and through a

14  failure to warn) that Fosamax was a safe and effective treatment for osteoporosis,

15  Paget's Disease and other conditions.  Plaintiffs further allege that, as a

16  proximate result of injesting Fosamax, they have been permanently and severely

17  injured.  Co-Plaintiffs Ruth P. Morris and Buddy W. Penn are bringing separate

18  claims for loss of consortium.

19          On September 6, 2006, Defendant Merck removed the action to this Court

20  on the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant

21  McKesson, a California citizen, is fraudulently joined.  In their motion to

22  remand, Plaintiffs argue that joinder was proper.   In its Opposition to the motion

23  and in its separate Motion for Stay, Merck maintains that resolution of the

24  question of the propriety of Plaintiffs' joinder of McKesson should be deferred

25  pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods.*

26  *Liab. Litig,*, and that all other proceedings in this action should be stayed until

27

2

1  such time.[1]  McKesson joins in Merck's Opposition to the motion to remand and

2  the Motion to Stay in all respects.

3                              **STANDARD OF LAW**

4         "A trial court may, with propriety, find it is efficient for its own docket and

5  the fairest course for the parties to enter a stay of an action before it, pending

6  resolution of independent proceedings which bear upon the case." *Leyva v.*

7  *Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also*

8  *Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163

9  (1936) ("[T]he power to stay proceedings is incidental to the power inherent in

10  every court to control the disposition of the causes on its docket with economy of

11  time and effort for itself, for counsel, and for litigants.").

12                                **DISCUSSION**

13         A stay of all proceedings until such time as the JPML renders its final

14  decision regarding transfer is in the interest of judicial economy.  A steady

15  succession of cases involving the drug Fosamax are being filed in this district

16  and other districts throughout the country and are awaiting transfer to the MDL

17  proceedings.[2]  Given the similarity of this litigation to other recent

18  pharmaceutical products liability litigation, the Court finds that there are likely to

19  be many more cases (in this district or otherwise) which present the precise

20  question of the propriety of joinder of Defendant McKesson and/or other

21

22

---

23  [1]Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict
   Litigation, the JMPL issued a Conditional Transfer Order on September 22, 2006.  Plaintiffs'
24  Motion to Vacate that Order is currently pending.  *See* Request for Judicial Notice in Support of
   Merck & Co., Inc.'s Motion to Stay Proceedings, Exhibits 1-2.

25       [2] According to the JPML website, there are now 58 actions pending in MDL No. 1789, *In Re:*
26  *Fosamax Prods. Liab. Litig.*  *See* http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.
   html (follow "Distribution of Pending MDL Dockets").
27

3

1  "distributor" defendants.[3]   Consideration of Plaintiffs' remand motion by this

2  Court at this juncture would therefore run the risk of inconsistent rulings between

3  different judges in different districts and/or would constitute an inefficient use of

4  judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 28408

5  *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs' motion to

6  relate all Zyprexa cases naming McKesson Corporation in this district, judges in

7  other California districts would nonetheless have to decide the issue, thus

8  resulting in unnecessarily duplicative litigation, an inefficient use of judicial

9  resources, and the risk of inconsistent results.").

## CONCLUSION

11  Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay

12  Proceedings (docket no. 23) is GRANTED.  Proceedings in this case are

13  STAYED until issuance of a final decision by the JPML regarding transfer or for

14  sixty (60) days, whichever is earlier.

15  Plaintiffs' Motion to Remand (docket no. 18) is DENIED without

16  prejudice to the filing of a renewed motion if transfer is denied.

18  IT IS SO ORDERED.

19  December 6, 2006

*Florence Marie Cooper*

20  FLORENCE MARIE COOPER, JUDGE

21  UNITED STATES DISTRICT COURT

---

23  [3]As Defendants point out, two Fosamax cases which name both Merck and McKesson as Defendants were recently removed (by Merck) to the district courts for the Northern and Southern

24  Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s Reply Memorandum in Support of Motion to Stay Proceedings, Exhibits 1-2.  The Court takes

25  judicial notice of the fact that Merck is raising the same issues of fraudulent joinder those cases and has filed a similar motion to stay proceedings pending possible transfer to the MDL action in the

26  Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria Citizens*

27  *Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

4

**EXHIBIT "3"**



FILED
CLERK, U S DISTRICT COURT

DEC − 7 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10  ANNE E. CLAYTON,               )    CV 06-6398 FMC (PJWx)
                                   )
11                                 )    ORDER GRANTING DEFENDANT'S
               Plaintiff,          )    MOTION TO STAY AND DENYING
12                                 )    PLAINTIFF'S MOTION TO REMAND
    vs.                            )
13                                 )
    MERCK & CO., INC., a New Jersey )
14  Corporation; McKESSON          )
    CORPORATION, a Delaware        )
15  corporation; DOES 1-50         )
                                   )
16             Defendants.         )
                                   )
17  _____ )



DOCKETED ON CM

Ventered

DEC − 7 2006

BY                              085

18

19       This matter is before the Court on Plaintiff's Motion to Remand to State

20  Court (docket no. 10), and Defendant Merck & Co., Inc.'s Motion to Stay

21  Proceedings (docket no. 12), filed on November 3, 2006 and November 8, 2006,

22  respectively. The Court has considered the moving, opposition and reply

23  documents submitted in connection with the motions.  The Court deems this

24  matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78,

25  Local Rule 7-15. Accordingly, the hearing set for December 11, 2006, is

26  removed from the Court's calendar. For the reasons and in the manner set forth

27  below, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiff's

1    Motion to Remand without prejudice to the filing of a renewed motion in the

2    event that the Judicial Panel on Multidistrict Litigation ("JPML") does not

3    transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax*

4    *Prods. Liab. Litig.*

5             **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

6         Plaintiff, Anne E. Clayton, took the prescription drug Fosamax, which is

7    manufactured and sold by Defendant Merck & Co., Inc. ("Merck") and

8    distributed by Defendant McKesson Corporation ("McKesson"). Plaintiff filed

9    her Complaint in the Superior Court for the State of California, County of Los

10    Angeles, on September 28, 2006. Plaintiff alleges, *inter alia,* that Defendants

11    misrepresented (affirmatively and through a failure to warn) that Fosamax was a

12    safe and effective treatment for osteoporosis, Paget's Disease and other

13    conditions. Plaintiff further alleges that, as a proximate result of injesting

14    Fosamax, she has been permanently and severely injured.

15         On October 6, 2006, Defendant Merck removed the action to this Court on

16    the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson,

17    a California citizen, is fraudulently joined. In her motion to remand, Plaintiff

18    argues that joinder was proper. In its Opposition to the motion and in its

19    separate Motion for Stay, Merck maintains that resolution of the question of the

20    propriety of Plaintiff's joinder of McKesson should be deferred pending transfer

21    of this action to the MDL proceedings in *In Re Fosamax Prods. Liab. Litig.*, and

22    that all other proceedings in this action should be stayed until such time.[1]

23    McKesson joins in Merck's Opposition to the motion to remand and the Motion

24

25         [1]Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict

     Litigation, the JMPL issued a Conditional Transfer Order on November 2, 2006. Plaintiff's Motion

26    to Vacate that Order is currently pending. *See* Request for Judicial Notice in Support of Merck &

     Co., Inc.'s Opposition to Plaintiff's Motion to Remand, Exhibits 1-2.

27

2

1  to Stay in all respects.

2                          **STANDARD OF LAW**

3       "A trial court may, with propriety, find it is efficient for its own docket and

4  the fairest course for the parties to enter a stay of an action before it, pending

5  resolution of independent proceedings which bear upon the case." *Leyva v.*

6  *Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also*

7  *Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163

8  (1936) ("[T]he power to stay proceedings is incidental to the power inherent in

9  every court to control the disposition of the causes on its docket with economy of

10  time and effort for itself, for counsel, and for litigants.").

11                          **DISCUSSION**

12       A stay of all proceedings until such time as the JPML renders its final

13  decision regarding transfer is in the interest of judicial economy.   A steady

14  succession of cases involving the drug Fosamax are being filed in this district

15  and other districts throughout the country and are awaiting transfer to the MDL

16  proceedings.[2]  Given the similarity of this litigation to other recent

17  pharmaceutical products liability litigation, the Court finds that there are likely to

18  be many more cases (in this district or otherwise) which present the precise

19  question of the propriety of joinder of Defendant McKesson and/or other

20  "distributor" defendants.[3]  Consideration of Plaintiff's remand motion by this

21

22       [2] According to the JPML website, there are now 58 actions pending in MDL No. 1789, *In Re:*
    *Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.
23  html (follow "Distribution of Pending MDL Dockets").

24       [3] As Defendants point out, two Fosamax cases which name both Merck and McKesson as
    Defendants were recently removed (by Merck) to the district courts for the Northern and Southern
25  Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s
    Reply Memorandum in Support of Motion to Stay Proceedings, Exhibits 2-3. The Court takes
26  judicial notice of the fact that Merck is raising the same issues of fraudulent joinder in those cases
27

                                    3

1  Court at this juncture would therefore run the risk of inconsistent rulings between

2  different judges in different districts and/or would constitute an inefficient use of

3  judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS

4  28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs' motion

5  to relate all Zyprexa cases naming McKesson Corporation in this district, judges

6  in other California districts would nonetheless have to decide the issue, thus

7  resulting in unnecessarily duplicative litigation, an inefficient use of judicial

8  resources, and the risk of inconsistent results.").

9                              **CONCLUSION**

10       Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay

11  Proceedings (docket no. 12) is GRANTED.  Proceedings in this case are

12  STAYED until issuance of a final decision by the JPML regarding transfer or for

13  sixty (60) days, whichever is earlier.

14       Plaintiff's Motion to Remand (docket no. 10) is DENIED without

15  prejudice to the filing of a renewed motion if transfer is denied.

16

17  IT IS SO ORDERED.

18  December _7_, 2006

19                              FLORENCE MARIE COOPER, JUDGE

20                              UNITED STATES DISTRICT COURT

21

22

23

24  and has filed a similar motion to stay proceedings pending possible transfer to the MDL action in
    the Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria*
25  *Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice
26  of "proceedings in other courts, both within and without the federal judicial system, if those
    proceedings have a direct relation to matters at issue.").
27

                                         4

**EXHIBIT "4"**

11/06/2006 MON 16:42  FAX 415 357 0595 SPECIALIZED LEGAL SERV.                    @007/009

Fax sent by :                                              11-06-06 14:52    Pg: 12/79

ORIGINAL
FILE

NOV - 6 2006

RICHARD W.
CLERK, U.S.
NORTHERN DISTRICT OF CALIFORNIA

1  VENABLE LLP
   Douglas C. Emhoff (Cal. Bar No. 151049)
2  Jeffrey M. Tanzer (Cal. Bar No. 129437)
   2049 Century Park East, Suite 2100
3  Los Angeles, California 90067
   Telephone: (310) 229-9900
4  Facsimile: (310) 229-9901
   E-mail: dcemhoff@venable.com
5
   Attorneys for Defendant
6  MERCK & CO., INC.                    **E-Filing**

7

8            UNITED STATES DISTRICT COURT FOR THE

9            NORTHERN DISTRICT OF CALIFORNIA,

10           SAN FRANCISCO DIVISION

11  JENNIFER BOGARD and ROBERT       CASE NO.
    BOGARD,
12                                    **C 06 6917**
              Plaintiffs,
13                                    DEFENDANT MERCK & CO., INC.'S
    vs.                               NOTICE OF REMOVAL OF ACTION
14                                    UNDER 28 U.S.C. § 1441(B)
    MERCK & CO., INC., a New Jersey
15  Corporation; McKESSON
    CORPORATION, a Delaware
16  corporation; DOES 1-50, inclusive,

17            Defendants.

18

19      PLEASE TAKE NOTICE that Defendant Merck & Co., Inc. ("Merck") hereby

20  removes this action pursuant to 28 U.S.C. § 1441 from the Superior Court for the State

21  of California for the County of San Francisco to the United States District Court for the

22  Northern District of California, and respectfully states to the Court the following:

23      1.    This action involves allegations regarding the prescription medication

24  FOSAMAX®. On August 16, 2006, the Judicial Panel on Multidistrict Litigation

25  ("MDL Panel") issued an order pursuant to its authority under 28 U.S.C. § 1407, in

26  which the MDL Panel created MDL No. 1789 and transferred 18 FOSAMAX®

27  products liability cases to the United States District Court for the Southern District of

28

                                         1
                        NOTICE OF REMOVAL OF ACTION

1   New York (Keenan, J.) for coordinated pretrial proceedings. *In re Fosamax Prods.*
2   *Liab. Litig.*, 444 F. Supp. 2d 1347 (J.P.M.L. 2006). As of this date, the MDL Panel has
3   issued at least seven Conditional Transfer Orders requiring the transfer of at least 26
4   actions to MDL 1789. Merck will seek the transfer of this action to MDL-1789, and
5   will this week provide the MDL Panel notice of this action pursuant to the "tag-along"
6   procedure contained in the MDL Rules.

7       2.    On November 1, 2006, Plaintiffs Jennifer Bogard and Robert Bogard
8   (collectively "Plaintiffs") commenced this action entitled *Bogard, et al. v. Merck & Co.,*
9   *Inc., et al.*, Case No.: 06-457539, against Merck in the Superior Court of the State of
10  California for the County of San Francisco.

11      3.    For the reasons set forth in more detail below, this Court should assume
12  jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this matter is a civil
13  action in which the amount in controversy exceeds the sum of $75,000, exclusive of
14  costs and interest, and is between citizens of different states. Plaintiffs are citizens and
15  residents of the State of Texas. Merck is a resident of the State of New Jersey, as it is
16  incorporated in the State of New Jersey and has its principal place of business there.
17  Upon information and belief, McKesson Corporation ("McKesson") is a Delaware
18  corporation with its principal place of business in San Francisco, California.

19      4.    At the time of the filing of this removal, upon information and belief,
20  McKesson has not yet been served in this action.

21      5.    As more fully set forth below, this case is properly removed to this Court
22  because Plaintiffs have fraudulently joined McKesson as a party. Therefore, there is
23  complete diversity of citizenship between the parties and no party properly joined is a
24  citizen of California. Alternatively, even if the Court disagrees that McKesson has been
25  fraudulently joined, removal is proper pursuant to § 1441(b) because none of the
26  defendants properly joined *and served* is a citizen of California.

## I.    MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

6.    Plaintiffs filed their Complaint in the Superior Court for the State of California for the County of San Francisco on November 1, 2006.   This Notice of Removal has been filed less than 30 days after the filing of the Complaint, and is timely filed pursuant to 28 U.S.C. § 1446(b).

7.    No further proceedings have been had in this action.

8.    Venue is proper in this Court because it is "the district and division embracing the place where such action is pending."   *See* 28 U.S.C. § 1441(a). Therefore, this action is properly removed to the Northern District of California pursuant to 28 U.S.C. § 84(a).

9.    All properly joined and served defendants consent to this removal.   Upon information and belief, Merck states that McKesson has not been served with the summons and complaint in this case.[1]

10.    No previous application has been made for the relief requested herein.

11.    Exhibit A hereto is a copy of the Complaint.   This is the only paper received by Merck to date relating to this case. *See* 28 U.S.C. § 1446(a).

12.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and McKesson and a copy is being filed with the Clerk of the Superior Court for the State of California for the County of San Francisco.

---

[1] Moreover, it is well-settled that a co-defendant who is fraudulently joined need not consent to removal. *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (fraudulently joined defendants need not consent to removal petition); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986) (co-defendants who are fraudulently joined need not join in a removal); *See also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (same); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) (same).

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

3

NOTICE OF REMOVAL OF ACTION

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

13.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A.   The amount in controversy requirement is satisfied.

14.   It is apparent from the face of the Complaint that each Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiffs allege that "persons who were prescribed and ingested Fosamax, including Plaintiff Jennifer Bogard, have suffered and may continue to suffer severe and permanent personal injuries, including osteonecrosis of the jaw." (Complaint ¶ 14). Plaintiffs further assert that "[o]steonecrosis of the jaw "is a serious medical event and can result in severe disability and death." (Complaint ¶ 28).

15.   Plaintiffs claim that, as a result of using FOSAMAX®, Jennifer Bogard "has been permanently and severely injured," "requires and will in the future require ongoing medical care and treatment," and "has suffered mental anguish from the knowledge that she will have life-long complications as a result of the injuries sustained from the use of Fosamax." (Complaint ¶¶ 37-38). Plaintiffs further claim that Robert Bogard "has been and will continue to be deprived of consortium, comfort, protection and service," causing "grief sorrow, mental anguish, emotional distress, and pain and suffering." (Complaint ¶ 116). Plaintiffs seek compensatory damages, disgorgement, restitution, refunds, medical monitoring, loss of consortium, and exemplary and punitive damages. (Complaint, Prayer for Relief (a)-(h)).

16.   While there is not a record of prior cases that specifically involve osteonecrosis of the jaw – a fact which may be attributable to the fact that osteonecrosis of the jaw is a rare disorder and cases alleging liability against pharmaceutical manufacturers for allegedly causing the same had, prior to very recently, been non-existent – there are:

4

- numerous reported cases in which jaw or similar facial injury led to jury or court awards far in excess of $75,000. *See, e.g., Howie v. Walsh,* 609 S.E.2d 249 (N.C. App. 2005) (addressing jury award of $300,000 against dentist who fractured patient's jaw during procedure); *Becker v. Woods,* 806 N.Y.S.2d 704 (N.Y. App. Div. 2005) (affirming jury award of $840,000 in damages where dental patient suffered from permanent paresthesia); *Preston v. Dupont,* 35 P.3d 433 (Colo. 2001) (addressing jury award of more than $250,000 for damage to alveolar nerve in jaw); *Bowers v. Liuzza,* 769 So.2d 88 (La. App.), *writ. denied,* 776 So.2d 468 (La. 2000) (finding that minimum adequate damage award for nerve damage in jaw was an amount that exceeded $175,000); *Becker v. Halliday,* 554 N.W. 2d 67 (Mich. App. 1996) (jury award of $200,000 in damages, where syringe lodged in upper jaw); *Herpin v. Witherspoon,* 664 So.2d 515 (La. App. 1995) (plaintiff entitled to receive more than $75,000 as a result of temporomandibular joint (TMJ) dysfunction); *Washburn v. Holbrook,* 806 P.2d 702 (Or. App. 1991) (affirming jury finding of $400,000 in damages as a result of damage to jaw during root canal); and

- numerous prior cases that reveal that potential awards based on osteonecrosis or avascular necrosis of the hip, knee, or other joint, exceed the $75,000 jurisdictional amount. *See, e.g., Barbee v. United States,* 2005 W.L. 3336504, at *1-2 (W.D. Wis. 2006) (finding that plaintiff suffered nearly $700,000 in damages for hip injuries that included avascular necrosis); *Shaver v. United States,* 319 F.Supp. 2d 649 (M.D.N.C. 2004) (awarding more than $75,000 in damages for osteonecrosis in knee caused by automobile accident); *Piselli v. 75th Street Medical,* 808 A.2d 508 (Md. 2002) (addressing jury award of $410,000 for medical malpractice that led to avascular necrosis of the hip); *Collier v. Cawthon,* 570 S.E.2d 53 (Ga. App. 2002) (affirming jury award of $170,000 for avascular necrosis of the hip).

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

17. The Plaintiffs' claims of "permanent and severe injury" as a result of osteonecrosis, and the compensatory and punitive damages that they seek, thus far exceed this Court's minimum $75,000 jurisdictional limit.

**B.** **McKesson has been fraudulently joined and, therefore, its citizenship can be ignored for the purposes of removal.**

18. There is complete diversity between Plaintiffs and Merck.

19. Merck is now, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

20. According to the Complaint, Plaintiffs were at the time of the filing of the Complaint and are now citizens of the State of Texas. (Complaint ¶ 1).

21. The Complaint includes fictitious defendants, whose citizenship is ignored for removal purposes. 28 U.S.C. § 1441(a).

22. For the reasons set forth below, the remaining named defendant – McKesson – is fraudulently joined. Therefore, its citizenship must be ignored for the purposes of determining the propriety of removal.

23. A defendant is fraudulently joined and the defendant's presence in the lawsuit is ignored for purposes of determining diversity where no viable cause of action has been stated against the resident defendant. *See Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318-19 (9th Cir. 1998); *TPS Utilicom Services, Inc. v. AT&T Corp.,* 223 F. Supp. 2d 1089, 1100 (C.D.Cal. 2002). Stated differently, a defendant is fraudulently joined "if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." *Morris,* 236 F.3d at 1067 (citations omitted).

24. The fraudulent joinder of McKesson is obvious under well-settled state law because (i) under the law applicable to their claims, Plaintiffs cannot state a cause of

1  action against McKesson, a non-manufacturing distributor, because Texas does not

2  recognize a cause of action under the facts stated in the Complaint; (ii) even if

3  applicable state law did recognize a cause of action against a distributor, Plaintiffs have

4  failed to make sufficient allegations as to any tortious conduct on the part of McKesson

5  and have failed to allege any causal link between McKesson's distribution and their

6  alleged injuries; and (iii) there is no duty to warn by McKesson under the circumstances

7  alleged in the Complaint.

**i. McKesson Has Been Fraudulently Joined as Plaintiffs Cannot State a**

**Cause of Action Against It Under Texas Law.**

10      25.    The Plaintiffs herein are residents and citizens of the State of Texas. Upon

11  information and belief, the FOSAMAX® they ingested and their alleged injuries

12  occurred in their state of residence. (Complaint ¶ 1).

13      26.    California uses a "governmental interests" test to determine choice of law

14  questions. *Reich v. Purcell*, 67 Cal. 2d 551 (1967) (adopting the "governmental interest

15  analysis" to true choice of law conflicts, the California Supreme Court held that the

16  forum court is required to "search to find the proper law to apply based upon the

17  interests of the litigants and the involved states."); *Ryan v. Clark Equipment Co.*, 268

18  Cal. App. 2d 679 (1969) (partially overruled on other grounds by *Hurtado v. Superior

19  Court*, 11 Cal. 3d 574 (1974)). In this case, California would apply the law of the

20  plaintiff's residence to any claims filed by that resident. *Ryan*, 268 Cal. App. 2d at 683;

21  *Howe v. Diversified Builders, Inc.*, 262 Cal. App. 2d 741, 745-46 (1968) ("California

22  has no interest in extending to Nevada residents greater rights than are afforded by them

23  by the state of their domicile."); *Denham v. Farmers Ins. Co.*, 213 Cal. App. 3d 1061

24  (1065) (holding that a "true conflict" arises only if both states have an interest in having

25  their law applied, the Court concluded that Nevada law, which does not recognize third-

26  party bad faith claims, controlled).

27      27.    With respect to the claims of Plaintiffs, both residents of Texas, a

28  California court would apply the law of Texas. Texas law does not recognize a cause of

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1   action against a non-manufacturing seller of a defective product unless the Plaintiffs can

2   prove that the non-manufacturing seller had actual knowledge of a defect, actually

3   participated in product design, had control over warnings provided about the product, or

4   took other action beyond simply selling an unaltered product provided by a

5   manufacturer. Tex. Civ. Prac. & Rem. Code. § 82.003; *Garcia v. Nissan Motor Co.,*

6   *Ltd.*, No. Civ.A. M-05-59, 2006 W.L. 869944, at *2 (S.D. Tex. Mar. 30, 2006) (finding

7   seller of unaltered product to have been fraudulently joined because § 82.003 shielded

8   non-manufacturing seller from liability); *see also* Tex. Civ. Prac. & Rem. Code §

9   82.001 (defining "seller" to include those "in the business of distributing" products).

10      28.     Here, Plaintiffs allege that they "used Fosamax which had been provided

11  in a condition that was substantially the same as the condition in which it was

12  manufactured and sold" and do not make any specific allegations that McKesson knew

13  of any allegedly defective condition at the time of its distribution. (Complaint ¶ 41).

14  There are no allegations that could show that McKesson participated in product design

15  or otherwise took action within any exception to the liability exemption provided by

16  Tex. Civ. Prac. & Rem. Code § 82.003.

17      29.     Because the Plaintiffs allege in their Complaint that the FOSAMAX® they

18  ingested was in substantially the same condition as it was when it was manufactured by

19  Merck and because Plaintiffs make no specific allegation of any fault on the part of

20  McKesson, the Plaintiffs cannot state a claim against McKesson under Texas law.

21      30.     Consequently, McKesson has been fraudulently joined as a defendant.

22      **ii.  Even if the Applicable Law Recognized a Claim Against a Distributor,**

23          **Plaintiffs Do Not State a Claim Against McKesson Because Their**

24          **Complaint Lacks Any Specific Allegations Against McKesson and**

25          **Does Not Allege Any Causation.**

26      31.     Regardless of what law is applied, there is no allegation in the Complaint

27  sufficient to hold McKesson liable under any legal theory. In fact, there are no specific

28  allegations made against McKesson in the entire complaint. It is well-settled that

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

8

1  Plaintiffs cannot rely on their general allegations against "Defendants" as a substitute

2  for the specific allegations needed to state a cause of action against one of the

3  defendants. *See In re Phenylpropanolamine (PPA) Products Liab. Litig.,* MDL No.

4  1047, relating to Civ. No. C02-423R, Slip Op. at 5 (W.D. Wash. Nov. 27 2002) (Exhibit

5  B hereto). Moreover, Courts have recognized that a failure to make any material

6  allegations against a defendant is a significant indication that the joinder of that

7  defendant is fraudulent. *See, e.g., Brown v. Allstate Insur.,* 17 F. Supp. 1134, 1137

8  (S.D.Cal. 1998) (finding in-state defendants fraudulently joined where "no material

9  allegations against [the in-state defendants] were made"); *Lyons v. American Tobacco*

10  *Co.,* No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997)

11  (holding that there is "no better admission of fraudulent joinder of [the resident

12  defendants]" than the failure of the plaintiff "to set forth any specific factual

13  allegations" against them).

14       32.   The crux of the Plaintiffs' Complaint is an alleged failure to adequately

15  warn of the alleged side effects associated with the use of FOSAMAX®. Notably

16  absent from the Complaint are any specific allegations that McKesson made any

17  specific representations or warranties to Plaintiffs or Plaintiffs' prescribing physician(s),

18  or that Plaintiffs or their prescribing physician(s) relied on any such specific

19  representation or warranty by McKesson. Accordingly, Plaintiffs have failed to meet

20  the minimal pleading requirements to state a claim against McKesson. *See, e.g., Taylor*

21  *AG Industries v. Pure-Gro,* 54 F.3d 555, 558 (9th Cir. 1995) (dismissing breach of

22  express warranty claim against distributor due to plaintiff's failure to identify any

23  statements made by the distributor that were inconsistent with or went beyond either the

24  product labels or the product guide provided by the manufacturer); *see also Keith v.*

25  *Buchanan,* 173 Cal. App. 3d 13, 25 (1985) (actual reliance is an element of implied

26  warranty claim); *B.L.M. v. Savo & Deitsch,* 55 Cal.App.4th 823, 834 (1997) (to state a

27  claim of negligent misrepresentation, plaintiff must at least identify the alleged

28  misrepresentation).

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1    33.    Plaintiffs cannot cure this deficiency simply by relying on allegations
2    directed toward "defendants." *See In re PPA Prod. Liab. Litig*, MDL No. 1407, Slip
3    Op. at 5 (Exhibit B) (allegations directed toward "defendants" or "all defendants"
4    insufficient).

5    34.    The general allegation that Defendants knew of the alleged risks associated
6    with the use of FOSAMAX® are particularly deficient because the wholly conclusory
7    claims are undermined and contradicted by the more specific allegations of Merck's
8    purported concealment and misrepresentation of the same information. *See, e.g., id.* at
9    7 (allegations that "manufacturer defendants concealed material facts regarding PPA
10    through product packaging, labeling, advertising, promotional campaigns and materials,
11    and other methods... directly undermines and contradicts the idea that [the resident
12    retail defendant] had knowledge or reason to know of alleged defects"). The allegations
13    of Merck's purported concealment and misrepresentation of the alleged risks of
14    FOSAMAX® belie any inference that McKesson, a wholesale distributor, had
15    knowledge of that which was allegedly concealed.

16    35.    Plaintiffs various claims against McKesson include claims for negligence,
17    strict liability, and breach of express and implied warranty. It is axiomatic that in order
18    to sustain any such claims, Plaintiffs need to prove that some action on the part of the
19    defendant *caused* Plaintiffs' alleged injuries. *See Lujan v. Defenders of Wildlife*, 504
20    U.S. 555, 560 (1992) (to state a claim against a defendant, a plaintiff must allege a
21    causal connection between the injury and the conduct of the defendant); *Aronis v.*
22    *Merck & Co., Inc.*, Civ. No. S-05-0486, 2006 WL 2161731, at *1 (E.D.Cal. May 5,
23    2005); *Cox v. Depuy Motech, Inc.*, Civ. No. 95-CV-3848-L(JA), 2000 WL 1160486, at
24    *5 (S.D. Cal. 2000) (causation is an essential element of strict liability and negligence
25    claims).

26    36.    Plaintiffs' complaint is completely devoid of any allegation that the
27    FOSAMAX® they received in Texas was, in fact, distributed by McKesson. The only
28    paragraph which even mentions McKesson by name is Paragraph 3, which merely

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1 | alleges that "McKesson was and is authorized to do business in the State of California
2 | and was engaged in substantial commerce and business activity in the County of San
3 | Francisco." Plaintiffs then generally allege that "Defendants, either directly or through
4 | their agents, apparent agents, servants or employees, at all relevant times, sold and
5 | distributed FOSAMAX® in the State of California." (Complaint ¶ 7). Plaintiffs do not
6 | even allege that McKesson is responsible for distributing FOSAMAX ® in Texas, and
7 | Plaintiffs make no allegation that they ever purchased FOSAMAX® in California.

8 |     37.    Lacking any allegations of a causal connection between Plaintiffs alleged
9 | injuries and McKesson's distribution of FOSAMAX®, Plaintiffs cannot maintain their
10 | claims against McKesson. *See Aronis*, 2006 WL 2161731 at *1 (holding that because
11 | "Plaintiff makes no allegation that McKesson ever handled the specific pills that were
12 | allegedly the cause of her injuries," McKesson was fraudulently joined in the action and
13 | denying motion for remand); *see also Becraft v. Ethicon*, Civ. No. C00-1474CRB, 2000
14 | WL 1721056, at *3 (N.D.Cal. Nov. 2, 2000) (court may find that a distributor is
15 | fraudulently joined for purposes of removal unless the plaintiff can produce evidence or
16 | establish a good faith basis for believing that the product plaintiff received came from
17 | the defendant distributor).

18 |     38.    Thus, even if Plaintiffs can maintain under the applicable state law a cause
19 | of action against the distributor of the product they ingested (a proposition Merck does
20 | not concede), Plaintiffs cannot maintain an action against McKesson because they have
21 | failed to allege that McKesson engaged in any conduct that would create liability and
22 | have failed even to allege that McKesson distributed the product they allege caused
23 | them injury. It is proper for the Court to find, under these circumstances, that
24 | McKesson has been fraudulently joined.

25 |     **iii. Plaintiffs Fail to State A Claim Against McKesson Because The**
26 |     **Learned Intermediary Doctrine Serves to Bar Plaintiffs' Claims.**
27 |     39.    Even if Plaintiffs had directed specific allegations at McKesson, there
28 | remains no legal basis for such causes of action because Plaintiffs' claims are based on

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1  an alleged failure to warn and premised – for McKesson – on a non-existent duty. The

2  rationale for the "learned intermediary" doctrine is that it is the physician who is in the

3  best position to determine whether a patient should take a prescription medication and

4  that imposing a duty on others to warn patients would threaten to undermine reliance on

5  the physician's informed judgment. For this reason, courts have rejected imposing

6  liability on distributors like McKesson for failure to warn of the risk of a prescribed

7  medication. *See, e.g., Barlow v. Warner-Lambert Co.*, Case No. CV 03 1647 R (RZx),

8  Slip Op. at 2 (C.D. Cal. April 28, 2003) ("The Court finds that there is no possibility

9  that plaintiffs could prove a cause of action against McKesson, an entity which

10  distributed this FDA-approved medication [Rezulin] to pharmacists in California;"

11  motion to remand denied) (Exhibit C hereto); *Skinner v. Warner-Lambert Co.*, Case No.

12  CV 03 1643-R (RZx), Slip Op. at 2 (C.D.Cal. April 28, 2003) (same) (Exhibit D

13  hereto); *In re Baycol Prods. Litig.*, MDL No. 1431, Case No. 139, Slip Op. at 3-4

14  (D.Minn. May 24, 2002) (retail distributor of prescription drugs fraudulently joined)

15  (Exhibit E hereto); *Schaerrer v. Stewart's Plaza Pharmacy*, 79 P.3d 922, 929 (Utah

16  2003) (declining to extend duty to warn to retail distributor of prescription diet drug as

17  their "ability to distribute prescription drugs is limited by the highly restricted FDA-

18  regulated drug distribution system in this country").

19     40.    Moreover, it is undisputed that through a collaborative process, Merck and

20  the FDA prepared the information to be included with the prescription medication

21  FOSAMAX®, with the FDA having final approval of the information that could be

22  presented. Once the FDA had determined the form and content of the information, it is

23  a violation of federal law to augment the information. *See* 21 U.S.C. § 331(k)

24  (prohibiting drug manufacturers and distributors from causing the "alternation,

25  mutilation, destruction, obliteration, or removal of the whole or any part of the labeling"

26  of an FDA-approved drug held for sale); *Brown v. Superior Court*, 44 Cal. 3d 1049,

27  1069 n. 12 (FDA regulates the testing, manufacturing, and marketing of drugs,

28  including the content of their warning labels). Thus, McKesson could not change the

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

12

NOTICE OF REMOVAL OF ACTION

1   information it was given by Merck as approved by the FDA without violating federal
2   law. No duty can be found where it requires a party to violate the law to fulfill it.

3       41.    Because no duty runs from a prescription drug distributor to a consumer
4   and because a prescription drug distributor has no ability to alter the warning of a
5   prescription drug, no claim can be stated by Plaintiffs against McKesson based on an
6   alleged failure to warn.

7       **C.    The action is removable because diversity exists between all parties**
8       **and the only defendant that has been properly joined _and served_ is**
9       **not a citizen of the state in which the action is brought.**

10      42.    As an alternative ground for removal, Merck removes this case pursuant to
11  § 1441(b) on the grounds that "none of the parties in interest *properly* joined *and served*
12  as defendants is a citizen of the state in which such action is brought." 28 U.S.C. §
13  1441(b) (emphasis added).

14      43.    There is complete diversity of citizenship between all plaintiffs and all
15  defendants. *See* ¶ 3, *supra*.

16      44.    Upon information and belief, at the time of the filing of this Notice of
17  Removal, McKesson has not been served with a summons and complaint in this action.

18      45.    Relying on the plain language of 28 U.S.C. § 1441(b), removal is proper
19  because the only defendant who has been served is not a citizen of California, the state
20  in which this action was brought. *See Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F.
21  Supp. 628, 629 (N.D. Cal. 1991) ("Because [defendant] had not yet been served at the
22  time that [another defendant] filed its removal petition the language of § 1441(b)
23  mandates the finding that this case was properly removed."); *see also Stan Winston*
24  *Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 180 (S.D.N.Y 2003)
25  (construing § 1441(b), "courts have held, virtually uniformly, that where, as here,
26  [complete] diversity does exist between the parties, an unserved resident defendant may
27  be ignored in determining removability") (alteration in original) (quoting *Ott v. Consol.*
28  *Freightways Corp.*, 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002)); *McCall v. Scott*, 239

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

13

1  F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship,...
2  the inclusion of an unserved resident defendant in the action does not defeat removal
3  under  28 U.S.C. § 1441(b)."); *Test Drilling Serv., Co. v. Hanor Co.*, 322 F. Supp. 2d
4  953, 957 (C.D. Ill. 2003) ("the presence of an unserved Defendant who is a citizen of
5  the forum state does not prevent removal when complete diversity exists"); *In re*
6  *Bridgestone/Firestone, Inc.*, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002) (§ 1441(b) only
7  precludes removal "if [in-state defendant] had been properly served" when removal
8  petition filed) (emphasis in original); *Wensil v. E.I. Dupont de Nemours & Co.*, 729 F.
9  Supp. 447, 448 (D.S.C. 1992) (where out-of-state defendants removed before service on
10  in-state defendants, removal was proper under § 1441(b)).

11      46.    Under the clear language of 28 U.S.C. § 1441(b), this action is properly
12  removed to this Court by Merck.

13

14      WHEREFORE, Defendant Merck respectfully removes this action from the
15  Superior Court of the State of California for the County of San Francisco to this Court
16  pursuant to 28 U.S.C. § 1441.

17

18  Dated: November 6, 2006                    VENABLE LLP

19

20

21                           By _____
22                              Jeffrey M. Tanzer
23                              Attorneys for Defendant
                                Merck & Co., Inc.
24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

**EXHIBIT "5"**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC – 4 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 1789

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE FOSAMAX PRODUCTS LIABILITY LITIGATION

*Betty Valiente v. Merck & Co., Inc., et al.*, C.D. California, C.A. No. 2:06-7027
*Jennifer Bogard, et al. v. Merck & Co., Inc., et al.*, N.D. California, C.A. No. 3:06-6917

### CONDITIONAL TRANSFER ORDER (CTO-10)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ____F.Supp.2d____ (J.P.M.L. 2006). Since that time, 28 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**INVOLVED COUNSEL LIST (CTO-10)**
**DOCKET NO. 1789**
**IN RE FOSAMAX PRODUCTS LIABILITY LITIGATION**

Amy M. Boomhouwer
Gancedo & Nieves, LLP
144 West Colorado Boulevard
Pasadena, CA 91105

Mark E. Burton, Jr.
Hersh & Hersh
2080 Opera Plaza
601 Van Ness Avenue
San Francisco, CA 94102-6388

Douglas C. Emhoff
Venable
2049 Century Park East
21st Floor
Los Angeles, CA 90067

Jeffrey Marc Tanzer
Venable
2049 Century Park East
21st Floor
Los Angeles, CA 90067

**EXHIBIT "6"**

1  VENABLE LLP
   Douglas C. Emhoff (Cal. Bar No. 151049)
2  Jeffrey M. Tanzer (Cal. Bar No. 129437)
   2049 Century Park East, Suite 2100
3  Los Angeles, California 90067
   Telephone: (310) 229-9900
4  Facsimile:   (310) 229-9901

5  Attorneys For Defendant
   MERCK & CO., INC.

6

7              UNITED STATES DISTRICT COURT

8             CENTRAL DISTRICT OF CALIFORNIA

9

10 BETTY VALIENTE, an individual            CASE NO.:

11              Plaintiff,

12 v.                                        DEFENDANT MERCK & CO.,
                                             INC.'S NOTICE OF REMOVAL
13 MERCK & CO., INC., a Corporation;         OF ACTION UNDER 28 U.S.C.
   McKESSON CORPORATION, a                   § 1441 (b)
14 Corporation; and DOES 1-100, inclusive,

15              Defendants.

16

17

18

19     TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20     PLEASE TAKE NOTICE that Defendant Merck & Co., Inc. ("Merck") hereby

21 removes this action pursuant to 28 U.S.C. § 1441 from the Superior Court for the State

22 of California for the County of Los Angeles to the United States District Court for the

23 Central District of California, and respectfully states to the Court the following:

24              **THE FOSAMAX® MDL PROCEEDINGS**

25     1.     This action involves allegations regarding the prescription medication

26 FOSAMAX®.  On August 16, 2006, the Judicial Panel on Multidistrict Litigation

27 ("MDL Panel") issued an order transferring 18 FOSAMAX® products liability cases to

28 the United States District Court for the Southern District of New York (Keenan, J.) for

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

::ODMA\PCDOCS\LA1DOCS1\177229\1

1  coordinated pretrial proceedings under 28 U.S.C. § 1407. *In re Fosamax Products*
2  *Liability Litigation,* MDL No. 1789. Although MDL-1789 was just created in mid-
3  August, processes for quickly sending additional related cases to Judge Keenan are
4  already in place: the MDL Panel has thus far issued 6 Conditional Transfer Orders
5  addressing 20 additional cases involving FOSAMAX® to be transferred to MDL-1789.

6     2.     This case is one of four cases currently pending in the United States
7  District Court, Central District of California that relate to allegations regarding the
8  prescription medication FOSAMAX®, and for which Merck intends to seek transfer to
9  the coordinated multidistrict proceedings. In addition to this case, *Karen Johnson v.*
10 *Merck & Co., Inc.*, Case No. CV 06-5378, *Edward A. Morris, et al. v. Merck & Co.,*
11 *Inc; McKesson Corp.; Does 1-50,* Case No. CV 06-5587, and *Anne E. Clayton v. Merck*
12 *& Co., Inc.; McKesson Corp; Does 1-50,* Case No. CV 06-6398, also involve
13 allegations regarding the prescription medication FOSAMAX® and will therefore call
14 for the determination of the same or substantially related or similar questions of law and
15 fact.    Conditional Transfer Order No. 2, issued by the MDL Panel on September 22,
16 2006, included two cases currently pending in this Court – *Johnson* and *Morris* – and
17 Merck sent the MDL Panel a tag-along notice for the *Clayton* case on October 18, 2006.
18 Merck intends to seek the transfer of this action to MDL-1789 and will, in the next
19 several days, provide the MDL Panel notice of this action pursuant to the tag-along
20 procedures contained in the MDL Rules.

21                              **BASIS FOR REMOVAL**

22     3.     On September 26, 2006, Plaintiff Betty Valiente commenced this action
23 entitled *Valiente v. Merck & Company, Inc., et al.*, Case No. BC359397, against Merck
24 in the Superior Court of the State of California for the County of Los Angeles. The
25 Plaintiff contends that, as a result of her use of FOSAMAX®, as prescribed by her
26 physician, she has suffered "serious injury," requiring ongoing medical care and
27 treatment, and has suffered economic loss and emotional distress. Complaint ¶¶ 34-38.
28 The Plaintiff purports to allege claims based upon strict liability, negligence, breach of

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

1

1  express and implied warranties, "deceit by concealment," negligent misrepresentation,

2  and claims based upon alleged misrepresentations under the California Business &

3  Professions Code and California's Consumers Legal Remedies Act.

4      4.    For the reasons set forth in more detail below, this Court should assume

5  jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this matter is a civil

6  action in which the amount in controversy exceeds the sum of $75,000, exclusive of

7  costs and interest, and is between citizens of different states. Plaintiff is a citizen and

8  resident of the State of California. Merck is a resident of the State of New Jersey, as it

9  is incorporated in the State of New Jersey and has its principal place of business there.

10  Upon information and belief, defendant McKesson Corporation ("McKesson") is a

11  Delaware corporation with its principal place of business in San Francisco, California.

12  As more fully set forth below, however, Plaintiff has fraudulently joined McKesson as a

13  party, and there is therefore complete diversity of citizenship between the parties who

14  are properly joined and served.

15  **I.    MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS**

16      **FOR REMOVAL.**

17      5.    Plaintiff filed her Complaint in the Superior Court for the State of

18  California for the County of Los Angeles on September 26, 2006. The Complaint was

19  served on Merck on October 5, 2006, less than 30 days before the filing of this Notice

20  of Removal. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C.

21  § 1446(b).

22      6.    No further proceedings have been had in this action.

23      7.    Venue is proper in this Court because it is "the district and division

24  embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

25  Therefore, this action is properly removed to the Central District of California pursuant

26  to 28 U.S.C. § 84(c).

27      8.    All properly joined and served defendants consent to this removal. A co-

28  defendant who is fraudulently joined, like McKesson, need not consent to or join in

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

2

:ODMA\PCDOCS\LA1DOCS1\771225\1

1   removal. *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir.

2   2002) (fraudulently joined defendants need not consent to removal petition); *Hewitt v.*

3   *City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986) (co-defendants who are

4   fraudulently joined need not join in a removal); *see also Jernigan v. Ashland Oil Inc.*,

5   989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993) (same); *Polyplastics,*

6   *Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) (same).

7       9.    No previous application has been made for the relief requested herein.

8       10.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and

9   orders served upon Merck, which include the Summons, Complaint, Plaintiff's state

10  court civil cover sheet, Los Angeles Superior Court Civil Alternative Dispute

11  Resolution Programs notice and Superior Court of California, County of Los Angeles

12  Notice of Case Assignment are attached hereto as Exhibits A through E.

13      11.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being

14  served upon counsel for Plaintiff and on McKesson and a copy is being filed with the

15  Clerk of the Superior Court for the State of California for the County of Los Angeles.

16  **II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT**

17          **MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

18      12.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332

19  because this is a civil action in which the amount in controversy exceeds the sum of

20  $75,000, exclusive of costs and interest, and is between citizens of different states.

21      **A.    The amount in controversy requirement is satisfied.**

22      13.    It is apparent from the face of the Complaint that Plaintiff seeks recovery

23  of an amount in excess of $75,000, exclusive of costs and interest. Plaintiff alleges that

24  she was prescribed FOSAMAX® by her physician, and also alleges that that

25  FOSAMAX® causes osteonecrosis of the jaw. Complaint ¶¶ 29-34. Plaintiff further

26  contends that, as a result of ingesting FOSAMAX®, she "has suffered serious injury"

27  and "requires and will require in the future ongoing medical care and treatment." *Id.* ¶

28  34. Plaintiff also claims to have "suffered severe mental and physical pain and

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

3

::ODMA\PCDOCS\LA1DOCS\1\772231

1    suffering," to have "sustained permanent injuries and emotional distress," and to have

2    "sustained economic loss, including loss of earnings and diminution or loss of earning

3    capacity." *Id.* ¶¶ 35-36.   Plaintiff seeks "unlimited" compensatory damages,

4    disgorgement, restitution, refunds, medical monitoring, loss of "care comfort society

5    and companionship," and exemplary and punitive damages. *See* Civil Case Cover

6    Sheet; Complaint ¶¶ 34-37, Complaint at 22 (Prayer for Relief (1)-(8)).

7         14.    While there is no record of prior cases that specifically involve

8    osteonecrosis of the jaw – which may be attributable to the fact that osteonecrosis of the

9    jaw is a rare disorder and cases alleging liability against pharmaceutical manufacturers

10   for allegedly causing the same had, prior to very recently, been non-existent – there are:

11        •   numerous reported cases in which jaw or similar facial injury led to jury or
              court awards far in excess of $75,000.  *See, e.g., Howie v. Walsh*, 609 S.E.2d
12            249 (N.C. App. 2005) (addressing jury award of $300,000 against dentist who
              fractured patient's jaw during procedure); *Becker v. Woods*, 806 N.Y.S.2d 704
13            (N.Y. App. Div. 2005) (affirming jury award of $840,000 in damages where
              dental patient suffered from permanent paresthesia); *Preston v. Dupont*, 35
14            P.3d 433 (Colo. 2001) (addressing jury award of more than $250,000 for
              damage to alveolar nerve in jaw); *Bowers v. Liuzza*, 769 So.2d 88 (La. App.),
15            *writ. denied*, 776 So.2d 468 (La. 2000) (finding that minimum adequate
              damage award for nerve damage in jaw was an amount that exceeded
16            $175,000); *Becker v. Halliday*, 554 N.W. 2d 67 (Mich. App. 1996), *app.
              denied*, 564 N.W.2d 893 (Mich. 1997) (jury award of $200,000 in damages,
17            where syringe lodged in upper jaw); *Herpin v. Witherspoon*, 664 So.2d 515
              (La. App. 1995) (plaintiff entitled to receive more than $75,000 as a result of
18            temporomandibular joint (TMJ) dysfunction); *Washburn v. Holbrook*, 806
              P.2d 702 (Or. App. 1991) (affirming jury finding of $400,000 in damages as a
19            result of damage to jaw during root canal); and

20

21        •   numerous prior cases that reveal that potential awards based on osteonecrosis
              or avascular necrosis of the hip, knee, or other joint, exceed the $75,000
22            jurisdictional amount.  *See, e.g., Barbee v. United States*, 2005 W.L. 3336504,
              at *1-2 (W.D. Wis. 2006) (finding that plaintiff suffered nearly $700,000 in
23            damages for hip injuries that included avascular necrosis); *Shaver v. United
              States*, 319 F.Supp. 2d 649 (M.D.N.C. 2004) (awarding more than $75,000 in
24            damages for osteonecrosis in knee caused by automobile accident); *Piselli v.
              75th Street Medical*, 808 A.2d 508 (Md. 2002) (addressing jury award of
25            $410,000 for medical malpractice that led to avascular necrosis of the hip);
              *Collier v. Cawthon*, 570 S.E.2d 53 (Ga. App. 2002) (affirming jury award of
              $170,000 for avascular necrosis of the hip).

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, 20-100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

---

4

::ODMA\PCDOCS\LA1DOCS1\177225\1

1    15.    The Plaintiff's claims of "serious injury," and the compensatory and

2 punitive damages that she seeks, thus far exceed this Court's minimum $75,000

3 jurisdictional limit.

**B.**    **McKesson has been fraudulently joined and, therefore, its citizenship can be ignored for purposes of removal.**

6    16.    There is complete diversity between Plaintiff and Merck, the only

7 defendant to even arguably be a proper party to this action.

8    17.    According to the Complaint, Plaintiff Betty Valiente was at the time of the

9 filing of the Complaint and is now a citizen of the State of California.  Complaint ¶ 13.

10    18.    Merck is now, and was at the time Plaintiff commenced this action, a

11 corporation organized under the laws of the State of New Jersey with its principal place

12 of business in New Jersey and, therefore, is a citizen of New Jersey for purposes of

13 determining diversity.  28 U.S.C. § 1332(c)(1).

14    19.    The Complaint includes fictitious defendants, whose citizenship is ignored

15 for removal purposes.  28 U.S.C. § 1441(a).

16    20.    For the reasons set forth below, the remaining named defendant –

17 McKesson – is fraudulently joined.  Therefore, its citizenship must be ignored for

18 purposes of determining the propriety of removal.

19    21.    A defendant is fraudulently joined and the defendant's presence in the

20 lawsuit is ignored for purposes of determining diversity where no viable cause of action

21 has been stated against the resident defendant.  *See Morris v. Princess Cruises, Inc.,*

22 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313,

23 1318-19 (9th Cir.), *cert. denied,* 525 U.S. 963 (1998); *TPS Utilicom Services, Inc. v.*

24 *AT&T Corp.,* 223 F. Supp. 2d 1089, 1100 (C.D.Cal. 2002).  Stated differently, a

25 defendant is fraudulently joined "if the plaintiff fails to state a cause of action against

26 the resident defendant, and the failure is obvious according to the settled rules of the

27 state." *Morris,* 236 F.3d at 1067 (citations omitted).

28

**VENABLE LLP**
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

::ODMA\PCDOCS\LA1DOCS1\177225\1

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

22.    The fraudulent joinder of McKesson is obvious under well-settled state law because (i) Plaintiff has failed to make sufficient allegations as to any tortious conduct on the part of McKesson, (ii) the Plaintiff has failed to allege any causal link between McKesson's distribution and her alleged injuries; and (iii) there is no duty to warn by McKesson under the circumstances alleged in the Complaint.

### i. Plaintiff's Complaint Lacks Any Specific Allegations Against McKesson.

23.    The Complaint is devoid of a single factual allegation directed at McKesson that could support any cause of action. The crux of the Plaintiff's Complaint is an alleged failure to adequately warn of the alleged side effects associated with the use of FOSAMAX®. The *only* allegations made by Plaintiff against McKesson are that "on information and belief, . . . McKesson was in the business of promoting and distributing the pharmaceutical Fosamax . . ." and that McKesson "sold and distributed Fosamax in California and in interstate commerce." Complaint ¶ 16.

24.    Notably absent from the Complaint are any allegations that McKesson made any specific representations or warranties to Plaintiff or Plaintiff's prescribing physicians, or that Plaintiff or her prescribing physicians relied on any such specific representation or warranty by McKesson. In fact, no contact between McKesson and Plaintiff or her prescribing physician is alleged at all. For this reason, the Complaint is simply not sufficient to hold McKesson liable under any legal theory.

25.    Throughout the Complaint, Plaintiff makes only general allegations against "Defendants." Such general assertions cannot substitute for the allegations of fact required to state a cause of action against a particular defendant. *See In re PPA*, MDL No. 1047, Slip Op. at 5 (stating that allegations directed toward "defendants" or "all defendants" are insufficient) (Exhibit F hereto). As the Courts have recognized, a failure to make any material allegations against a defendant is a significant indication that the joinder of that defendant is fraudulent. *See, e.g., Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134, 1137 (S.D.Cal. 1998) (finding in-state defendants fraudulently joined

6

1  where "no material allegations against [the in-state defendants] were made"); *Lyons v.*
2  *American Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala.
3  Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the
4  resident defendants]" than the failure of the plaintiff "to set forth any specific factual
5  allegations" against them).

6      26.    Because the Plaintiff has failed to present any specific allegations against
7  McKesson that could support Plaintiff's claims, she has failed to meet the minimal
8  pleading requirements to state a claim against McKesson. *See, e.g., Taylor AG*
9  *Industries v. Pure-Gro*, 54 F.3d 555, 558 (9th Cir. 1995) (dismissing breach of express
10  warranty claim against distributor due to plaintiff's failure to identify any statements
11  made by the distributor that were inconsistent with or went beyond either the product
12  labels or the product guide provided by the manufacturer); *see also Keith v. Buchanan,*
13  173 Cal. App. 3d 13, 25 (1985) (actual reliance is an element of implied warranty
14  claim); *B.L.M. v. Savo & Deitsch,* 55 Cal.App.4th 823, 834 (1997) (to state a claim of
15  negligent misrepresentation, plaintiff must at least identify the alleged
16  misrepresentation).

17      27.    As noted above, Plaintiffs' assertions directed toward all "Defendants"
18  cannot cure this deficiency. *See In re PPA*, MDL No. 1407, Slip Op. at 5 (Exhibit F).
19  The general allegation that Defendants knew of the alleged risks associated with the use
20  of FOSAMAX® are particularly deficient because the wholly conclusory claims are
21  undermined and contradicted by the more specific allegations of Merck's purported
22  concealment and misrepresentation of the same information. *See, e.g., id.* at 7
23  (allegations that "manufacturer defendants concealed material facts regarding PPA
24  through product packaging, labeling, advertising, promotional campaigns and materials,
25  and other methods... directly undermines and contradicts the idea that [the resident
26  retail defendant] had knowledge or reason to know of alleged defects"). The allegations
27  of Merck's purported concealment and misrepresentation of the alleged risks of
28

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-6900

7

::ODMA\PCDOCS\LA1DOCS1\177225\1

1   FOSAMAX® belie any inference that McKesson, a wholesale distributor, had

2   knowledge of that which was allegedly concealed.

### ii. Plaintiff's Complaint Lacks Any Allegations To Show Causation Attributable To McKesson.

5   28.    Plaintiff's various claims against McKesson include claims for negligence,

6   strict liability, and breach of express and implied warranty. It is axiomatic that in order

7   to sustain any such claims, Plaintiff needs to prove that some action on the part of the

8   defendant *caused* Plaintiff's alleged injuries. *See Lujan v. Defenders of Wildlife*, 504

9   U.S. 555, 560 (1992) (to state a claim against a defendant, a plaintiff must allege a

10  causal connection between the injury and the conduct of the defendant); *Aronis v.*

11  *Merck & Co., Inc.*, 2006 WL 2161731, *1 (E.D.Cal. May 5, 2005); *Cox v. Depuy*

12  *Motech, Inc.*, 2000 WL 1160486, at *5 (S.D. Cal. 2000) (causation is an essential

13  element of strict liability and negligence claims).

14  29.    Plaintiff's complaint is completely devoid of any allegation that the

15  FOSAMAX® she received was, in fact, distributed by McKesson. As noted above, the

16  Complaint only alleges generally, and only "on information and belief," that McKesson

17  "was in the business of promoting and distributing the pharmaceutical Fosamax" and

18  that McKesson "sold and distributed Fosamax in California and in interstate

19  commerce." Complaint ¶ 16.

20  30.    Plaintiff never identifies any link between McKesson and the

21  FOSAMAX® that Plaintiff received, and Plaintiff never identifies any contacts between

22  McKesson and herself or her physician. Lacking any allegations of a causal connection

23  between Plaintiff's alleged injuries and McKesson's distribution of FOSAMAX®,

24  Plaintiff cannot maintain her claims against McKesson. *See Aronis v. Merck & Co.,*

25  *Inc.*, 2006 WL 2161731, at *1 (holding that because "Plaintiff makes no allegation that

26  McKesson ever handled the specific pills that were allegedly the cause of her injuries,"

27  McKesson was fraudulently joined in the action and denying motion for remand); *see*

28  *also Becraft v. Ethicon*, 2000 WL 1721056, *3 (N.D.Cal. Nov. 2, 2000) (court may find

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

8

::ODMA\PCDOCS\LA1DOCS\1177225\1

1  that a distributor is fraudulently joined for purposes of removal unless the plaintiff can

2  produce evidence or establish a good faith basis for believing that the product plaintiff

3  received came from the defendant distributor).

4       31.    Plaintiff cannot maintain an action against McKesson here because she has

5  failed to allege that McKesson engaged in any conduct that would create liability and

6  has failed even to allege that McKesson distributed the product she alleges caused her

7  injury.  It is proper for the Court to find, under these circumstances, that McKesson has

8  been fraudulently joined.

9          **iii. Plaintiff Fails to State A Claim Against McKesson Because The**

10             **Learned Intermediary Doctrine Serves to Bar Plaintiff's Claims.**

11      32.    Even if Plaintiff had directed specific allegations at McKesson, there

12  remains no legal basis for such causes of action because Plaintiff's claims are based on

13  an alleged failure to warn and premised – as to McKesson – on a non-existent duty.

14  The rationale for the "learned intermediary" doctrine is that it is the physician who is in

15  the best position to determine whether a patient should take a prescription medication

16  and that imposing a duty on others to warn patients would threaten to undermine

17  reliance on the physician's informed judgment.  For this reason, courts have rejected

18  imposing liability on distributors like McKesson for failure to warn of the risk of a

19  prescribed medication.  *See, e.g., Barlow v. Warner-Lambert Co.*, Case No. CV 03 1647

20  R (RZx), Slip Op. at 2 (C.D. Cal. April 28, 2003) ("The Court finds that there is no

21  possibility that plaintiffs could prove a cause of action against McKesson, an entity.

22  which distributed this FDA-approved medication [Rezulin] to pharmacists in

23  California;" motion to remand denied) (Exhibit G hereto); *Skinner v. Warner-Lambert*

24  *Co.*, Case No. CV 03 1643-R (RZx), Slip Op. at 2 (C.D.Cal. April 28, 2003) (same)

25  (Exhibit H hereto); *In re Baycol Prods. Litig.*, MDL No. 1431, Case No. 139, Slip Op.

26  at 3-4 (D.Minn. May 24, 2002) (retail distributor of prescription drugs fraudulently

27  joined) (Exhibit I hereto); *Schaerrer v. Stewart's Plaza Pharmacy*, 79 P.3d 922, 929

28  (Utah 2003) (declining to extend duty to warn to retail distributor of prescription diet

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

9

::ODMA\PCDOCS\LA1DOCS1\772251

1   drug as their "ability to distribute prescription drugs is limited by the highly restricted

2   FDA-regulated drug distribution system in this country").

3       33.   Moreover, it is undisputed that through a collaborative process, Merck and

4   the FDA prepared the information to be included with the prescription medication

5   FOSAMAX®, with the FDA having final approval of the information that could be

6   presented.  Once the FDA had determined the form and content of the information, it is

7   a violation of federal law to augment the information.  *See* 21 U.S.C. § 331(k)

8   (prohibiting drug manufacturers and distributors from causing the "alteration,

9   mutilation, destruction, obliteration, or removal of the whole or any part of the labeling"

10  of an FDA-approved drug held for sale); *Brown v. Superior Court*, 44 Cal. 3d 1049,

11  1069 n. 12 (FDA regulates the testing, manufacturing, and marketing of drugs,

12  including the content of their warning labels).  Thus, McKesson could not change the

13  information it was given by Merck as approved by the FDA without violating federal

14  law.  No duty can be found where it requires a party to violate the law to fulfill it.

15      34.   Because no duty runs from a prescription drug distributor to a consumer

16  and because a prescription drug distributor has no ability to alter the warning of a

17  prescription drug, no claim can be stated by Plaintiff against McKesson based on an

18  alleged failure to warn.

19  / / / / /

20  / / / / /

21  / / / / /

22  / / / / /

23  / / / / /

24  / / / / /

25  / / / / /

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

**10**
NOTICE OF REMOVAL

1    WHEREFORE, Defendant Merck respectfully removes this action from the

2  Superior Court of the State of California for the County of Los Angeles to this Court

3  pursuant to 28 U.S.C. § 1441.

4

5  Dated: November 2, 2006

6                                    VENABLE LLP
7                                    DOUGLAS C. EMHOFF
                                     JEFFREY M. TANZER
8

9

10  By _____
                                     Jeffrey M. Tanzer
11                                   Attorneys for Defendant
                                     Merck & Co., Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

::ODMA\PCDOCS\LA1DOCS\1\1772251

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, #2100, Los Angeles, California 90067.

On January 3, 2007, I served the foregoing document(s) described as **DECLARATION OF JEFFREY M. TANZER IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS** on the interested parties in this action addressed as follows:

SEE ATTACHED SERVICE LIST

☒ By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☐ **BY PERSONAL SERVICE (CCP §1011)**: I delivered such envelope(s) by hand to the addressee(s) as stated above.

☒ **BY MAIL (CCP §1013(a)&(b))**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY (CCP §1013(c)&(d))**: I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

Executed on January 3, 2007 at Los Angeles, California

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

_____
Carolyn Simanian

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

TANZER DECLARATION IN SUPPORT OF REPLY RE MOTION TO STAY PROCEEDINGS

1

# ATTACHED SERVICE LIST

2

Hector G. Gancedo, Esq.                *Attorneys for Plaintiffs*
3   Amy M. Boombouwer, Esq.
    GANCEDO & NIEVES LLP
4   144 West Colorado Boulevard
    Pasadena, CA 91105
5   Tel:  626 685-9800
    Fax:  626 685-9808
6
    Anthony G. Brazil, Esq.            *Attorneys for Defendant McKesson*
7   Kanika D. Corley, Esq.            *Corporation*
    MORRIS POLICH & PURDY
8   1055 W. Seventh Street, Suite 2400
    Los Angeles, CA  90017
9   Tel:  213 891-9100
    Fax:  213 488-1178
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TANZER DECLARATION IN SUPPORT OF REPLY RE MOTION TO STAY PROCEEDINGS

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900