1   VENABLE LLP
    Douglas C. Emhoff (Cal. Bar No. 151049)
2   Jeffrey M. Tanzer (Cal. Bar No. 129437)
    2049 Century Park East, Suite 2100
3   Los Angeles, California 90067
    Telephone: (310) 229-9900
4   Facsimile:   (310) 229-9901
    E-mail: demhoff@venable.com
5   E-mail: jtanzer@venable.com

6   Attorneys for Defendant
    MERCK & CO., INC.

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  EDNA GOYA, an individual              CASE NO.: 06-CV-2574 H (AJB)

12            Plaintiff,

13  v.                                    DEFENDANT MERCK & CO., INC.'S
                                          OPPOSITION TO PLAINTIFF'S
14  MERCK & CO., INC., a                  MOTION FOR REMAND
    Corporation; McKESSON
15  CORPORATION, a Corporation;           Hearing
    and DOES 1-100, inclusive,            Date:      Feb. 12, 2007
16                                        Time:      10:30 a.m.
              Defendants.                 Dept.:     Courtroom 13, 5th Fl.
17                                                   Honorable Marilyn L. Huff

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

# TABLE OF CONTENTS

Page

I. INTRODUCTION.................................................................. 1

II. PROCEDURAL HISTORY .................................................. 2

III. FACTUAL BACKGROUND ................................................ 3

    A. Plaintiff's Complaint..................................................... 3

    B. Plaintiff's New Assertions In Her Remand Motion ............... 4

    C. The Undisputed Facts Presented By Merck And McKesson........ 6

IV. ARGUMENT ....................................................................... 7

    A. This Action Should Be Stayed ......................................... 7

    B. McKesson Is Fraudulently Joined.................................... 8

        1. Plaintiff's Conclusory, General Allegations Are Not Sufficient To State A Claim Against McKesson.......................... 10

        2. Plaintiff Alleges No Facts To Show That McKesson Caused Plaintiffs' Alleged Injuries................................. 12

        3. Plaintiff's Claims Have No Merit In Light Of The Facts Set Forth By Merck And McKesson........................... 14

        4. Plaintiff's Claims Are Barred By The Learned Intermediary Doctrine........................................................... 16

    C. Limited Discovery Would Be Appropriate Before Any Remand ...... 18

V. CONCLUSION ................................................................... 19

DECLARATION OF JEFFREY RHODES ................................. 20

DECLARATION OF THOMAS LOOSE..................................... 22

DECLARATION OF GREGORY S. YONKO................................ 24

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

# TABLE OF AUTHORITIES

Page

## Statutes

Federal Rules of Civil Procedure, Rule 21 ...................................................... 9

21 U.S.C. § 331 ............................................................................................ 17

28 U.S.C. § 1407 ............................................................................................ 7

28 U.S.C. § 1441(a) ........................................................................................ 4

28 U.S.C. § 1441(b) ........................................................................................ 8

California Business and Professions Code §§ 17200 et seq. ......................... 12

California Business and Professions Code §§ 17500 et seq. ......................... 12

## Cases

*American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146 (7th Cir. 1981) ...... 9

*Anderson v. Owens-Corning Fiberglas Corp.*, 53 Cal. 3d 987,
    281 Cal. Rptr. 528 (1991) ........................................................................ 17

*Aronis v. Merck & Co., Inc., et al.*, 2006 W.L. 2161731
    (E.D. Cal. May 3, 2005) ....................................................... 10, 12, 13, 17

*In re Baycol Prod. Liab. Litig.*, 2003 W.L. 24230031
    (D. Minn. Dec. 12, 2003) ....................................................................... 16

*Becraft v. Ethicon*, Civ. No. C00-1474 CRB, 2000 W.L. 1721056
    (N.D. Cal. Nov. 2, 2000) ........................................................................ 13

*B.L.M. v. Savo & Deitsch,* 55 Cal.App.4th 823,
    64 Cal. Rptr. 2d 335 (1997) .................................................................. 13

*Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134 (S.D. Cal. 1998) ................... 11

*Brown v. Superior Court*, 44 Cal. 3d 1049, 245 Cal. Rptr. 412 (1988) ........ 17

*Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 268 P.2d 1041 (1954) .......... 12

*Carlin v. Superior Court,* 13 Cal.4th 1104, 56 Cal. Rptr. 2d 162 (1996) ..... 16

*Carmichael v. Reitz,* 17 Cal.App.3d 958, 95 Cal. Rptr. 381 (1971) ............. 16

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

MERCK'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

*Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98 (5th Cir.),

   *cert. denied*, 498 U.S. 817 (1990) ............................................................ 18

*Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256 (5th Cir. 1995) .... 14

*City of Indianapolis v. Chase Nat. Bank of City of New York*,

   314 U.S. 63 (1941) ...................................................................................... 9

*Cox v. Depuy Motech, Inc.*, Civ. No. 95-cv-3848-L(JA),

   2000 W.L. 1160486 (S.D. Cal. 2000) ........................................................ 12

*Fieldstone Company v. Briggs Plumbing Prods.*, 54 Cal. App. 4th 357,

   62 Cal. Rptr. 2d 701 (1997)........................................................................ 12

*In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347

   (Jud. Pan. Mult. Lit. 2006) ......................................................................... 2

*Keith v. Buchanan*, 173 Cal. App. 3d 13, 220 Cal. Rptr. 392 (1985) ........... 13

*Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005) ........................................ 14, 18

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).................................... 12

*Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S,

   1997 W.L. 809677 (S.D. Ala. Sept. 30, 1997)......................................... 11

*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603,

   7 Cal. Rptr. 2d 859 (1992).......................................................................... 12

*McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987).............. 9, 14

*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th Cir. 2001)..................... 8

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir.),

   *cert. denied*, 525 U.S. 963 (1998) ......................................................... 8, 14

*Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997)............. 7

*Schaerrer v. Stewart's Plaza Pharmacy*, 79 P.3d 922 (Utah 2003).............. 16

*Stevens v. Parke, Davis & Co.*, 9 Cal.3d 51, 107 Cal. Rptr. 45 (1973) ........ 16

*Taylor AG Industries v. Pure-Gro*, 54 F.3d 555 (9th Cir. 1995) .................. 13

*TPS Utilicom Services, Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089

**VENABLE LLP**
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

(C.D.Cal. 2002) ................................................................. 9

*United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756

    (9th Cir. 2002) ............................................................... 2

*In re Vioxx Products Liab. Litig.*, 360 F. Supp. 2d 1352

    (Jud. Pan. Mult. Lit. 2005) ........................................... 7

MERCK'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

**VENABLE LLP**
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

## I.    INTRODUCTION

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned attorneys, hereby files this memorandum in opposition to the Plaintiff's Motion for Remand.  The Court should decline to hear that motion now.  The Judicial Panel on Multidistrict Litigation ("MDL Panel") is presently addressing whether this action should be transferred to the FOSAMAX® ("Fosamax") MDL proceedings in the Southern District of New York, where it would be consolidated with other cases from California that raise the same removal and jurisdictional issues that the Plaintiff argues here.  In making this decision, the MDL Panel will necessarily decide if Plaintiff's Motion for Remand is more efficiently decided in concert with similar motions made in other Fosamax cases (as would be true if this case were transferred to the Fosamax MDL proceedings), or whether the Plaintiff should proceed in this Court.  This Court should postpone consideration of Plaintiff's Motion for Remand until the MDL Panel determines whether to transfer this case.

If this Court were to address the Plaintiff's Motion for Remand, that motion should be denied.  McKesson Corporation ("McKesson") – the only California entity named as a defendant – has been fraudulently joined, and Plaintiff's efforts to bring McKesson into this case do not affect either the Court's jurisdiction or the propriety of removal.  The Plaintiff has pled no facts upon which she can base any proper claim against McKesson, and the unrebutted facts presented by the Defendants, below, demonstrate that no such facts could, in good faith, be alleged.[1]

It is not necessary for McKesson to either join in or consent to removal, where McKesson was not served at the time of removal and where McKesson has been

---

[1]    If the Court does address the Motion for Remand and finds that the existing record does not definitively establish the Court's jurisdiction and the propriety of removal, which Merck believes that it already does, then Merck asks the Court to permit limited discovery tailored to the jurisdictional issues.  It is entirely proper for this Court to consider deposition testimony and other evidence when addressing jurisdictional issues, and such evidence would provide additional proof that McKesson is fraudulently joined.

V E N A B L E   L L P
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

1  fraudulently joined as a party.  *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d

2  756, 762 (9th Cir. 2002).  McKesson, however, joins in this opposition, as McKesson

3  states in its separate filing.

## II.    PROCEDURAL HISTORY

Plaintiff Edna Goya is a California citizen who alleges that she was injured as a

result of using Fosamax at her physicians' direction.  Complaint ¶¶ 13, 34.  Fosamax is

a prescription medication produced by Defendant Merck, which is a citizen of New

Jersey.  *Id.* ¶ 15.  On August 16, 2006, the Judicial Panel on Multidistrict Litigation (the

"MDL Panel") issued a transfer order establishing MDL Proceeding No. 1789, styled *In*

*re Fosamax Products Liability Litigation*, to coordinate the many cases filed across the

country relating to Fosamax.  *See In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d

1347 (Jud. Pan. Mult. Lit. 2006).  As of this date, the MDL Panel has issued at least 12

Conditional Transfer Orders requiring the transfer of at least 54 actions to MDL No.

1789.

Three actions originating in California have been transferred to the Fosamax

MDL Proceedings.  *See Karen Johnson v. Merck & Co., Inc.*, Case No. CV 06-5378

FMC (PJWx) (C.D. Cal); *Valiente v. Merck & Co., Inc., et al.*, Case No. CV 06-7027

FMC (PJWx) (C.D. Cal); *Hammond v. Merck & Co., Inc.*, Case No. CV 06-7343 FMC

(FFMx) (C.D. Cal.).  The Central District of California has stayed two other actions (the

*Clayton* and *Morris* actions), until the MDL Panel resolves the plaintiffs' objections to

transfer.  *See* Order filed Dec. 6, 2006 in *Morris, et al. v. Merck & Co., Inc., et al.*, No.

CV 06-5587 FMC (PJWx) (C.D. Cal.) (Exhibit 1 to the Request for Judicial Notice in

Support of Merck's Opposition to Motion for Remand ("RJN")) (hereinafter "*Morris*

Stay Order"); Order filed Dec. 7, 2006 in *Clayton v. Merck & Co., Inc., et al.*, No. CV

06-6398 FMC (PJWx) (C.D. Cal.) (Ex. 2 to RJN) (hereinafter "*Clayton* Stay Order").

Two other California actions, one in the Central District and one in the Northern

District, are in essentially the same posture as this case – in both cases, McKesson was

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

2

named as a defendant, Merck has moved to stay those cases pending transfer, and the plaintiffs have filed objections to transfer with the MDL Panel. *See Bogard, et al., v. Merck & Co., Inc., et al.*, No. 3:06-CV-06917 SC (N.D. Cal.); *Ferraro, et al., v. Merck & Co., Inc., et al.*, No. CV 06-7733 FMC (PJWx) (C.D. Cal.).

Plaintiff filed her Complaint in the San Diego County Superior Court on or about October 12, 2006. Merck was served on October 27, 2006, and removed to this Court on November 21, 2006. Merck filed its Motion to Stay these proceedings on December 14, 2006. On December 27, 2006, the MDL Panel issued a Conditional Transfer Order providing for the transfer of this case to the Fosamax MDL proceedings. *See* Conditional Transfer Order No. 11, filed 12/27/2006 in *In re Fosamax Prods. Liab. Litig.*, MDL No. 1789 (J.P.M.L.) (Ex. 3 to RJN).

Plaintiff filed her Motion to Remand on December 29, 2006, and on January 11, Plaintiff notified the MDL Panel of her opposition to Conditional Transfer Order No. 11. *See* Notice from MDL Panel dated Jan. 11, 2007, filed in *In re Fosamax Prods. Liab. Litig.*, MDL No. 1789 (J.P.M.L.) (Ex. 4 to RJN). Plaintiff must file with the MDL Panel a Motion to Vacate the Conditional Transfer Order on or before January 26, 2007, at which time the MDL Panel will address whether this case should be transferred to the Fosamax MDL proceedings. *Id.*

## III.   FACTUAL BACKGROUND

### A.   Plaintiff's Complaint.

Plaintiff alleges that she was injured as a result of taking Fosamax prescribed by her physician. Complaint ¶¶ 13, 34. She contends that Merck "did not adequately and sufficiently warn physicians and consumers" of the risk of osteonecrosis of the jaw, *id.* ¶ 33, and she asserts claims for personal injury and punitive damages. *Id.* ¶¶ 34-38.

Plaintiff is a citizen of California. *Id.* ¶ 13. Merck is a citizen of New Jersey; it is a New Jersey corporation and its principal place of business is in New Jersey. *Id.* ¶ 15. In an effort to keep this case in California state court, the Plaintiff has attempted to

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

state claims against McKesson, one of many distributors of Merck products. *Id.* ¶ 16. Plaintiff alleges that McKesson is a corporation with its principal place of business in San Francisco, California. *Id.*[2] Plaintiff fails, however, to present any specific allegation of any act by McKesson that relates to the Plaintiff's alleged injuries.

In particular, the Complaint does not allege that McKesson distributed the Fosamax that Plaintiff received. McKesson is only mentioned by name in Paragraphs 1 and 16 of the Complaint. Paragraph 1 contains no specific allegations of fact, but is in the nature of a preamble. Paragraph 16 merely alleges that "McKesson was in the business of promoting and distributing the pharmaceutical Fosamax" and "sold and distributed Fosamax in California." Plaintiff fails to present any good-faith factual allegations of any act by McKesson that caused Plaintiff's alleged injuries, and Plaintiff fails to allege any facts that could show that McKesson distributed Fosamax to the pharmacies or medical facilities from which the Plaintiff obtained Fosamax. *See, e.g., id.* ¶ 16.

## B. Plaintiff's New Assertions In Her Remand Motion

Lacking any allegations in the Complaint that could support her claims against McKesson, Plaintiff's Motion for Remand seeks to rely upon rank speculation. Without any basis for doing so, Plaintiff asserts that McKesson and Merck were "operationally intertwined beyond a mere manufacturer/distributor relationship," and that "Merck outsourced its marketing response operation to McKesson." Mem. Supp. Mot. to Rem. at 3-4. These claims find no support whatsoever in the press releases attached to the Plaintiff's Motion for Remand as "evidence," and on their face the Plaintiff's vague assertions are not supportable:

- Plaintiff asserts that Robert J. Glaser was an executive for Merck until 1996, and that sometime in 1998, Mr. Glaser became an executive of McKesson

---

[2] Plaintiff also has sued "Does 1 to 50," who allegedly also are liable to Plaintiff for alleged injuries resulting from use of Fosamax. Complaint ¶ 17. The citizenship of fictitious defendants is ignored for removal purposes. 28 U.S.C. § 1441(a).

4

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

HBOC, Inc. (a separate entity from Defendant McKesson Corporation). *Id.* at 4; Ex. 2 to Decl. of Amy M. Boomhouwer (hereinafter "Plf's Ex. 2").[3] Plaintiff submits nothing to show that Mr. Glaser had any responsibilities, while employed by McKesson HBOC, Inc., that related in any way to Merck or to the distribution of Fosamax by Defendant McKesson Corporation. Nothing in these materials shows that Mr. Glaser or McKesson provided any services to Merck outside of McKesson's limited role as a distributor of unopened products in their original packaging.

• Plaintiff asserts that McKesson HBOC, Inc. provided "marketing and patient services" to Merck, based exclusively on two press releases that mention future plans by McKesson HBOC to provide services to the pharmaceutical industry, but do not mention either Merck or Fosamax at all. *Id.* at 4-6; Plf's Ex. 4 & 5. Nothing in those documents shows that any such service was ever provided to Merck. Nor do any of these "facts" show any connection between services offered by McKesson HBOC, Inc. and the distribution of Fosamax by McKesson Corporation.

• Plaintiff asserts, on pages 5 and 6 of her supporting memorandum, that McKesson participated in a marketing program with Merck relating to Fosamax, but fails to cite any source for such claims.

• Plaintiff asserts that Merck agreed to defend and indemnify McKesson Corporation in litigation relating to Vioxx, Mem. Supp. Mot. for Rem. at 6-7, but Plaintiff demonstrates no connection between this agreement and any act by McKesson Corporation relating to Fosamax. Nor does Plaintiff cite any facts to show that such indemnity is inconsistent with McKesson's limited role as a

---

[3] Exhibits to the Declaration of Amy Boomhouwer, filed in support of Plaintiff's Motion for Remand, will hereinafter be cited as "Plf's Ex.," with a reference to the appropriate exhibit number.

V E N A B L E   L L P
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

5

distributor of unopened and unaltered products, in which role McKesson does not advertise, promote, or otherwise communicate with patients or physicians.

Nothing in any of the materials submitted by the Plaintiff shows any contact between McKesson and *any* patient or physician that relates to Fosamax. Nothing in any of those materials shows that McKesson distributed the Fosamax that Plaintiff allegedly used.

### C.    The Undisputed Facts Presented By Merck And McKesson

The declarations submitted by Merck and McKesson in support of this Opposition demonstrate that there is no basis for any claim against McKesson. The Declaration of Jeffrey Rhodes, the Senior Director of Merck's Order Management Center, shows that there is no basis to believe that McKesson distributed the Fosamax that the Plaintiff allegedly ingested. Declaration of Jeffrey Rhodes ¶ 1 ("Rhodes Decl."). McKesson is only one of many distributors of Merck products. *Id.* ¶ 2. Merck has at least 100 different distributors that it uses to distribute Merck products, including Fosamax, nationwide. *Id.* McKesson is not an exclusive distributor of Merck products in any state. *Id.* ¶ 3. Merck does not assign territories to its distributors within the United States, and Merck does not prevent any of its 100 or more distributors from distributing Merck products, including Fosamax, in any state, *id.* ¶ 2. As far as Merck is concerned, any pharmacy or medical facility may obtain Merck products, including Fosamax, from any of Merck's distributors. *Id.*

The declarations of McKesson Senior Vice President Gregory Yonko and Thomas Loose, Merck's Senior Director of Marketing for Merck's Osteoporosis Marketing Team, demonstrate that McKesson had no role in advertising or promoting Fosamax, or in contacting physicians or patients. Declaration of Gregory S. Yonko ¶ 1 ("Yonko Decl."); Declaration of Thomas Loose ¶ 1 ("Loose Decl."). As Mr. Yonko's declaration states, when McKesson distributes a product such as Fosamax, McKesson's role is limited to forwarding the unopened product, with its original packaging and

V E N A B L E   L L P
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

1  label, to a pharmacy or health-care facility.  Yonko Decl. ¶ 4.  McKesson had no role in

2  developing Fosamax, obtaining approval for sale of Fosamax from the FDA, or in

3  developing or obtaining approvals of Fosamax labeling. *See id.* ¶ 3.  McKesson did not

4  manufacture, produce, process, encapsulate, test, label, package, or repackage Fosamax,

5  and McKesson has not made any representations as to the efficacy or safety of

6  Fosamax. *Id.*

7      As Mr. Loose attests, Merck has not engaged McKesson Corporation (or any of

8  the other entities mentioned by Plaintiff) to conduct any marketing or advertising for

9  Fosamax.  Loose Decl. ¶ 2.  Nor has Merck engaged McKesson to communicate with

10  physicians or patients relating to Fosamax. *Id.* ¶ 3.  McKesson has not acted as a sales

11  representative for Merck in any respect relating to Fosamax. *Id.*

## IV.  ARGUMENT

### A.  This Action Should Be Stayed.

14      As set forth in Merck's Motion to Stay, this action should be stayed until the

15  MDL Panel determines whether the Plaintiff's Motion for Remand would be more

16  efficiently addressed in this Court or in concert with other similar motions raised in the

17  Fosamax cases.  "The pendency of a motion to remand to state court is not a sufficient

18  basis to avoid inclusion in Section 1407 proceedings," *In re Vioxx Products Liab. Litig.*,

19  360 F. Supp. 2d 1352 (Jud. Pan. Mult. Lit. 2005), and "a majority of courts have

20  concluded that it is often appropriate to stay preliminary pretrial proceedings while a

21  motion to transfer and consolidate is pending with the MDL Panel because of the

22  judicial resources that are conserved." *Rivers v. The Walt Disney Co.*, 980 F. Supp.

23  1358, 1362 (C.D. Cal. 1997).   A brief delay in this case, while the MDL Panel decides

24  whether to consolidate this case with the Fosamax MDL proceedings, will serve the

25  interests of judicial economy and will not prejudice any of the parties. *See id.* at 1362.

26      As detailed in the Motion to Stay, a stay is particularly appropriate here for the

27  same reasons articulated by the Central District of California in staying the *Morris* and

28

**VENABLE LLP**
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9800

7

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

*Clayton* Fosamax cases. Both of those cases involved claims by Fosamax plaintiffs against Merck and McKesson, and the plaintiffs had filed motions to remand alleging that McKesson was properly joined. The Central District Court stayed the *Morris* and *Clayton* cases, and dismissed plaintiffs' motions to remand, because "[g]iven the similarity of this litigation to other recent pharmaceutical products liability litigation, the Court finds that there are likely to be many more cases (in this district or otherwise) which present the precise question of the propriety of joinder of Defendant McKesson and/or other 'distributor' defendants." *See Morris* Stay Order at 3 (Ex. 1 to RJN); *Clayton* Stay Order, at 3 (Ex. 2 to RJN).

The issue of whether McKesson is a proper defendant is already part of the Fosamax MDL proceedings, because McKesson is a named defendant in the *Valiente* case, which is subject to a final and unconditional order from the MDL Panel transferring *Valiente* to the multidistrict litigation. *See, e.g.,* Notice of Removal filed 11/2/2006 in *Valiente v. Merck & Co., Inc., et al.*, CV 06-7207 FMC (PLAx) (C.D. Cal.) (Ex. 5 to RJN); *Conditional Transfer Order No. 10*, filed 12/4/2006 in *In re Fosamax Prods. Liab. Litig.*, MDL No. 1789 (J.P.M.L.) (Ex. 6 to RJN). The same issues have also been raised in the Northern District of California, in *Bogard, et al., v. Merck & Co., et al.*, where Merck has moved to stay another Fosamax case against Merck and McKesson pending transfer to the Fosamax MDL proceedings. *See* Def. Merck. Reply Mem. in Supp. Mot. to Stay, at 3.

Given the fact that these same issues are being and will be raised in other Fosamax cases that are or will be part of the Fosamax MDL proceedings, this Court should stay any decision on the Plaintiff's Motion for Remand until the MDL Panel can make the appropriate determination as to whether this action, too, should be consolidated with the MDL proceedings.

**B.      McKesson Is Fraudulently Joined.**

MERCK'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

1    If the Court were to address the merits of the Motion for Remand, it should be

2   denied because McKesson has been fraudulently joined. A defendant is fraudulently

3   joined, and the defendant's presence in the lawsuit is ignored both for purposes of

4   determining diversity jurisdiction and for purposes of removal under 28 U.S.C.

5   § 1441(b), where no viable cause of action has been stated against that defendant. *See*

6   *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v.*

7   *Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir.), *cert. denied*, 525 U.S. 963 (1998);

8   *TPS Utilicom Services, Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1100 (C.D.Cal.

9   2002). Stated differently, a defendant is fraudulently joined "if the plaintiff fails to state

10   a cause of action against the resident defendant, and the failure is obvious according to

11   the settled rules of the state." *Morris*, 236 F.3d at 1067 (citations omitted). In making

12   this determination, it is appropriate to consider undisputed facts presented by

13   declaration, as discussed more fully in § IV.B.3, *infra. See McCabe v. General Foods*

14   *Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Such evidence is not necessary, however,

15   where a plaintiff has failed to allege, in her complaint, sufficient facts to support his

16   claims in the first place. *Id.* (concluding that "[o]n the basis of the complaint alone, the

17   district court could rightly conclude that no cause of action had been stated against

18   Moltz and Ladson").[4]

19    Here, the Plaintiff's claims against McKesson fail for four separate reasons, each

20   by itself sufficient to warrant dropping McKesson as a party under *Fed. R. Civ. P.* 21.

21   First, the Plaintiff has not made any specific factual allegations in her Complaint that

22   are directed to McKesson or that tie McKesson to Plaintiff's claims, and Plaintiff

23

24   [4]  The Plaintiff discusses "realignment of parties" at some length in her supporting memorandum,
     Plf's Mem. Supp. Mot. Remand at 10-11, but fails to explain how such "realignment" could

25   possibly be proper or to show that it would affect the Court's diversity jurisdiction. The cases
     cited by Plaintiff address whether there is an actual dispute between the *plaintiff* and one of the

26   defendants, and have realigned a defendant as a plaintiff when there is a common interest between
     that defendant and the party that filed suit. *See City of Indianapolis v. Chase Nat. Bank of City of*

27   *New York*, 314 U.S. 63 (1941); *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th
     Cir. 1981). Here, there is no common interest between Plaintiff and McKesson, and McKesson

28   has no interest in this case at all because it is not a proper party in the first place.

9

1    cannot properly cure this defect by making generalized allegations directed to all

2    "defendants." Second, Plaintiff has not alleged (and has no good faith basis to allege)

3    facts to show that McKesson actually distributed the Fosamax that Plaintiff allegedly

4    ingested, as her claims require. Third, the unrebutted facts set forth by McKesson and

5    Merck demonstrate that there is no basis for any claim against McKesson. Fourth,

6    under the learned intermediary doctrine, it was Merck, and not McKesson, that had the

7    duty to provide warnings to the Plaintiff's physician, and McKesson could not have

8    modified the FDA-approved labeling on the unopened packages of Fosamax that it

9    sold.[5]

### 1.  Plaintiff's Conclusory, General Allegations Are Not Sufficient To State A Claim Against McKesson.

McKesson is specifically mentioned only twice times in the entire Complaint.

Paragraph 1 mentions McKesson, but contains no specific allegations of fact and is in

the nature of a preamble. Paragraph 16 merely alleges that "McKesson was in the

business of promoting and distributing the pharmaceutical Fosamax" and "sold and

distributed Fosamax in California." Nothing has been alleged in the Complaint that

could tie McKesson to the Plaintiff's alleged injuries. Instead, the Plaintiff makes only

general and conclusory assertions about "Defendants."

Such conclusory allegations directed to non-specific "defendants" cannot

substitute for the specific allegations needed to state a cause of action against

McKesson. *See, e.g., In re Phenylpropanolamine (PPA) Products Liab. Litig.,* MDL

---

[5]  Plaintiff relies on an unpublished decision by a Los Angeles, California trial court in the Vioxx litigation. *See* Plf's Mem. Supp. Mot. to Remand, at 12. That decision, however, does not address the learned intermediary doctrine, as discussed *infra*, § IV.B.4. The Plaintiff is also incorrect to claim that prior Vioxx cases from the Central District decided "this very issue." *Id.* at 11. The Plaintiff fails to cite a number of cases from the Central and Eastern Districts in which McKesson was found to have been fraudulently joined based on allegations similar to those made by the Plaintiff here. *See Aronis v. Merck & Co., Inc.,* Civ. No. S-05-0486 WBS DAD, 2006 W.L. 2161731, *1 (E.D. Cal. May 5, 2005) (finding McKesson to have been fraudulently joined); *Barlow v. Warner-Lambert Co.,* Case No. CV 03 1647 R (RZx), Slip Op. at 2 (C.D. Cal. April 28, 2003) (same) (Ex. 8 to RJN); *Skinner v. Warner-Lambert Co.,* Case No. CV 03 1643-R (RZx), Slip Op. at 2 (C.D.Cal. April 28, 2003) (same) (Ex. 9 to RJN).

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

No. 1047, relating to Civ. No. C02-423R, Slip Op. at 5 (W.D. Wash. Nov. 27 2002) (rejecting general allegations directed to "defendants" and concluding that complaint failed to present any factual basis to believe that improperly joined defendant knew or had reason to know of alleged product defect) (hereinafter "In re PPA") (Ex. 7 to RJN). For this reason, many courts have recognized that a failure to make any material allegations against a defendant such as McKesson demonstrates that the defendant's joinder is fraudulent. *See, e.g., Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [the in-state defendants] were made"); *Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 W.L. 809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them).

The Plaintiff's general allegations, such as her claim that "Defendants" knew of the alleged risks associated with the use of Fosamax, are particularly deficient in this case. These wholly conclusory assertions are both undermined and contradicted by Plaintiff's more specific allegations that *Merck* purportedly concealed and misrepresented such information. *See, e.g.,* Complaint ¶¶ 29-31 (discussing interactions between Merck and FDA, and referring to actions that are only taken by drug manufacturer, not by distributors). These claims by the Plaintiff are similar to the claims rejected by the District Court in *In re PPA, supra*, where the court found that an allegation that "manufacturer defendants concealed material facts regarding PPA through product packaging, labeling, advertising, promotional campaigns and materials, and other methods . . . directly undermines and contradicts the idea that [resident retail defendant] had knowledge or reason to know of alleged defects." *In re PPA*, MDL No. 1047, Slip Op. at 7 (Ex. 7 to RJN). The Plaintiff's allegations of Merck's purported concealment and misrepresentation of the alleged risks of Fosamax belie any inference

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

11

that McKesson, a wholesale distributor, had knowledge of facts that Merck allegedly concealed.

### 2. Plaintiff Alleges No Facts To Show That McKesson Caused Plaintiff's Alleged Injuries.

The crux of the Plaintiff's Complaint is an alleged failure by Merck adequately to warn of the alleged side effects associated with the use of Fosamax, and the Plaintiff seeks damages based upon the harm that she claims resulted from her use of Fosamax. It is well settled that Plaintiff's claims against McKesson for negligence, strict liability, negligent misrepresentation, and fraudulent concealment require them to show that McKesson caused their alleged injuries. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (stating that plaintiff must allege a causal connection between injury and the defendant's conduct); *Aronis v. Merck & Co., Inc.*, Civ. No. S-05-0486 WBS DAD, 2006 W.L. 2161731, *1 (E.D. Cal. May 5, 2005); *Cox v. Depuy Motech, Inc.*, Civ. No. 95-cv-3848-L(JA), 2000 W.L. 1160486, at *5 (S.D. Cal. 2000) (finding that causation is an essential element of strict liability and negligence claims); *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612-13, 7 Cal. Rptr. 2d 859 (1992) (stating that causation is a necessary element in claims based upon alleged "fraudulent concealment").

Plaintiff's claims under California's Unfair Competition Law, Cal. Bus & Prof. Code §§ 17200 *et seq.*, and California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, fail unless the Plaintiff can demonstrate that she suffered "injury in fact . . . as a result of" some act by McKesson. *See* Cal. Bus. & Prof. Code § 17204.[6] Plaintiff's claim under California's Consumers Legal Remedies Act requires the Plaintiff to show that McKesson was engaged, with Plaintiff, "in a transaction intended

---

[6] Plaintiffs' statutory claims against McKesson fail for many other reasons, including the fact that, as discussed in § IV.B.3, McKesson engaged in no advertising relating to Fosamax in California and has made no statements relating to Fosamax to either patients or physicians in California, as would be required to bring unfair competition and false advertising claims under these California statutes.

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

12

1    to result or which results in the sale or lease of goods or services." Cal. Civ. Code §

2    1770. The Plaintiff's breach of warranty claims not only require proof of causation, but

3    also require her to prove that she was in privity of contract with McKesson. *See Burr v.*

4    *Sherwin Williams Co.*, 42 Cal.2d 682, 695, 268 P.2d 1041 (1954) (stating that privity of

5    contract is necessary element of express warranty claim); *Fieldstone Company v. Briggs*

6    *Plumbing Prods.*, 54 Cal. App. 4th 357, 371, 62 Cal. Rptr. 2d 701 (1997) (stating that

7    vertical privity of contract is necessary element for implied warranty claim).

8         Plaintiff, however, presents no facts to support any allegation that McKesson

9    caused her alleged injuries, that such injuries resulted from some act by McKesson, or

10   that there was any privity between McKesson and the Plaintiff. The Complaint does

11   *not* allege that McKesson distributed the Fosamax that Plaintiff allegedly received. The

12   Plaintiff does not allege that McKesson had any contact with her. Nor has Plaintiff

13   alleged that McKesson had any contact with her prescribing physician.

14        Plaintiff's breach of warranty claims and statutory claims, in particular, fail

15   because Plaintiff presents no non-conclusory allegations that McKesson made any

16   representations or warranties to Plaintiff or her prescribing physician, or that Plaintiffs

17   or their prescribing physician relied on any such specific representation or warranty by

18   McKesson. *See, e.g., Taylor AG Industries v. Pure-Gro*, 54 F.3d 555, 558 (9th Cir.

19   1995) (dismissing breach of express warranty claim against distributor due to plaintiff's

20   failure to identify any statements made by the distributor that were inconsistent with or

21   went beyond either the product labels or the product guide provided by the

22   manufacturer); *see also Keith v. Buchanan*, 173 Cal. App. 3d 13, 25, 220 Cal. Rptr. 392

23   (1985) (actual reliance is an element of implied warranty claim); *B.L.M. v. Savo &*

24   *Deitsch,* 55 Cal.App.4th 823, 834, 64 Cal. Rptr. 2d 335 (1997) (to state a claim of

25   negligent misrepresentation, plaintiff must at least identify the alleged

26   misrepresentation).

27

28

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

---

13

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

Lacking any allegations of a causal connection between Plaintiff's alleged injuries and McKesson's distribution of Fosamax, the Plaintiff cannot maintain her claims against McKesson. *See Aronis v. Merck & Co., Inc.*, 2006 W.L. 2161731 at *1 (holding that McKesson was fraudulently joined in that action because "Plaintiff makes no allegation that McKesson ever handled the specific pills that were allegedly the cause of her injuries," and denying motion for remand); *see also Becraft v. Ethicon*, Civ. No. C00-1474 CRB, 2000 W.L. 1721056, *3 (N.D. Cal. Nov. 2, 2000) (court may find that a distributor is fraudulently joined for purposes of removal unless the plaintiff can produce evidence or establish a good faith basis for believing that the product plaintiff received came from the defendant distributor). McKesson is not properly joined in this action.

### 3. Plaintiff's Claims Have No Merit In Light Of The Facts Set Forth By Merck And McKesson.

Even if Plaintiff's general allegations were sufficient, by themselves, to state more than a mere theoretical claim, which they are not, any such claim would fail in light of the unrebutted facts presented by Merck and McKesson. While the propriety of removal to federal court is usually based upon the allegations in the plaintiff's complaint, where fraudulent joinder is at issue, the defendant "is entitled to present the facts showing the joinder to be fraudulent." *Ritchey*, 139 F.3d at 1318; *McCabe*, 811 2d at 1339 (9th Cir. 1987) (same); *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (stating that the court may "pierc[e] the pleadings" and consider "summary judgment type evidence") (cited by *McCabe*, *supra*). Thus, it is well established that fraudulent joinder may be established on the basis of declarations such as those filed by Merck and McKesson in this case. *See, e.g,. McCabe*, 811 F.2d at 1339 (citing plaintiff's and defendants' declarations); *Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005) (finding fraudulent joinder of sales representatives and reversing trial court's refusal to consider representatives' affidavits).

1  The declarations submitted on behalf of Merck and McKesson in this action

2  clearly demonstrate that Plaintiff's claims lack any foundation. McKesson did not

3  manufacture, produce, process, encapsulate, test, label, package, or repackage Fosamax,

4  and McKesson has not made any representations as to the efficacy or safety of

5  Fosamax. Yonko Decl. ¶ 3. Nor has McKesson been involved in Merck's promotion

6  of Fosamax. McKesson has not promoted or advertised Fosamax, or contacted

7  physicians or patients relating to Fosamax. Loose Decl. ¶¶ 2-3. McKesson's role was

8  limited to forwarding the unopened product, with its original packaging and label, to a

9  pharmacy or health-care facility. Yonko Decl. ¶ 4.

10  These declarations also show that there is no basis to believe that McKesson

11  distributed the Fosamax that Plaintiff claims to have ingested. There are at least 100

12  distributors of Merck products, all of whom may distribute Fosamax. Rhodes Decl. ¶ 2.

13  Merck does not limit these distributors by territory – each is permitted to sell Merck

14  products, including Fosamax, in any state in the United States. *Id.* ¶¶ 2-3. The Plaintiff

15  does not specify where she obtained Fosamax, and provide no basis to believe that they

16  purchased this drug from a pharmacy or other provider (the Plaintiff does not state

17  which) that, in turn, bought its products from McKesson, as opposed to the roughly 100

18  or more other Merck distributors.

19  The materials submitted by the Plaintiff in support of her Motion for Remand do

20  not contradict or rebut any of the plain statements set forth in these declarations.

21  Plaintiff's assertion that a former Merck executive became an executive for a company

22  affiliated with McKesson, for example, does not relate to McKesson's distribution of

23  Fosamax in any way. Plaintiff's claim that companies or entities affiliated with

24  McKesson may have provided services to the pharmaceutical industry also does not

25  relate to Fosamax, and such speculation cannot rebut the declaration testimony that

26  Merck did not retain McKesson to advertise or promote Fosamax, to act as a sales

27  representative for Merck relating to Fosamax, or to communicate with physicians or

28

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

patients in any way relating to Fosamax.  Loose Decl. ¶¶ 2-3.  The Plaintiff cannot rebut these declarations by engaging in pure speculation, and the materials submitted by the Plaintiff do not support such speculation.  Based upon the unrebutted facts submitted by McKesson and Merck in this case, the Plaintiff's claims against McKesson have no basis.

### 4.     Plaintiff's Claims Are Barred By The Learned Intermediary Doctrine.

Even if the Plaintiff had directed specific allegations at McKesson, there still would be no legal basis for Plaintiff's claims against McKesson because those claims are based on an alleged failure to warn and premised – as to McKesson – on a non-existent duty.[7]  Under California's well-established learned intermediary doctrine, the duty to warn runs from a drug's manufacturer to the physician who prescribes the drug. *See, e.g., Carlin v. Superior Court,* 13 Cal.4th 1104, 1117, 56 Cal. Rptr. 2d 162 (1996); *Stevens v. Parke, Davis & Co.*, 9 Cal.3d 51, 65, 107 Cal. Rptr. 45 (1973) ("In the case of medical prescriptions, if adequate warning of potential dangers of a drug has been given to doctors, there is no duty by the drug manufacturer to insure that the warning reaches the doctor's patient for whom the drug is prescribed.") (internal quotations omitted).  The duty to warn is limited in this manner because the physician is in the best position to determine whether a patient should take a prescription medication, and the patient's reliance on a physician's informed judgment would be undermined if duties were imposed upon manufacturers or others, such as McKesson, to warn patients directly.  *See, e.g., Carmichael v. Reitz,* 17 Cal.App.3d 958, 988-89, 95 Cal. Rptr. 381 (1971) (providing rationale for duty running to doctor instead of patient).

Because the duty to warn is imposed upon a drug's manufacturer, who has the requisite scientific knowledge, numerous courts have found distributors like McKesson to have been fraudulently joined in failure-to-warn cases such as this one.  *See, e.g.,*

---

[7]   The California trial court decision by Judge Victoria Chaney, cited in Plaintiff's supporting memorandum at 12, does not address the learned intermediary doctrine.

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

16

*Barlow v. Warner-Lambert Co.*, Case No. CV 03 1647 R (RZx), Slip Op. at 2 (C.D. Cal. April 28, 2003) ("The Court finds that there is no possibility that plaintiffs could prove a cause of action against McKesson, an entity which distributed this FDA-approved medication [Rezulin] to pharmacists in California;" motion to remand denied) (Ex. 8 to RJN); *Skinner v. Warner-Lambert Co.,* Case No. CV 03 1643-R (RZx), Slip Op. at 2 (C.D.Cal. April 28, 2003) (same) (Ex. 9 to RJN); *In re Baycol Prods. Litig.*, MDL No. 1431, Case No. 139, Slip Op. at 3-4 (D.Minn. May 24, 2002) (finding retail distributor of prescription drugs fraudulently joined) (Ex. 10 to RJN); *see also Schaerrer v. Stewart's Plaza Pharmacy*, 79 P.3d 922, 929 (Utah 2003) (declining to extend duty to warn to retail distributor of prescription diet drug because distributor's "ability to distribute prescription drugs is limited by the highly restricted FDA-regulated drug distribution system in this country").[8]

Equally important, it is undisputed that Merck and the FDA prepared the information to be included with the prescription medication Fosamax through a collaborative process, with the FDA having final approval over the information that could be presented. *See* 21 U.S.C. § 331. Once the FDA determines the form and content of such prescribing and warning information, it is a violation of federal law to alter that information. *See* 21 U.S.C. § 331(k) (prohibiting drug manufacturers and distributors from causing the "alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling" of an FDA-approved drug held for sale); *Brown v. Superior Court*, 44 Cal. 3d 1049, 1069 n.12, 245 Cal. Rptr. 412 (1988) (FDA regulates the testing, manufacturing, and marketing of drugs, including the content of their warning labels). Even if McKesson had distributed the Fosamax that Plaintiff claims to have ingested, which is not supported by any allegation in the

---

[8]   In asserting that Merck's fraudulent joinder argument is "counter to prior rulings in the Central District on this very issue," Plf's Mem. Supp. Mot. Remand at 11, the Plaintiff fails to cite *Barlow*, *supra*, and *Skinner*, *supra*, two prior rulings from the Central District in which McKesson was found to have been fraudulently joined based upon the same types of allegations at issue here. (Exs. 8 & 9 to RJN). Nor does the Plaintiff cite *Aronis v. Merck & Co., Inc.*, 2006 W.L. 2161731 at *1, an Eastern District case in which McKesson was found to have been fraudulently joined.

V E N A B L E   L L P
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

Complaint, McKesson could not have changed the information it was given by Merck, as approved by the FDA, without violating federal law. No duty can be found where it requires a party to violate the law to fulfill it.[9]

Because no duty runs from a prescription drug distributor to a consumer and because a prescription drug distributor has no ability to alter the warning of a prescription drug, no claim can be stated by the Plaintiff against McKesson based on an alleged failure to warn.

### C.    Limited Discovery Would Be Appropriate Before Any Remand.

Plaintiff's Motion for Remand should be denied, and McKesson dropped as a party from this action. If the facts set forth above are not dispositive of these issues, however, the Court should not grant Plaintiff's motion without first permitting Merck to engage in limited discovery directed to the remand issues.

The Ninth Circuit has recognized that discovery materials such as deposition testimony may be appropriately considered in assessing whether a defendant has been fraudulently joined. *See Morris*, 236 F.3d at 1068 (citing Fifth Circuit precedent).[10] Merck believes that the Motion for Remand should be denied based upon (a) the lack of any specific allegations tying McKesson to Plaintiff's claims, and (b) the specific, unrebutted facts presented in the declarations submitted with this opposition. Should the Court disagree, however, Merck requests that it be permitted to take limited

---

[9]  Plaintiff asserts that distributors are liable for failure to warn, but the decision cited by the Plaintiff did not involve either a pharmaceutical product *or* a learned intermediary. *See Anderson v. Owens-Corning Fiberglas Corp.*, 53 Cal. 3d 987, 281 Cal. Rptr. 528 (1991); Plf's Mem. Supp. Mot. Rem. at 9. Nothing in *Anderson* suggests that a distributor such as McKesson has a duty to warn, where McKesson cannot change the warnings required by the FDA on product labeling, and the duty to warn the doctor is imposed upon the manufacturer, who obtains FDA approval for the product label and warning information.

[10]  *See also Legg*, 428 F.3d at 1322-23 (stating that "[t]he proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)," and that depositions are properly considered) (internal quotations omitted); *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817 (1990) ("When determining fraudulent joinder, the district court may look to the facts established by summary judgment evidence as well as the controlling state law. Hence, the trial court properly considered affidavits and depositions in ruling on the plaintiffs' motion to remand.").

18

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

1   discovery of the Plaintiff, for purposes of further establishing the amount in controversy

2   and that Plaintiff has no basis for her claims against McKesson.

3   **V.    CONCLUSION**

4           For all of the foregoing reasons, Merck respectfully submits that the Court should

5   hold Plaintiff's Motion for Remand in abeyance, pending the determination by the

6   Judicial Panel on Multidistrict Litigation as to where this Motion may be most

7   efficiently addressed.  Should the Court choose to address this Motion, Merck asks that

8   it be denied, based upon the lack of any pertinent, specific allegations against

9   McKesson and in light of the submitted declarations.  In the alternative, Merck asks that

10  it be permitted to engage in limited discovery with respect to these remand issues,

11  should the Court feel that further information is necessary to establish jurisdiction.

12  Dated:  January 26, 2007                    VENABLE LLP

13                                              S/ Jeffrey M. Tanzer
                                                    Attorneys for Defendant
14                                                  Merck & Co., Inc.
                                                    E-Mail: jtanzer@venable.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MERCK'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

**DECLARATION OF JEFFREY RHODES**

1  VENABLE LLP
   Douglas C. Emhoff (Cal. Bar No. 151049)
2  Jeffrey M. Tanzer (Cal. Bar No. 129437)
   2049 Century Park East, Suite 2100
3  Los Angeles, California 90067
   Telephone: (310) 229-9900
4  Facsimile: (310) 229-9901

5  Attorneys For Defendant
   MERCK & CO., INC.
6

7
                 UNITED STATES DISTRICT COURT
8
                 CENTRAL DISTRICT OF CALIFORNIA
9

10
   EDWARD A. MORRIS and RUTH P.          CASE NO.: CV-06-5587 CAS
11 MORRIS, husband and wife; HELEN F.    (PLAx)
   TRACY, a single woman; JUDY C. PENN
12 and BUDDY W. PENN, wife and husband,
                                         **DECLARATION OF JEFFREY**
13            Plaintiffs,                **RHODES IN SUPPORT OF**
                                         **DEFENDANT MERCK & CO.,**
14 v.                                    **INC.'S OPPOSITION TO**
                                         **PLAINTIFFS' MOTION TO**
15 MERCK & CO., INC., a New Jersey       **REMAND TO STATE COURT**
   corporation; McKESSON CORPORATION,
16 a Delaware corporation; and DOES 1-50,

17            Defendants.

18

19

20
   I, Jeffrey Rhodes, declare as follows:
21

22
          1.    I am employed by Merck & Co., Inc. ("Merck") and am the Senior Director
23
   of the Merck Order Management Center. Among other things, I am responsible for
24
   managing direct purchase accounts with pharmaceutical distributors, including McKesson
25
   Corporation ("McKesson"). Except as otherwise noted, I have personal knowledge of the
26
   facts stated herein and, if called to testify as a witness, I could and would testify
27
   competently thereto.
28

                                        20

2.     Merck has at least 100 distributors that it uses to distribute its products to pharmacies, hospitals, and other medical facilities across the country, any one of those distributors may distribute FOSAMAX® and FOSAMAX® Plus D (hereinafter "FOSAMAX®"). Merck does not assign territories to its distributors or otherwise limit their U.S. sales by geographic region or by State. As far as Merck is aware, a particular pharmacy or medical facility in a particular state may purchase Merck products, including FOSAMAX®, from any of these distributors.

3.     McKesson is not an exclusive distributor of Merck products, and Merck uses many other suppliers to distribute pharmaceuticals such as FOSAMAX®. McKesson is just one of many suppliers who could have supplied FOSAMAX® to any given pharmacy or medical facility throughout the United States.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on this 10th day of November, 2006, in Lansdale, Pennsylvania.

Jeffrey Rhodes

21

DECLARATION OF THOMAS LOOSE

VENABLE LLP
Douglas C. Emhoff (Cal. Bar No. 151049)
Jeffrey M. Tanzer (Cal. Bar No. 129437)
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys For Defendant
MERCK & CO., INC.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD A. MORRIS and RUTH P. MORRIS, husband and wife; HELEN F. TRACY, a single woman; JUDY C. PENN and BUDDY W. PENN, wife and husband, <br><br> Plaintiffs, <br><br> v. <br><br> MERCK & CO., INC., a New Jersey corporation; McKESSON CORPORATION, a Delaware corporation; and DOES 1-50, <br><br> Defendants. | CASE NO.:  CV-06-5587 FMC (PLAx) <br><br> **DECLARATION OF THOMAS LOOSE IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO STATE COURT** |

I, Thomas Loose, declare as follows:

1.     I am employed by Merck & Co., Inc. ("Merck") and am the Senior Director of Marketing for the Osteoporosis Marketing Team.  In that capacity I am knowledgeable about Merck's promotion of FOSAMAX® and am familiar with the entities that Merck has engaged to promote FOSAMAX®.  Except as otherwise noted, I have personal knowledge of the facts stated herein and, if called to testify as a witness, I could and would testify competently thereto.

22

1        2.    To the best of my knowledge, Merck has not engaged McKesson

2 Corporation, McKesson HBOC, Inc., McKesson Pharmaceutical Partners Group,

3 Healthcare Delivery Systems, McKesson Pharmaceutical Services Group, or McKesson

4 Pharmaceutical Services and International Group (hereinafter collectively "McKesson") in

5 relation to any marketing or advertising pertaining to FOSAMAX®. To the best of my

6 knowledge, McKesson has not arranged for any such marketing or advertising relating to

7 FOSAMAX®, and McKesson has not had any participation in the creation of such

8 marketing or advertising.

9        3.    To the best of my knowledge, Merck has not engaged McKesson to

10 communicate with physicians or patients relating to FOSAMAX®, or to have any

11 communications directly with physicians or patients of any kind. McKesson has not acted

12 as a sales representative for Merck in any respect relating to FOSAMAX®.

13

14      I declare under penalty of perjury under the laws of the United States that the

15 foregoing is true and correct, and that this declaration was executed on this 13th day of

16 November, 2006 in Upper Gwynedd, Pennsylvania.

17

18

19 Thomas Loose

20

21

22

23

24

25

26

27

28

23

DECLARATION OF GREGORY S. YONKO

Anthony G. Brazil, Esq.   State Bar No. 84297
Kanika D. Corley, Esq.        State Bar No. 223607
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, CA 90017
Telephone: (213) 891-9100

Attorneys for Defendant,
McKesson Corporation

# UNITED STATES DISTRICT COURT

No.:

**DECLARATION OF GREGORY S. YONKO IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

I, Gregory Yonko, declare:

1.    I am Senior Vice President – Purchasing for McKesson Corporation ("McKesson"), and make this declaration in support of Defendant Merck & Co., Inc.'s Opposition to Plaintiff's Motion to Remand, based on my personal knowledge.

2.    I have been in my current position since 1997, and have been employed by McKesson for over 25 years. As Senior Vice President – Purchasing, I am responsible for purchasing, prescription and non-prescription branded product management and investment purchasing.

3.    McKesson is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chain, independent pharmacy customers and hospitals.

L0068473

-1-

DECLARATION OF GREGORY S. YONKO IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

24

1    As a wholesale distributor, McKesson distributes products manufactured by others. As to

2    FOSAMAX®, McKesson does not manufacture, produce, process, test, encapsulate, label,

3    package or repackage these products, nor does it make any representations or warranties

4    as to the products' safety or efficacy.

5          4.      McKesson distributed FOSAMAX®, manufactured by Merck & Co., Inc.,

6    along with many other products of other pharmaceutical companies, to certain drug stores,

7    pharmacies, health care facilities and hospitals throughout the United States. As stated

8    above, McKesson did not manufacture, produce, process, test, encapsulate, label, package

9    or repackage FOSAMAX®, but only delivered the unopened boxes that contained the

10   drug.

11         5.      To my knowledge, there is no single state within the United States in which

12   McKesson is or was the sole supplier of FOSAMAX®.  McKesson is one of many

13   suppliers who could have supplied FOSAMAX® to the numerous pharmacies throughout

14   the United States.

15

16         I declare under penalty of perjury, under the laws of the United States of America,

17   that the foregoing is true and correct, and that this declaration was executed on this _28_

18   day of November, 2006, in San Francisco, California.

19                                          _____

20                                          Gregory S. Yonko, Declarant

21

22

23

24

25

26

27

28

L0068473                                   -2-

DECLARATION OF GREGORY S. YONKO IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

25

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action;  my business address is 2049 Century Park East, #2100, Los Angeles, California 90067.

On January 26, 2007, I served the foregoing document(s) described as **DEFENDANT MERCK & CO., INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** on the interested parties in this action addressed as follows:

SEE ATTACHED SERVICE LIST

☒     By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☐ **BY PERSONAL SERVICE (CCP §1011)**:  I delivered such envelope(s) by hand to the addressee(s) as stated above.

☒ **BY MAIL (CCP §1013(a)&(b))**:  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY  (CCP §1013(c)&(d))**:  I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery.  Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, #2100, Los Angeles, California, in the ordinary course of business.

Executed on January 26, 2007 at Los Angeles, California

☐     **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒     **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Carolyn Simanian

MERCK'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

V E N A B L E   L L P
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

# ATTACHED SERVICE LIST

Hector G. Gancedo, Esq.              *Attorneys for Plaintiff*
Amy M. Boombouwer, Esq.
GANCEDO & NIEVES LLP
144 West Colorado Boulevard
Pasadena, CA 91105
Tel:  626 685-9800
Fax:  626 685-9808

Anthony G. Brazil, Esq.              *Attorneys for Defendant McKesson*
Kanika D. Corley, Esq.               *Corporation*
MORRIS POLICY & PURDY
1055 W. Seventh Street, Suite 2400
Los Angeles, CA  90017
Tel:  213 891-9100
Fax: 213 488-1178

MERCK'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900