VENABLE LLP
Douglas C. Emhoff (Cal. Bar No. 151049)
Jeffrey M. Tanzer (Cal. Bar No. 129437)
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile:   (310) 229-9901
E-mail: demhoff@venable.com
E-mail: jtanzer@venable.com

Attorneys for Defendant
Merck & Co., Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA GOYA, an individual<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., a Corporation; McKESSON CORPORATION, a Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.:  06-CV-2574 H (AJB)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**<br><br>Hearing<br>Date:        Feb. 12, 2007<br>Time:        10:30 a.m.<br>Dept.:       Courtroom 13, 5th Fl.<br>                  Honorable Marilyn L. Huff |

Pursuant to Federal Rule of Evidence 201, Defendant Merck & Co., Inc. hereby requests the Court to take judicial notice of the files and records of the following courts in the proceedings identified below, and of the facts contained therein:

   a.   Before the Judicial Panel on Multidistrict Litigation:

      1.   *In re Fosamax Prods. Liab. Litig.*, MDL No. 1789 (J.P.M.L.).

1

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

b.      Before the United States District Court for the Central District of California:

        1.    *Morris, et al. v. Merck & Co., Inc., et al.*, No. CV 06-5587 FMC (PJWx)(C.D. Cal.).

        2.    *Clayton v. Merck & Co., Inc., et al.*, No. CV 06-6398 FMC (PJWx) (C.D. Cal.).

        3.    *Karen Johnson v. Merck & Co., Inc.*, Case No. CV 06-5378 FMC (PJWx) (C.D. Cal.).

        4.    *Valiente v. Merck & Co., Inc., et al.*, Case No. CV 06-7027 FMC (PJWx) (C.D. Cal.).

        5.    *Hammond v. Merck & Co., Inc.*, Case No. CV 06-7343 FMC (FFMx) (C.D. Cal.).

        6.    *Barlow v. Warner-Lambert Co.*, Case No. CV 03 1647 R (RZx) (C.D. Cal.).

        7.    *Skinner v. Warner-Lambert Co.*, Case No. CV 03 1643-R (RZx) (C.D.Cal.).

        8.    *Ferraro, et. al., v. Merck & Co., Inc., et al.*, No. CV No. CV 06-7733 FMC (PJWx) (C.D. Cal.)

c.      Before the United States District Court for the Northern District of California:

        1.    *Bogard, et al., v. Merck & Co., Inc., et al.*, No. 3:06-CV-06917 SC (N.D. Cal.).

d.      Before the United States District Court for the Western District of Washington:

        1.    *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, MDL No. 1047 (W.D. Wash.).

1        e.    Before the United States District Court for the District of

2    Minnesota:

3            1.    *In re Baycol Prods. Litig.*, MDL No. 1431, Case

4                  No. 139 (D.Minn.).

5

6        For the Court's convenience, copies of the following documents of

7    which judicial notice is specifically requested are attached:

8    <u>Exhibit 1:</u>    Opinion and Order filed December 6, 2006 in *Morris, et al. v.*

9    *Merck & Co., Inc., et al.*, No. CV 06-5587 FMC (PJWx) (C.D. Cal.).

10   <u>Exhibit 2:</u>    Opinion and Order filed December 7, 2006 in *Clayton v. Merck*

11   *& Co., Inc., et al.*, No. CV 06-6398 FMC (PJWx) (C.D. Cal.).

12   <u>Exhibit 3:</u>    Conditional Transfer Order No. 11, filed 12/4/2006 in *In re*

13   *Fosamax Prods. Liab. Litig.*, MDL No. 1789 (J.P.M.L.).

14   <u>Exhibit 4:</u>    Notice from MDL Panel dated Jan. 11, 2007, filed in *In re*

15   *Fosamax Prods. Liab. Litig.*, MDL No. 1789 (J.P.M.L.).

16   <u>Exhibit 5:</u>    Notice of Removal filed 11/2/2006 in *Valiente v. Merck & Co.,*

17   *Inc., et al.*, CV 06-7207 FMC (PLAx) (C.D. Cal.).

18   <u>Exhibit 6:</u>    Conditional Transfer Order No. 10, filed 12/4/2006 in *In re*

19   *Fosamax Prods. Liab. Litig.*, MDL No. 1789 (J.P.M.L.).

20   <u>Exhibit 7:</u>    Opinion and Order dated November 27, 2002, in *In re*

21   *Phenylpropanolamine (PPA) Products Liab. Litig.,* MDL No. 1047, relating

22   to Civ. No. C02-423R (W.D. Wash.).

23   <u>Exhibit 8:</u>    Opinion and Order dated April 28, 2003, in *Barlow v. Warner-*

24   *Lambert Co.*, Case No. CV 03 1647 R (RZx) (C.D. Cal.).

25   <u>Exhibit 9:</u>    Opinion and Order dated April 28, 2003 in *Skinner v. Warner-*

26   *Lambert Co.,* Case No. CV 03 1643-R (RZx) (C.D.Cal.).

27

28

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MERCK'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

**Exhibit 10:**   Opinion and Order dated May 24, 2002 in *In re Baycol Prods. Litig.*, MDL No. 1431, Case No. 139 (D.Minn. May 24, 2002).

Additionally, copies of the November 10, 2006 Declaration of Jeffrey Rhodes, the November 13, 2003 Declaration of Thomas Loose, and the November 28, 2006 Declaration of Gregory S. Yonko, which were submitted in the case of *Morris, et al. v. Merck & Co., Inc., et al.*, No. CV 06-5587 FMC (PJWx) (C.D. Cal.), are attached to the concurrently-filed memorandum of points and authorities.

Dated:  January  26, 2007                      VENABLE LLP

S/ Jeffrey M. Tanzer
Attorneys for Defendant
Merck & Co., Inc.
E-Mail: jtanzer@venable.com

**EXHIBIT "1"**

FILED
CLERK, U.S. DISTRICT COURT

DEC - 6 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDWARD A. MORRIS and RUTH P.
MORRIS, husband and wife; HELEN
F. TRACY, a single woman; JUDY C.
PENN and BUDDY W. PENN, wife
and husband,

                       Plaintiffs,

vs.

MERCK & CO., INC., a New Jersey
Corporation; McKESSON
CORPORATION, a Delaware
corporation; DOES 1-50

                       Defendants.

CV 06-5587 FMC (PJWx)

ORDER GRANTING DEFENDANT'S
MOTION TO STAY AND DENYING
PLAINTIFFS' MOTION TO REMAND

DOCKETED ON CM

entered

DEC - 6 2006

BY _____ 085

    This matter is before the Court on Plaintiffs' Motion to Remand to State
Court (docket no. 18), and Defendant Merck & Co., Inc.'s Motion to Stay
Proceedings (docket no. 23), filed on October 26, 2006 and November 6, 2006,
respectively. The Court has considered the moving, opposition and reply
documents submitted in connection with the motions. The Court deems this
matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78,
Local Rule 7-15. Accordingly, the hearing set for December 11, 2006, is



(#35)

removed from the Court's calendar.  For the reasons and in the manner set forth

below, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiffs'

Motion to Remand without prejudice to the filing of a renewed motion in the

event that the Judicial Panel on Multidistrict Litigation ("JPML") does not

transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax*

*Prods. Liab. Litig.*

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Edward A. Morris, Helen F. Tracy and Judy C. Penn took the

prescription drug Fosamax, which is manufactured and sold by Defendant Merck

& Co., Inc. ("Merck") and distributed by Defendant McKesson Corporation

("McKesson").  Plaintiffs filed their Complaint in the Superior Court for the

State of California, County of Los Angeles, on August 16, 2006.  Plaintiffs

allege, *inter alia,* that Defendants misrepresented (affirmatively and through a

failure to warn) that Fosamax was a safe and effective treatment for osteoporosis,

Paget's Disease and other conditions.  Plaintiffs further allege that, as a

proximate result of injesting Fosamax, they have been permanently and severely

injured. Co-Plaintiffs Ruth P. Morris and Buddy W. Penn are bringing separate

claims for loss of consortium.

On September 6, 2006, Defendant Merck removed the action to this Court

on the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant

McKesson, a California citizen, is fraudulently joined.  In their motion to

remand, Plaintiffs argue that joinder was proper.   In its Opposition to the motion

and in its separate Motion for Stay, Merck maintains that resolution of the

question of the propriety of Plaintiffs' joinder of McKesson should be deferred

pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods.*

*Liab. Litig.*, and that all other proceedings in this action should be stayed until

2

1  such time.[1]  McKesson joins in Merck's Opposition to the motion to remand and

2  the Motion to Stay in all respects.

**STANDARD OF LAW**

4      "A trial court may, with propriety, find it is efficient for its own docket and

5  the fairest course for the parties to enter a stay of an action before it, pending

6  resolution of independent proceedings which bear upon the case." *Leyva v.*

7  *Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also*

8  *Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163

9  (1936) ("[T]he power to stay proceedings is incidental to the power inherent in

10  every court to control the disposition of the causes on its docket with economy of

11  time and effort for itself, for counsel, and for litigants.").

**DISCUSSION**

13      A stay of all proceedings until such time as the JPML renders its final

14  decision regarding transfer is in the interest of judicial economy.  A steady

15  succession of cases involving the drug Fosamax are being filed in this district

16  and other districts throughout the country and are awaiting transfer to the MDL

17  proceedings.[2]  Given the similarity of this litigation to other recent

18  pharmaceutical products liability litigation, the Court finds that there are likely to

19  be many more cases (in this district or otherwise) which present the precise

20  question of the propriety of joinder of Defendant McKesson and/or other

---

23  [1]Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the JMPL issued a Conditional Transfer Order on September 22, 2006.  Plaintiffs' Motion to Vacate that Order is currently pending.  *See* Request for Judicial Notice in Support of Merck & Co., Inc.'s Motion to Stay Proceedings, Exhibits 1-2.

25  [2] According to the JPML website, there are now 58 actions pending in MDL No. 1789, *In Re: Fosamax Prods. Liab. Litig.*  *See*  http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls. html (follow "Distribution of Pending MDL Dockets").

3

1   "distributor" defendants.[3]   Consideration of Plaintiffs' remand motion by this

2   Court at this juncture would therefore run the risk of inconsistent rulings between

3   different judges in different districts and/or would constitute an inefficient use of

4   judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 28408

5   *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs' motion to

6   relate all Zyprexa cases naming McKesson Corporation in this district, judges in

7   other California districts would nonetheless have to decide the issue, thus

8   resulting in unnecessarily duplicative litigation, an inefficient use of judicial

9   resources, and the risk of inconsistent results.").

10   **CONCLUSION**

11   Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay

12   Proceedings (docket no. 23) is GRANTED. Proceedings in this case are

13   STAYED until issuance of a final decision by the JPML regarding transfer or for

14   sixty (60) days, whichever is earlier.

15   Plaintiffs' Motion to Remand (docket no. 18) is DENIED without

16   prejudice to the filing of a renewed motion if transfer is denied.

17

18   IT IS SO ORDERED.

19   December 6 , 2006

20   FLORENCE MARIE COOPER, JUDGE

21   UNITED STATES DISTRICT COURT

22

23   [3]As Defendants point out, two Fosamax cases which name both Merck and McKesson as
Defendants were recently removed (by Merck) to the district courts for the Northern and Southern

24   Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s
Reply Memorandum in Support of Motion to Stay Proceedings, Exhibits 1-2. The Court takes

25   judicial notice of the fact that Merck is raising the same issues of fraudulent joinder those cases and
has filed a similar motion to stay proceedings pending possible transfer to the MDL action in the

26   Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria Citizens*

27   *Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice of
"proceedings in other courts, both within and without the federal judicial system, if those
proceedings have a direct relation to matters at issue.").

4

**EXHIBIT "2"**



FILED
CLERK, U S DISTRICT COURT

DEC - 7 2006

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANNE E. CLAYTON,

          Plaintiff,

vs.

MERCK & CO., INC., a New Jersey Corporation; McKESSON CORPORATION, a Delaware corporation; DOES 1-50

          Defendants.

CV 06-6398 FMC (PJWx)

ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING PLAINTIFF'S MOTION TO REMAND



DOCKETED ON CM

Ventered
DEC - 7 2006

BY _____ 085

    This matter is before the Court on Plaintiff's Motion to Remand to State Court (docket no. 10), and Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 12), filed on November 3, 2006 and November 8, 2006, respectively. The Court has considered the moving, opposition and reply documents submitted in connection with the motions. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearing set for December 11, 2006, is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiff's



1   Motion to Remand without prejudice to the filing of a renewed motion in the

2   event that the Judicial Panel on Multidistrict Litigation ("JPML") does not

3   transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax*

4   *Prods. Liab. Litig.*

5               **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

6               Plaintiff, Anne E. Clayton, took the prescription drug Fosamax, which is

7   manufactured and sold by Defendant Merck & Co., Inc. ("Merck") and

8   distributed by Defendant McKesson Corporation ("McKesson").  Plaintiff filed

9   her Complaint in the Superior Court for the State of California, County of Los

10  Angeles, on September 28, 2006.  Plaintiff alleges, *inter alia,* that Defendants

11  misrepresented (affirmatively and through a failure to warn) that Fosamax was a

12  safe and effective treatment for osteoporosis, Paget's Disease and other

13  conditions.  Plaintiff further alleges that, as a proximate result of injesting

14  Fosamax, she has been permanently and severely injured.

15              On October 6, 2006, Defendant Merck removed the action to this Court on

16  the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson,

17  a California citizen, is fraudulently joined.  In her motion to remand, Plaintiff

18  argues that joinder was proper.  In its Opposition to the motion and in its

19  separate Motion for Stay, Merck maintains that resolution of the question of the

20  propriety of Plaintiff's joinder of McKesson should be deferred pending transfer

21  of this action to the MDL proceedings in *In Re Fosamax Prods. Liab. Litig.*, and

22  that all other proceedings in this action should be stayed until such time.[1]

23  McKesson joins in Merck's Opposition to the motion to remand and the Motion

24

25  _____
    [1]Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict
    Litigation, the JMPL issued a Conditional Transfer Order on November 2, 2006.  Plaintiff's Motion
26  to Vacate that Order is currently pending.  *See* Request for Judicial Notice in Support of Merck &
    Co., Inc.'s Opposition to Plaintiff's Motion to Remand, Exhibits 1-2.
27

                                              2

1  to Stay in all respects.

2  **STANDARD OF LAW**

3  "A trial court may, with propriety, find it is efficient for its own docket and

4  the fairest course for the parties to enter a stay of an action before it, pending

5  resolution of independent proceedings which bear upon the case." *Leyva v.*

6  *Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also*

7  *Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163

8  (1936) ("[T]he power to stay proceedings is incidental to the power inherent in

9  every court to control the disposition of the causes on its docket with economy of

10  time and effort for itself, for counsel, and for litigants.").

11  **DISCUSSION**

12  A stay of all proceedings until such time as the JPML renders its final

13  decision regarding transfer is in the interest of judicial economy.   A steady

14  succession of cases involving the drug Fosamax are being filed in this district

15  and other districts throughout the country and are awaiting transfer to the MDL

16  proceedings.[2]   Given the similarity of this litigation to other recent

17  pharmaceutical products liability litigation, the Court finds that there are likely to

18  be many more cases (in this district or otherwise) which present the precise

19  question of the propriety of joinder of Defendant McKesson and/or other

20  "distributor" defendants.[3]   Consideration of Plaintiff's remand motion by this

21

22  [2] According to the JPML website, there are now 58 actions pending in MDL No. 1789, *In Re: Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.

23  html (follow "Distribution of Pending MDL Dockets").

24  [3] As Defendants point out, two Fosamax cases which name both Merck and McKesson as

25  Defendants were recently removed (by Merck) to the district courts for the Northern and Southern Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s

26  Reply Memorandum in Support of Motion to Stay Proceedings, Exhibits 2-3.  The Court takes judicial notice of the fact that Merck is raising the same issues of fraudulent joinder in those cases

27

3

1   Court at this juncture would therefore run the risk of inconsistent rulings between

2   different judges in different districts and/or would constitute an inefficient use of

3   judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS

4   28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs' motion

5   to relate all Zyprexa cases naming McKesson Corporation in this district, judges

6   in other California districts would nonetheless have to decide the issue, thus

7   resulting in unnecessarily duplicative litigation, an inefficient use of judicial

8   resources, and the risk of inconsistent results.").

9                              **CONCLUSION**

10          Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay

11   Proceedings (docket no. 12) is GRANTED.  Proceedings in this case are

12   STAYED until issuance of a final decision by the JPML regarding transfer or for

13   sixty (60) days, whichever is earlier.

14          Plaintiff's Motion to Remand (docket no. 10) is DENIED without

15   prejudice to the filing of a renewed motion if transfer is denied.

16

17   IT IS SO ORDERED.

18   December ___, 2006

19                              FLORENCE MARIE COOPER, JUDGE

20                              UNITED STATES DISTRICT COURT

21

22

23

---

24   and has filed a similar motion to stay proceedings pending possible transfer to the MDL action in

25   the Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria

     Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice

26   of "proceedings in other courts, both within and without the federal judicial system, if those

27   proceedings have a direct relation to matters at issue.").

                                      4

12

# EXHIBIT "3"

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

December 27, 2006

TO INVOLVED COUNSEL

Re: MDL-1789 -- In re Fosamax Products Liability Litigation

(See Attached CTO-11)

**RECEIVED**

DEC 2 9 2006

VBH - TOWSON

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: January 11, 2007** (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _Dana L. Stewart_
Deputy Clerk

Attachments

JPML Form 39

_13_

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 27 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 1789

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE FOSAMAX PRODUCTS LIABILITY LITIGATION

*Marilyn E. Hammond v. Merck & Co., Inc.*, C.D. California, C.A. No. 2:06-7343
*Nancy Ferraro, et al. v. Merck & Co., Inc., et al.*, C.D. California, C.A. No. 2:06-7733
*Edna Goya v. Merck & Co., Inc., et al.*, S.D. California, C.A. No. 3:06-2574

### CONDITIONAL TRANSFER ORDER (CTO-11)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 444 F.Supp.2d 1347 (J.P.M.L. 2006). Since that time, 30 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation,</u> 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

14

**INVOLVED COUNSEL LIST (CTO-11)**
**DOCKET NO. 1789**
**IN RE FOSAMAX PRODUCTS LIABILITY LITIGATION**

Robert F. Clarke
Phillips & Associates
3030 North Third Street
Suite 1100
Phoenix, AZ 85012

Kanika D. Corley
Morris, Polich & Purdy, LLP
1055 West 7th Street
Suite 2400
Los Angeles, CA 90017-2550

Douglas C. Emhoff
Venable
2049 Century Park East
21st Floor
Los Angeles, CA 90067

Tina B. Nieves
Gancedo & Nieves, LLP
144 West Colorado Blvd.
Pasadena, CA 91105

Carlos A. Prietto, III
Robinson Calcagnie & Robinson
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660

Jeffrey Marc Tanzer
Loeb & Loeb
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA 90067

*15*

# EXHIBIT "4"

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov



· January 11, 2007

Amy M. Boomhouwer, Esq.
Gancedo & Nieves, LLP
144 West Colorado Boulevard
Pasadena, CA 91105

Re: MDL-1789 -- In re Fosamax Products Liability Litigation

   *Edna Goya v. Merck & Co., Inc., et al.*, S.D. California, C.A. No. 3:06-2574  (Judge Marilyn L. Huff)

Motion and Brief Due on or before: **January 26, 2007**

Dear Ms. Boomhouwer:

     We have received and filed your Notice of Opposition to the proposed transfer of the referenced matter for coordinated or consolidated pretrial proceedings. In accordance with Rule 7.4(c) of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435 (2001), the conditional transfer order is stayed until further order of the Panel. You must adhere to the following filing requirements:

1) **Your Motion and Brief to Vacate the Conditional Transfer Order must be received in the Panel office by the due date listed above. An ORIGINAL and FOUR copies of all pleadings, as well as a COMPUTER READABLE DISK of the pleading in WordPerfect for Windows format, are currently required for filing. Fax transmission of your motion and brief will not be accepted.** *See* **Panel Rule 5.12(d). Counsel filing oppositions in more than one action are encouraged to consider filing a single motion and brief with an attached schedule of actions.**

2) **Papers must be served on the enclosed Panel Service List. Please attach a copy of this list to your certificate of service.** (Counsel who have subsequently made appearances in your action should be added to your certificate of service.)

3) **Rule 5.3 corporate disclosure statements are due within 11 days of the filing of the motion to vacate.**

4) **Failure to file and serve the required motion and brief within the allotted 15 days will be considered a withdrawal of the opposition and the stay of the conditional transfer order will be lifted.**

16

- 2 -

Any recent official change in the status of a referenced matter should be brought to the attention of the clerk's office as soon as possible by facsimile at (202) 502-2888.  Your cooperation would be appreciated.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By *Cara L. Stewart*
Deputy Clerk

Enclosure

cc:    Panel Service List
       Transferee Judge:    Judge John F. Keenan
       Transferor Judge:    Judge Marilyn L. Huff

JPML Form 37

17

**EXHIBIT "5"**

1  VENABLE LLP
   Douglas C. Emhoff (Cal. Bar No. 151049)
2  Jeffrey M. Tanzer (Cal. Bar No. 129437)
   2049 Century Park East, Suite 2100
3  Los Angeles, California 90067
   Telephone:  (310) 229-9900
4  Facsimile:   (310) 229-9901

5  Attorneys For Defendant
   MERCK & CO., INC.

6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10 BETTY VALIENTE, an individual          CASE NO.:

11          Plaintiff,
                                          DEFENDANT MERCK & CO.,
12 v.                                     INC.'S NOTICE OF REMOVAL
                                          OF ACTION UNDER 28 U.S.C.
13 MERCK & CO., INC., a Corporation;      § 1441 (b)
   McKESSON CORPORATION, a
14 Corporation; and DOES 1-100, inclusive,

15          Defendants.

16

17

18

19      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20      PLEASE TAKE NOTICE that Defendant Merck & Co., Inc. ("Merck") hereby

21 removes this action pursuant to 28 U.S.C. § 1441 from the Superior Court for the State

22 of California for the County of Los Angeles to the United States District Court for the

23 Central District of California, and respectfully states to the Court the following:

24              **THE FOSAMAX® MDL PROCEEDINGS**

25      1.      This action involves allegations regarding the prescription medication

26 FOSAMAX®. On August 16, 2006, the Judicial Panel on Multidistrict Litigation

27 ("MDL Panel") issued an order transferring 18 FOSAMAX® products liability cases to

28 the United States District Court for the Southern District of New York (Keenan, J.) for

---

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

:ODMA\PCDOCS\LA1DOCS1\177225\1

1   coordinated pretrial proceedings under 28 U.S.C. § 1407. *In re Fosamax Products*

2   *Liability Litigation*, MDL No. 1789. Although MDL-1789 was just created in mid-

3   August, processes for quickly sending additional related cases to Judge Keenan are

4   already in place: the MDL Panel has thus far issued 6 Conditional Transfer Orders

5   addressing 20 additional cases involving FOSAMAX® to be transferred to MDL-1789.

6       2.    This case is one of four cases currently pending in the United States

7   District Court, Central District of California that relate to allegations regarding the

8   prescription medication FOSAMAX®, and for which Merck intends to seek transfer to

9   the coordinated multidistrict proceedings. In addition to this case, *Karen Johnson v.*

10  *Merck & Co., Inc.*, Case No. CV 06-5378, *Edward A. Morris, et al. v. Merck & Co.,*

11  *Inc; McKesson Corp.; Does 1-50*, Case No. CV 06-5587, and *Anne E. Clayton v. Merck*

12  *& Co., Inc.; McKesson Corp; Does 1-50*, Case No. CV 06-6398, also involve

13  allegations regarding the prescription medication FOSAMAX® and will therefore call

14  for the determination of the same or substantially related or similar questions of law and

15  fact.    Conditional Transfer Order No. 2, issued by the MDL Panel on September 22,

16  2006, included two cases currently pending in this Court – *Johnson* and *Morris* – and

17  Merck sent the MDL Panel a tag-along notice for the *Clayton* case on October 18, 2006.

18  Merck intends to seek the transfer of this action to MDL-1789 and will, in the next

19  several days, provide the MDL Panel notice of this action pursuant to the tag-along

20  procedures contained in the MDL Rules.

21                     **BASIS FOR REMOVAL**

22      3.    On September 26, 2006, Plaintiff Betty Valiente commenced this action

23  entitled *Valiente  v. Merck & Company, Inc., et al.*, Case No. BC359397, against Merck

24  in the Superior Court of the State of California for the County of Los Angeles. The

25  Plaintiff contends that, as a result of her use of FOSAMAX®, as prescribed by her

26  physician, she has suffered "serious injury," requiring ongoing medical care and

27  treatment, and has suffered economic loss and emotional distress. Complaint ¶¶ 34-38.

28  The Plaintiff purports to allege claims based upon strict liability, negligence, breach of

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

1

NOTICE OF REMOVAL

19

1 express and implied warranties, "deceit by concealment," negligent misrepresentation,

2 and claims based upon alleged misrepresentations under the California Business &

3 Professions Code and California's Consumers Legal Remedies Act.

4      4.    For the reasons set forth in more detail below, this Court should assume

5 jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this matter is a civil

6 action in which the amount in controversy exceeds the sum of $75,000, exclusive of

7 costs and interest, and is between citizens of different states. Plaintiff is a citizen and

8 resident of the State of California. Merck is a resident of the State of New Jersey, as it

9 is incorporated in the State of New Jersey and has its principal place of business there.

10 Upon information and belief, defendant McKesson Corporation ("McKesson") is a

11 Delaware corporation with its principal place of business in San Francisco, California.

12 As more fully set forth below, however, Plaintiff has fraudulently joined McKesson as a

13 party, and there is therefore complete diversity of citizenship between the parties who

14 are properly joined and served.

15 **I.**     **MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS**

16     **FOR REMOVAL.**

17      5.    Plaintiff filed her Complaint in the Superior Court for the State of

18 California for the County of Los Angeles on September 26, 2006. The Complaint was

19 served on Merck on October 5, 2006, less than 30 days before the filing of this Notice

20 of Removal. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C.

21 § 1446(b).

22      6.    No further proceedings have been had in this action.

23      7.    Venue is proper in this Court because it is "the district and division

24 embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

25 Therefore, this action is properly removed to the Central District of California pursuant

26 to 28 U.S.C. § 84(c).

27      8.    All properly joined and served defendants consent to this removal. A co-

28 defendant who is fraudulently joined, like McKesson, need not consent to or join in

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

2

:ODMA\PCDOCS\LA1DOCS1\77125\1

20

1  removal. *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir.

2  2002) (fraudulently joined defendants need not consent to removal petition); *Hewitt v.*

3  *City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986) (co-defendants who are

4  fraudulently joined need not join in a removal); *see also Jernigan v. Ashland Oil Inc.*,

5  989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993) (same); *Polyplastics,*

6  *Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) (same).

7      9.      No previous application has been made for the relief requested herein.

8      10.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and

9  orders served upon Merck, which include the Summons, Complaint, Plaintiff's state

10  court civil cover sheet, Los Angeles Superior Court Civil Alternative Dispute

11  Resolution Programs notice and Superior Court of California, County of Los Angeles

12  Notice of Case Assignment are attached hereto as Exhibits A through E.

13      11.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being

14  served upon counsel for Plaintiff and on McKesson and a copy is being filed with the

15  Clerk of the Superior Court for the State of California for the County of Los Angeles.

16  **II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT**

17          **MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

18      12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332

19  because this is a civil action in which the amount in controversy exceeds the sum of

20  $75,000, exclusive of costs and interest, and is between citizens of different states.

21      **A.    The amount in controversy requirement is satisfied.**

22      13.     It is apparent from the face of the Complaint that Plaintiff seeks recovery

23  of an amount in excess of $75,000, exclusive of costs and interest. Plaintiff alleges that

24  she was prescribed FOSAMAX® by her physician, and also alleges that that

25  FOSAMAX® causes osteonecrosis of the jaw. Complaint ¶¶ 29-34. Plaintiff further

26  contends that, as a result of ingesting FOSAMAX®, she "has suffered serious injury"

27  and "requires and will require in the future ongoing medical care and treatment." *Id.* ¶

28  34. Plaintiff also claims to have "suffered severe mental and physical pain and

3

NOTICE OF REMOVAL

21

suffering," to have "sustained permanent injuries and emotional distress," and to have "sustained economic loss, including loss of earnings and diminution or loss of earning capacity." *Id.* ¶¶ 35-36. Plaintiff seeks "unlimited" compensatory damages, disgorgement, restitution, refunds, medical monitoring, loss of "care comfort society and companionship," and exemplary and punitive damages. *See* Civil Case Cover Sheet; Complaint ¶¶ 34-37, Complaint at 22 (Prayer for Relief (1)–(8)).

14. While there is no record of prior cases that specifically involve osteonecrosis of the jaw – which may be attributable to the fact that osteonecrosis of the jaw is a rare disorder and cases alleging liability against pharmaceutical manufacturers for allegedly causing the same had, prior to very recently, been non-existent – there are:

- numerous reported cases in which jaw or similar facial injury led to jury or court awards far in excess of $75,000. *See, e.g., Howie v. Walsh*, 609 S.E.2d 249 (N.C. App. 2005) (addressing jury award of $300,000 against dentist who fractured patient's jaw during procedure); *Becker v. Woods*, 806 N.Y.S.2d 704 (N.Y. App. Div. 2005) (affirming jury award of $840,000 in damages where dental patient suffered from permanent paresthesia); *Preston v. Dupont*, 35 P.3d 433 (Colo. 2001) (addressing jury award of more than $250,000 for damage to alveolar nerve in jaw); *Bowers v. Liuzza*, 769 So.2d 88 (La. App.), *writ. denied*, 776 So.2d 468 (La. 2000) (finding that minimum adequate damage award for nerve damage in jaw was an amount that exceeded $175,000); *Becker v. Halliday*, 554 N.W. 2d 67 (Mich. App. 1996), *app. denied*, 564 N.W.2d 893 (Mich. 1997) (jury award of $200,000 in damages, where syringe lodged in upper jaw); *Herpin v. Witherspoon*, 664 So.2d 515 (La. App. 1995) (plaintiff entitled to receive more than $75,000 as a result of temporomandibular joint (TMJ) dysfunction); *Washburn v. Holbrook*, 806 P.2d 702 (Or. App. 1991) (affirming jury finding of $400,000 in damages as a result of damage to jaw during root canal); and

- numerous prior cases that reveal that potential awards based on osteonecrosis or avascular necrosis of the hip, knee, or other joint, exceed the $75,000 jurisdictional amount. *See, e.g., Barbee v. United States*, 2005 W.L. 3336504, at *1-2 (W.D. Wis. 2006) (finding that plaintiff suffered nearly $700,000 in damages for hip injuries that included avascular necrosis); *Shaver v. United States*, 319 F.Supp. 2d 649 (M.D.N.C. 2004) (awarding more than $75,000 in damages for osteonecrosis in knee caused by automobile accident); *Piselli v. 75th Street Medical*, 808 A.2d 508 (Md. 2002) (addressing jury award of $410,000 for medical malpractice that led to avascular necrosis of the hip); *Collier v. Cawthon*, 570 S.E.2d 53 (Ga. App. 2002) (affirming jury award of $170,000 for avascular necrosis of the hip).

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

4

:ODMA\PCDOCS\LA1DOCS1\177225\1

22

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

1   15.   The Plaintiff's claims of "serious injury," and the compensatory and

2   punitive damages that she seeks, thus far exceed this Court's minimum $75,000

3   jurisdictional limit.

4   **B.   McKesson has been fraudulently joined and, therefore, its**

5   **citizenship can be ignored for purposes of removal.**

6   16.   There is complete diversity between Plaintiff and Merck, the only

7   defendant to even arguably be a proper party to this action.

8   17.   According to the Complaint, Plaintiff Betty Valiente was at the time of the

9   filing of the Complaint and is now a citizen of the State of California.  Complaint ¶ 13.

10   18.   Merck is now, and was at the time Plaintiff commenced this action, a

11   corporation organized under the laws of the State of New Jersey with its principal place

12   of business in New Jersey and, therefore, is a citizen of New Jersey for purposes of

13   determining diversity.  28 U.S.C. § 1332(c)(1).

14   19.   The Complaint includes fictitious defendants, whose citizenship is ignored

15   for removal purposes.  28 U.S.C. § 1441(a).

16   20.   For the reasons set forth below, the remaining named defendant –

17   McKesson – is fraudulently joined.  Therefore, its citizenship must be ignored for

18   purposes of determining the propriety of removal.

19   21.   A defendant is fraudulently joined and the defendant's presence in the

20   lawsuit is ignored for purposes of determining diversity where no viable cause of action

21   has been stated against the resident defendant.  *See Morris v. Princess Cruises, Inc.*,

22   236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313,

23   1318-19 (9th Cir.), *cert. denied*, 525 U.S. 963 (1998); *TPS Utilicom Services, Inc. v.*

24   *AT&T Corp.*, 223 F. Supp. 2d 1089, 1100 (C.D.Cal. 2002).  Stated differently, a

25   defendant is fraudulently joined "if the plaintiff fails to state a cause of action against

26   the resident defendant, and the failure is obvious according to the settled rules of the

27   state."  *Morris*, 236 F.3d at 1067 (citations omitted).

28

5

NOTICE OF REMOVAL

23

22.    The fraudulent joinder of McKesson is obvious under well-settled state law because (i) Plaintiff has failed to make sufficient allegations as to any tortious conduct on the part of McKesson, (ii) the Plaintiff has failed to allege any causal link between McKesson's distribution and her alleged injuries; and (iii) there is no duty to warn by McKesson under the circumstances alleged in the Complaint.

       **i.   Plaintiff's Complaint Lacks Any Specific Allegations Against McKesson.**

23.    The Complaint is devoid of a single factual allegation directed at McKesson that could support any cause of action. The crux of the Plaintiff's Complaint is an alleged failure to adequately warn of the alleged side effects associated with the use of FOSAMAX®. The *only* allegations made by Plaintiff against McKesson are that "on information and belief, . . . McKesson was in the business of promoting and distributing the pharmaceutical Fosamax . . ." and that McKesson "sold and distributed Fosamax in California and in interstate commerce." Complaint ¶ 16.

24.    Notably absent from the Complaint are any allegations that McKesson made any specific representations or warranties to Plaintiff or Plaintiff's prescribing physicians, or that Plaintiff or her prescribing physicians relied on any such specific representation or warranty by McKesson. In fact, no contact between McKesson and Plaintiff or her prescribing physician is alleged at all. For this reason, the Complaint is simply not sufficient to hold McKesson liable under any legal theory.

25.    Throughout the Complaint, Plaintiff makes only general allegations against "Defendants." Such general assertions cannot substitute for the allegations of fact required to state a cause of action against a particular defendant. *See In re PPA*, MDL No. 1047, Slip Op. at 5 (stating that allegations directed toward "defendants" or "all defendants" are insufficient) (Exhibit F hereto). As the Courts have recognized, a failure to make any material allegations against a defendant is a significant indication that the joinder of that defendant is fraudulent. *See, e.g., Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134, 1137 (S.D.Cal. 1998) (finding in-state defendants fraudulently joined

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(510) 229-9900

6

NOTICE OF REMOVAL

::ODMA\PCDOCS\LA1DOCS\1177225\1

24

1   where "no material allegations against [the in-state defendants] were made"); *Lyons v.*

2   *American Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala.

3   Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the

4   resident defendants]" than the failure of the plaintiff "to set forth any specific factual

5   allegations" against them).

6       26.    Because the Plaintiff has failed to present any specific allegations against

7   McKesson that could support Plaintiff's claims, she has failed to meet the minimal

8   pleading requirements to state a claim against McKesson. *See, e.g., Taylor AG*

9   *Industries v. Pure-Gro*, 54 F.3d 555, 558 (9th Cir. 1995) (dismissing breach of express

10   warranty claim against distributor due to plaintiff's failure to identify any statements

11   made by the distributor that were inconsistent with or went beyond either the product

12   labels or the product guide provided by the manufacturer); *see also Keith v. Buchanan,*

13   173 Cal. App. 3d 13, 25 (1985) (actual reliance is an element of implied warranty

14   claim); *B.L.M. v. Savo & Deitsch*, 55 Cal.App.4th 823, 834 (1997) (to state a claim of

15   negligent misrepresentation, plaintiff must at least identify the alleged

16   misrepresentation).

17       27.    As noted above, Plaintiffs' assertions directed toward all "Defendants"

18   cannot cure this deficiency. *See In re PPA*, MDL No. 1407, Slip Op. at 5 (Exhibit F).

19   The general allegation that Defendants knew of the alleged risks associated with the use

20   of FOSAMAX® are particularly deficient because the wholly conclusory claims are

21   undermined and contradicted by the more specific allegations of Merck's purported

22   concealment and misrepresentation of the same information. *See, e.g., id.* at 7

23   (allegations that "manufacturer defendants concealed material facts regarding PPA

24   through product packaging, labeling, advertising, promotional campaigns and materials,

25   and other methods... directly undermines and contradicts the idea that [the resident

26   retail defendant] had knowledge or reason to know of alleged defects"). The allegations

27   of Merck's purported concealment and misrepresentation of the alleged risks of

28

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

7

NOTICE OF REMOVAL

::ODMA\PCDOCS\LA1DOCS\1\1772251

25

1   FOSAMAX® belie any inference that McKesson, a wholesale distributor, had

2   knowledge of that which was allegedly concealed.

3         **ii. Plaintiff's Complaint Lacks Any Allegations To Show Causation**

4           **Attributable To McKesson.**

5       28.   Plaintiff's various claims against McKesson include claims for negligence,

6   strict liability, and breach of express and implied warranty. It is axiomatic that in order

7   to sustain any such claims, Plaintiff needs to prove that some action on the part of the

8   defendant *caused* Plaintiff's alleged injuries. *See Lujan v. Defenders of Wildlife*, 504

9   U.S. 555, 560 (1992) (to state a claim against a defendant, a plaintiff must allege a

10  causal connection between the injury and the conduct of the defendant); *Aronis v.*

11  *Merck & Co., Inc.*, 2006 WL 2161731, *1 (E.D.Cal. May 5, 2005); *Cox v. Depuy*

12  *Motech, Inc.*, 2000 WL 1160486, at *5 (S.D. Cal. 2000) (causation is an essential

13  element of strict liability and negligence claims).

14      29.   Plaintiff's complaint is completely devoid of any allegation that the

15  FOSAMAX® she received was, in fact, distributed by McKesson. As noted above, the

16  Complaint only alleges generally, and only "on information and belief," that McKesson

17  "was in the business of promoting and distributing the pharmaceutical Fosamax" and

18  that McKesson "sold and distributed Fosamax in California and in interstate

19  commerce." Complaint ¶ 16.

20      30.   Plaintiff never identifies any link between McKesson and the

21  FOSAMAX® that Plaintiff received, and Plaintiff never identifies any contacts between.

22  McKesson and herself or her physician. Lacking any allegations of a causal connection

23  between Plaintiff's alleged injuries and McKesson's distribution of FOSAMAX®,

24  Plaintiff cannot maintain her claims against McKesson. *See Aronis v. Merck & Co.,*

25  *Inc.*, 2006 WL 2161731, at *1 (holding that because "Plaintiff makes no allegation that

26  McKesson ever handled the specific pills that were allegedly the cause of her injuries,"

27  McKesson was fraudulently joined in the action and denying motion for remand); *see*

28  *also Becraft v. Ethicon*, 2000 WL 1721056, *3 (N.D.Cal. Nov. 2, 2000) (court may find

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

8

:ODMA\PCDOCS\LA1DOCS\117772\1

26

1  that a distributor is fraudulently joined for purposes of removal unless the plaintiff can

2  produce evidence or establish a good faith basis for believing that the product plaintiff

3  received came from the defendant distributor).

4      31.    Plaintiff cannot maintain an action against McKesson here because she has

5  failed to allege that McKesson engaged in any conduct that would create liability and

6  has failed even to allege that McKesson distributed the product she alleges caused her

7  injury.  It is proper for the Court to find, under these circumstances, that McKesson has

8  been fraudulently joined.

9          **iii. Plaintiff Fails to State A Claim Against McKesson Because The**

10              **Learned Intermediary Doctrine Serves to Bar Plaintiff's Claims.**

11     32.    Even if Plaintiff had directed specific allegations at McKesson, there

12  remains no legal basis for such causes of action because Plaintiff's claims are based on

13  an alleged failure to warn and premised – as to McKesson – on a non-existent duty.

14  The rationale for the "learned intermediary" doctrine is that it is the physician who is in

15  the best position to determine whether a patient should take a prescription medication

16  and that imposing a duty on others to warn patients would threaten to undermine

17  reliance on the physician's informed judgment.  For this reason, courts have rejected

18  imposing liability on distributors like McKesson for failure to warn of the risk of a

19  prescribed medication.  *See, e.g., Barlow v. Warner-Lambert Co.*, Case No. CV 03 1647

20  R (RZx), Slip Op. at 2 (C.D. Cal. April 28, 2003) ("The Court finds that there is no

21  possibility that plaintiffs could prove a cause of action against McKesson, an entity.

22  which distributed this FDA-approved medication [Rezulin] to pharmacists in

23  California;" motion to remand denied) (Exhibit G hereto); *Skinner v. Warner-Lambert*

24  *Co.*, Case No. CV 03 1643-R (RZx), Slip Op. at 2 (C.D.Cal. April 28, 2003) (same)

25  (Exhibit H hereto); *In re Baycol Prods. Litig.*, MDL No. 1431, Case No. 139, Slip Op.

26  at 3-4 (D.Minn. May 24, 2002) (retail distributor of prescription drugs fraudulently

27  joined) (Exhibit I hereto); *Schaerrer v. Stewart's Plaza Pharmacy*, 79 P.3d 922, 929

28  (Utah 2003) (declining to extend duty to warn to retail distributor of prescription diet

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

9

:\ODMA\PCDOCS\LA1DOCS1\777225\1

1  drug as their "ability to distribute prescription drugs is limited by the highly restricted

2  FDA-regulated drug distribution system in this country").

3      33.    Moreover, it is undisputed that through a collaborative process, Merck and

4  the FDA prepared the information to be included with the prescription medication

5  FOSAMAX®, with the FDA having final approval of the information that could be

6  presented.  Once the FDA had determined the form and content of the information, it is

7  a violation of federal law to augment the information.  *See* 21 U.S.C. § 331(k)

8  (prohibiting drug manufacturers and distributors from causing the "alteration,

9  mutilation, destruction, obliteration, or removal of the whole or any part of the labeling"

10  of an FDA-approved drug held for sale); *Brown v. Superior Court*, 44 Cal. 3d 1049,

11  1069 n. 12 (FDA regulates the testing, manufacturing, and marketing of drugs,

12  including the content of their warning labels).  Thus, McKesson could not change the

13  information it was given by Merck as approved by the FDA without violating federal

14  law.  No duty can be found where it requires a party to violate the law to fulfill it.

15      34.    Because no duty runs from a prescription drug distributor to a consumer

16  and because a prescription drug distributor has no ability to alter the warning of a

17  prescription drug, no claim can be stated by Plaintiff against McKesson based on an

18  alleged failure to warn.

19  /////.

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

**10**

NOTICE OF REMOVAL

=COMA\PCDOCS\LA1DOCS1\177225\1

28

1    WHEREFORE, Defendant Merck respectfully removes this action from the

2    Superior Court of the State of California for the County of Los Angeles to this Court

3    pursuant to 28 U.S.C. § 1441.

4

5    Dated: November 2, 2006

6                                        VENABLE LLP
7                                        DOUGLAS C. EMHOFF
                                         JEFFREY M. TANZER
8

9

10   By
                                         Jeffrey M. Tanzer
11                                       (Attorneys for Defendant
                                         Merck & Co., Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

::ODMA\PCDOCS\LA1DOCS1\177225\1

29

**EXHIBIT "6"**



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 4 2006

FILED
CLERK'S OFFICE

DOCKET NO. 1789

*06 md 1789*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE FOSAMAX PRODUCTS LIABILITY LITIGATION

*Betty Valiente v. Merck & Co., Inc., et al.*, C.D. California, C.A. No. 2:06-7027
~~*Jennifer Bogard, et al. v. Merck & Co., Inc., et al.*, N.D. California, C.A. No. 3:06-6917~~  *Opposed
12/14/06*

### CONDITIONAL TRANSFER ORDER (CTO-10)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ____F.Supp.2d____ (J.P.M.L. 2006). Since that time, 28 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

DEC 2 0 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

*30*

**EXHIBIT "7"**

FILED _____ ENTERED
LODGED _____ RECEIVED

NOV 27 2002

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY
LITIGATION,

MDL NO. 1407

ORDER DENYING PLAINTIFF'S
MOTION TO REMAND

This document relates to:

Barnett, et al. v. American
Home Products Corp., et al.,
No. C02-423R

THIS MATTER comes before the court on the motion of plain-
tiffs to remand the case to state court in Mississippi. Having
reviewed the papers filed in support of and in opposition to this
motion, the court rules as follows:

I. BACKGROUND

Plaintiffs purchased a variety of over-the-counter drugs
including, but not limited to, products sold under the trade
names "Robitussin," "Alka-Seltzer Plus," "Dimetapp," "Tavist D,"
"BC," "Triaminic," "Contac," "Contrex," and "Equate Tussin CF."
All of these products contained the ingredient phenylpro-
panolamine ("PPA"). The individuals later consumed the medica-
tion and suffered unidentified types of injuries. In June 2001,
plaintiffs filed an amended complaint in Mississippi state court
linking the PPA in the medicine with the injuries sustained.

ORDER
Page - 1 -

43

The complaint alleges numerous causes of action against both
manufacturers and distributors of PPA-containing products, as
well as several retail stores that sold those products. One of
the stores named as a defendant, Bill's Dollar Stores, Inc.,
d/b/a Bill's Dollar Store ("Bill's Dollar Store"), is a Missis-
sippi corporation. Two of the six total plaintiffs purchased
PPA-containing products from Bill's Dollar Store.[1]

Defendants removed the complaint to federal court alleging
that plaintiffs fraudulently joined Bill's Dollar Store. Plain-
tiffs moved to remand to state court. The case was later trans-
ferred to this court as part of a multi-district litigation
("MDL").

## II. ANALYSIS

A plaintiff cannot defeat federal jurisdiction by fraudu-
lently joining a non-diverse party. As an MDL court sitting in
the Ninth Circuit, this court applies the Ninth Circuit's fraudu-
lent joinder standard to the motion to remand. See, e.g., In re
Diet Drugs Prods. Liab. Litig., 220 F. Supp. 2d 414, 423 (E.D.
Pa. 2002); In re Bridgestone/Firestone, 205 F. Supp. 2d 1149,
1152 n.2 (S.D. Ind. 2002); In re Tobacco/Gov'tal Health Care
Costs Litig., 100 F. Supp. 2d 31, 38 n.1 (D. D.C. 2000); In re

---

[1] Defendants assert the misjoinder of these plaintiffs'
claims and request that the court sever and deny remand as to the
four plaintiffs who did not purchase any products from Bill's
Dollar Store, or from any other Mississippi store. However,
because, as discussed below, the court denies remand as to all
plaintiffs named in this action, the court need not address the
question of misjoinder at this time.

ORDER
Page - 2 -

1  Ford Motor Co. Bronco II Prods. Liab. Litig., MDL-991, 1996 U.S.
2  Dist. LEXIS 6769, at *2-4 (E.D. La. May 16, 1996).[2] Under this
3  standard, joinder of a non-diverse party is deemed fraudulent
4  "'[i]f the plaintiff fails to state a cause of action against a
5  resident defendant, and the failure is obvious according to the
6  settled rules of the state.'" Morris v. Princess Cruises, Inc.,
7  236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. General
8  Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).[3]
9       The propriety of removal to federal court is determined from
10 the allegations in the complaint at the time of removal.  See
11 Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)
12 However, in the case of fraudulent joinder, the defendant "'is
13 entitled to present the facts showing the joinder to be fraudu-
14 lent.'"  Id. (quoting McCabe, 811 F.2d at 1339).  See also Morris
15
16  [2] See generally Nanowitz v. Brown, 991 F.2d 36, 40-41 (2d
    Cir. 1993); In Re Korean Airlines Disaster, 829 F.2d 1171, 1174-
17  76 (D.C. Cir. 1987).
18  [3] However, as a practical matter, application of the Fifth
19  Circuit's fraudulent joinder standard would not alter the court's
    conclusion.  See Hadon v. RJR Nabisco, Inc., 224 F.3d 382, 393
20  (5th Cir. 2000) (remand is denied where there is "no reasonable
    basis for predicting that plaintiffs might establish liability"
21  . . against the in-state defendants.")  For example, recent MDL
    courts utilized fraudulent joinder standards similar, and in one
22  case identical, to the Fifth Circuit's standard in deeming
    Mississippi pharmacies and their employees fraudulently joined
23  for reasons similar to those expressed in this opinion.  See In
    re Diet Drugs Prods. Liab. Litig., 220 F. Supp. 2d at 423-24
24  (noting that there had been "a pattern of pharmacies being named
    in complaints, but never pursued to judgment, typically being
25  voluntarily dismissed at some point after the defendants' ability
    to remove the case has expired"); In re Rezulin Prods. Liab.
26  Litig., 133 F. Supp. 2d 272, 279 & n.3, 288-92 (S.D.N.Y. 2001).

   ORDER
   Page - 3 -

236 F.3d at 1067-68 (citing Cavallini v. State Farm Mut. Auto.
Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995) for the proposition
that the court may "'pierc[e] the pleadings'" and consider
"summary judgment-type evidence.")

Defendants allege that plaintiffs fraudulently joined Bill's
Dollar Store, while plaintiffs claim the existence of legitimate
causes of action against Bill's Dollar Store, including products
liability, negligence, misrepresentation, and implied warranty
claims. The parties also argue as to the relevance of a bank-
ruptcy petition filed by Bill's Dollar Store prior to the filing
of this suit.

A.    Products Liability

The complaint contains failure to warn and design defect
allegations pursuant to the Mississippi Products Liability Act.
Miss. Code Ann. § 11-1-63. Under the Products Liability Act,
plaintiff must show that at the time the product left the control
of the manufacturer or seller, it was defective in failing to
contain adequate warnings or instructions, and/or was designed in
a defective manner. Miss. Code Ann. § 11-1-63 (a)(1)(2)-(2).
Plaintiff must also show that the manufacturers and sellers knew,
or in light of reasonably available knowledge or the exercise of
reasonable care should have known, about the danger that caused
the alleged damage. Miss. Code Ann. § 11-1-63 (c)(1), (f)(1).[4]

_____

[4] See also Huff v. Shopsmith, Inc., 786 So.2d 383, 387 (Miss.
2001)("With the adoption of 11-1-63, common law strict liability,
as laid out in State Stove Mfg. Co. v. Hodges, 189 So.2d 113

ORDER
Page - 4 -

34

Plaintiffs allege in the complaint that "defendants" or "all
defendants" knew or should have known of dangers associated with
PPA. Moreover, plaintiffs specifically aver this knowledge or
reason to know on the part of the retailer defendants, including
Bill's Dollar Store. However, the court finds that no factual
basis can be drawn from the complaint that Bill's Dollar Store
had knowledge or reason to know of any dangers allegedly associ-
ated with PPA.

First, the complaint utilizes the plural "defendants" in a
number of allegations that one could not reasonably interpret to
include Bill's Dollar Store. See, e.g., Louis v. Wyeth-Ayerst
Pharm., Inc., No. 5:00CV102LN, slip op. at 5-9 (S.D. Miss. Sep.
25, 2000) (finding products liability allegations lodged against
"defendants" conclusory where there was no factual support for
conclusion that Mississippi pharmacies had knowledge or reason to
know of alleged dangers associated with various diet drugs).[8]

_____

(Miss. 1966), is no longer the authority on the necessary
elements of a products liability action.")

[8] See also In re Diet Drugs Prods. Liab. Litig., 220 F. Supp.
2d at 424 (finding complaints, including failure to warn,
negligence, breach of warranty, and strict liability claims,
devoid of specific allegations against Mississippi pharmacies and
"filled instead with general statements levied against all
defendants, which most properly can be read as stating claims
against drug manufacturers."); In re Rezulin Products Liab.
Litig., 133 F. Supp. 2d at 291 (finding improper joinder in case
where Mississippi pharmacies were lumped in with manufacturers
and acts alleged, including failure to warn, breach of warranty,
and fraud, were attributed to "'defendants' generally", but
never connected to the pharmacies); accord Badon, 224 F.3d at
391-93 ("While the amended complaint does often use the word

ORDER
Page - 5 -

35

1    For example, the complaint describes "defendants" as members of
2    the Non-Prescription Drug Manufacturers Association ("NDMA").
3    Through this association, "defendants" purportedly participated
4    in numerous discussions relating to the safety of PPA over the
5    past two decades, had representatives sit on the NDMA PPA Task
6    Force, and funded relevant studies.  In other words, plaintiffs,
7    in significant part, demonstrate "defendants'" knowledge as to
8    risks allegedly posed by PPA through activities engaged in by
9    manufacturer defendants alone.

10    Indeed, while "defendants" are alleged to have been aware or
11    to have had responsibility for awareness of numerous scientific
12    journal articles, incident reports, medical textbooks, and other
13    reports containing information as to risks of PPA consumption,
14    general medical practitioners are excluded from this awareness
15    and described as being not "fully informed."  The complaint
16    supplies no factual support for a conclusion that a dollar store
17    possessed medical and scientific knowledge beyond that possessed
18    by medical practitioners.

19    Second, the complaint specifically lays the responsibility
20    for allegedly concealing dangers posed by PPA on the manufacturer
21    defendants.  For example, the complaint alleges that the manufac-
22    turer defendants concealed material facts regarding PPA through
23    product packaging, labeling, advertising, promotional campaigns

24    ———————————————————————————————

25    'defendants,' frequently it is evident that such usage could not
     be referring to the 'Tobacco Wholesalers.'"; finding conspiracy
26    allegations against Louisiana defendants entirely general).

ORDER
Page - 6 -

36

1  and materials, and other methods.  This allegation directly
2  undermines and contradicts the idea that Bill's Dollar Store had
3  knowledge or reason to know of alleged defects.  See, e.g.,
4  Louis, slip op. at 4-5 (finding complaint's "major theme" to
5  consist of the "manufacturers' intentional concealment of the
6  true risks of the drug(s), coupled with dissemination through
7  various media of false and misleading information of the safety
8  of the drug(s) at issue, [which belied] any suggestion of knowl-
9  edge, or reason to know by [the] resident defendants.")  Cf. In re
10  Rezulin Products Liab. Litig., 133 F. Supp. 2d 272, 290 (S.D.N.Y.
11  2001) (finding Mississippi pharmacies facing failure to warn
12  claims fraudulently joined where "the theory underlying the
13  complaints [was] that the manufacturer defendants hid the dangers
14  of Rezulin from plaintiffs, the public, physicians, distributors
15  and pharmacists -- indeed from everyone.")
16      In sum, the court concludes that one could not reasonably
17  read the complaint to support the idea that the retailer defen-
18  dants had knowledge or reason to know of any dangers allegedly
19  associated with PPA.  Indeed, reading the complaint as a whole,
20  this allegation reveals itself as directed towards the manufac-
21  turer defendants alone.  As such, the court finds that plaintiffs
22  fail to state a products liability cause of action against Bill's
23  Dollar Store.[6]
24  _____
25      [6] The complaint once alludes to an "alternative" breach of
    express warranty claim under the Products Liability Act.  See
26  Miss. Code Ann. § 11-1-63 (a)(1)(4) (requiring a showing that the

ORDER
Page - 7 -

B.   Negligence and Misrepresentation

The complaint alleges negligence and misrepresentation by Bill's Dollar Store. A negligent cause of action also requires a showing of knowledge or reason to know on the part of the seller. See, e.g., R. Clinton Constr. Co. v. Bryant & Reaves, Inc., 442 F. Supp. 838, 851 (N.D. Miss. 1977) ("The rule is well settled that in order to fasten liability upon a party for negligence, it must be shown by a preponderance of the evidence that he knew or through the exercise of reasonable care should have known that his selection of a [product] would cause damage to his customer.")[7] A misrepresentation cause of action requires

seller breached an express warranty or failed to conform to other express factual representations upon which the claimant relied. However, the products liability allegations go on to touch solely upon failure to warn and design defect claims. Because the complaint lacks any factual basis for support of a breach of express warranty claim against Bill's Dollar Store, the Court also finds this bare allegation insufficient to support remand.

[7] Accord Louis, slip op. at 3-4 & n.3 ("[K]nowledge, or a reason to know, is also a necessary requisite for any claim of failure to warn or negligence that a plaintiff might undertake to assert extraneous to a claim under the Products Liability Act itself (assuming solely for the sake of argument that such a claim could exist)."); Cadillac Corp. v. Moore, 320 So. 2d 361, 365 (Miss. 1975) (discussing negligence in "vendor/purchaser" context and stating that "fault on the part of a defendant so as to render him liable is to be found in action or nonaction, accompanied by knowledge, actual or implied, of the probable result of his conduct.") Cf. Moore v. Memorial Home of Gulfport, 825 So. 2d 658, 664-65 (Miss. 2002) (extending "learned intermediary" doctrine to pharmacists in cases involving prescription drug, and holding no actionable negligence claim could exist against a pharmacy unless a plaintiff indisputably informed the pharmacy of health problems which contraindicated the use of the drug in question, or the pharmacist filled

ORDER
Page - 8 -

1  a plaintiff to show:

2      (1) a representation; (2) its falsity; (3) its materi-
   ality; (4) the speaker's knowledge of its falsity or
3  ignorance of its truth; (5) the speaker's intent that
   the representation should be acted upon by the hearer
4  and in the manner reasonably contemplated; (6) the
   hearer's ignorance of its falsity; (7) the hearer's
5  reliance on its truth; (8) the hearer's right to rely
   thereon; and (9) the hearer's consequent and proximate
6  injury.

7  Johnson v. Parke-Davis, 114 F. Supp. 2d 522, 525 (S.D. Miss.

8  2000) (citing Allen v. Mac Tools, Inc., 671 So.2d 636, 642 (Miss.

9  1996)).

10     Again, the court finds that the general and contradictory

11 allegations in the complaint do not support the existence of any

12 knowledge or reason to know on the part of Bill's Dollar Store to

13 support a negligence cause of action.  The court finds the

14 complaint similarly bereft of any factual support for the idea

15 that Bill's Dollar Store made any misrepresentations whatsoever

16 to plaintiffs regarding the PPA-containing products.  See, e.g.,

17 Johnson, 114 F. Supp. 2d at 525 ("Suffice it to say that Plain-

18 tiffs have no proof . . . that any of the named [Mississippi]

19 representatives made any representations directly to any of the

20 Plaintiffs.  Thus, none of the Plaintiffs was the 'hearer' of any

21 of the sales representatives' alleged misrepresentations,";

22 finding plaintiffs had no cause of action for misrepresentation).

23 Instead, as discussed above, the complaint attributes this

24

25 ─────────────────────────────
   prescriptions in quantities inconsistent with the recommended
26 dosage guidelines).

   ORDER
   Page - 9 -

1  behavior to the manufacturing defendants alone.  As such, the
2  court also finds that plaintiffs fail to state negligence and
3  misrepresentation causes of action against Bill's Dollar Store.
4  C.  Implied Warranty

5      The complaint also alleges that Bill's Dollar Store breached
6  implied warranties of merchantability and fitness for particular
7  purpose.  See Miss. Code Ann. §§ 75-2-314, 315.  The complaint
8  accuses "defendants" of breaching the implied warranty of mer-
9  chantability in failing to adequately label containers and
10  packages containing PPA, and because the products sold failed to
11  conform to promises or affirmations of facts made on the contain-
12  ers or labels.  See Miss. Code Ann. § 75-2-314 (2)(e)-(f).  The
13  complaint accuses both manufacturers and sellers of breaching the
14  implied warranty of fitness for particular purpose where they had
15  reason to know of the particular use of the products, and the
16  purchasers relied on the sellers' skill or judgment in selecting
17  and furnishing suitable and safe products.  See Miss. Code Ann. §
18  75-2-315.

19      In order to recover for breach of implied warranty, a buyer
20  "must within a reasonable time after he discovers or should have
21  discovered any breach notify the seller of breach or be barred
22  from any remedy."  Miss. Code Ann. § 75-2-607 (3)(a); accord C.R.
23  Daniels, Inc. v. Yazoo Mfg. Co., 641 F. Supp. 205, 210-11 (S.D.
24  Miss. 1986); East v. Rogers-Dingus Chevrolet, 585 So. 2d 725,
25  730-31 (Miss. 1991).  Here, the complaint contains no indication
26  that plaintiffs provided Bill's Dollar Store with any notice as

ORDER
Page - 10 -

40

1  to an alleged breach of warranty prior to the institution of this
2  lawsuit.

3      Additionally, with respect to the merchantability claim, the
4  complaint contains no factual support for a conclusion that
5  Bill's Dollar Store was in any way involved with the labeling
6  and/or packaging of the products at issue. Instead, the com-
7  plaint alleges that the manufacturer defendants concealed mate-
8  rial facts regarding PPA through product packaging and labeling.

9      The court likewise finds plaintiffs' fitness for particular
10 purpose allegation insufficient. "Mississippi does not recognize
11 an implied warranty of fitness for a particular purpose when the
12 good is purchased for the ordinary purpose of a good of that
13 kind." Parris v. Coleman Co., 121 F. Supp. 2d 1014, 1018 (N.D.
14 Miss. 2000) (fitness for particular purpose claim failed where
15 plaintiff purchased cooler to keep food and beverages cold - the
16 ordinary purpose for which a cooler is used). Here, plaintiffs
17 attested that they purchased PPA-containing products to remedy
18 their "cold, flu, sinus and/or allergy symptoms" - the ordinary
19 purpose of these medications.

20     Therefore, for the reasons stated above, the court finds
21 that plaintiffs fail to state implied warranty causes of action
22 against Bill's Dollar Store.

23 D.  Bankruptcy

24     Bill's Dollar Store filed a bankruptcy petition in February
25 2001, several months prior to the filing of plaintiffs' com-
26 plaint. The filing of the bankruptcy petition operates as a stay

ORDER
Page - 11 -

41

1  on judicial or other proceedings brought against Bill's Dollar

2  Store that were or could have commenced prior to the commencement

3  of the bankruptcy proceeding.  See 11 U.S.C. § 362(a); In re

4  Cajun Elec. Power Co-Op, Inc., 185 F.3d 446, 457 (5th Cir. 1999).

5      Plaintiffs argue that the automatic stay poses no barrier to

6  relief given that they were unaware of the bankruptcy petition at

7  the time they filed their complaint, and because they anticipate

8  that the bankruptcy Court will agree to their pending request to

9  lift the stay.  However, whether or not plaintiffs knew of the

10  petition and whether or not the stay may later be lifted, the

11  fact remains that, at the time plaintiffs filed their complaint,

12  the stay operated to prohibit their lawsuit.  As noted above, the

13  court determines jurisdiction based on the claims as stated at

14  the time of removal.  As such, the court finds the existence of

15  the stay at the time of filing serves as an additional reason to

16  deny remand of this matter to state court.  Cf. Ritchey, 139 F.3d

17  at 1319-20 (denying remand where the statute of limitations had

18  expired at the time plaintiff filed the complaint).[1]

19                    III.  CONCLUSION

20      The court concludes that plaintiffs fail to state a cause of

21  action against the only non-diverse defendant, and that the

---

[1] Unlike in a number of other cases transferred to this MDL, the defendants here did not supply the court with any summary judgment-type evidence to establish the retailer defendant's fraudulent joinder.  However, the court nonetheless finds that a plain reading of the complaint does not allow a conclusion that plaintiffs state a cause of action against Bill's Dollar Store.

ORDER
Page - 12 -

42

1  failure is obvious according to the settled rules of Mississippi.

2  As such, the court finds Bill's Dollar Store fraudulently joined

3  and DENIES plaintiff's motion to remand the case to the state

4  courts of Mississippi.

5     DATED at Seattle, Washington this 26th day of November,

6  2002.

7                                    BARBARA JACOBS ROTHSTEIN
                                     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
Page - 13 -

43

**EXHIBIT "8"**

APR 28 2003

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

In re REZULIN LITIGATION

CASE NO. CV 03-1647-R(RZx)

JACKIE BARLOW; CARMA DEKOVEN;
ERNESTINE DELAFONT, ZOE BOOER-
MUKARVITZ, and SAMUEL
GODBOULDT,

Plaintiffs,

v.

WARNER-LAMBERT CO.; PFIZER INC.;
JERROLD OLEFSKY; McKESSON CORP.,
et al.

Defendants.

[PROPOSED] ORDER
DENYING PLAINTIFFS'
MOTION FOR REMAND

Defendants removed this action from state court to this Court alleging diversity jurisdiction. Defendants asserted that Jerrold Olefsky and McKesson Corp., both of whom are California residents, were fraudulently joined. Plaintiffs moved to remand to state court. The motions came on for hearing by the Court on April 21, 2003.

Having considered the motions and other documents in support of and in opposition to the motions, having heard the arguments of counsel, and being fully advised in the matter, the Court denies the motion.

The Court finds that Dr. Jerrold Olefsky ("Dr. Olefsky"), a patent-holder and clinical investigator, owed no legal duty to any of the plaintiffs, and, therefore, there is no possibility that the plaintiffs can prove a cause of action against Dr. Olefsky. Thus, Dr. Olefsky must be disregarded for purposes of determining federal diversity

[PROPOSED] ORDER

44

KAYE SCHOLER LLP

1   jurisdiction.

2   The Court further finds that there is no possibility that plaintiffs could prove a

3   cause of action against McKesson, an entity which distributed this FDA-approved

4   medication to pharmacists in California. Pursuant to comment k of the Restatement

5   (Second) of Torts Section 402A and California law following comment k, a

6   distributor of a prescription drug is not subject to strict liability.

7   Accordingly, this Court has diversity jurisdiction over each of these actions.

8   The motion to remand is denied.

9   IT IS SO ORDERED.

10  Dated: April 28, 2003

11                                    MANUEL L. REAL

12                                    MANUEL L. REAL
                                      UNITED STATES DISTRICT JUDGE
13

14  Submitted by:

15  O'DONNELL & SHAEFFER LLP
    633 West Fifth Street, Suite 1700
16  Los Angeles, California 90071
    Telephone: (213) 532-2000
17  Facsimile:   (213) 532-2020

18  KAYE SCHOLER LLP
    1999 Avenue of the Stars
19  Los Angeles, California 90067
    Telephone: (310) 788-1000
    Facsimile:   (310) 788-1200
20

21  By: _____
        Robert Barnes
22  Attorneys for Defendants
    WARNER-LAMBERT COMPANY and PFIZER INC.

23

24

25

26

27

28

2

23106743.WPD                          [PROPOSED] ORDER

Exhibit B  Page __17__

45

EXHIBIT "9"



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

In re REZULIN LITIGATION

CASE NO. CV 03-1643-R(RZx)

DIANE SKINNER; and DIANE YBARRA,

Plaintiffs,

v.

WARNER-LAMBERT CO.; PFIZER INC.;
JERROLD OLEFSKY; McKESSON CORP.,
et al.

Defendants.

[PROPOSED] ORDER
DENYING PLAINTIFFS'
MOTION FOR REMAND

Defendants removed this action from state court to this Court alleging diversity
jurisdiction. Defendants asserted that Jerrold Olefsky and McKesson Corp., both of
whom are California residents, were fraudulently joined. Plaintiffs moved to remand
to state court. The motions came on for hearing by the Court on April 21, 2003.

Having considered the motions and other documents in support of and in
opposition to the motions, having heard the arguments of counsel, and being fully
advised in the matter, the Court denies the motion.

The Court finds that Dr. Jerrold Olefsky ("Dr. Olefsky"), a patent-holder and
clinical investigator, owed no legal duty to any of the plaintiffs, and, therefore, there
is no possibility that the plaintiffs can prove a cause of action against Dr. Olefsky.
Thus, Dr. Olefsky must be disregarded for purposes of determining federal diversity
jurisdiction.

1

23104785.WPD                          [PROPOSED] ORDER

46

1   The Court further finds that there is no possibility that plaintiffs could prove a

2   cause of action against McKesson, an entity which distributed this FDA-approved

3   medication to pharmacies in California. Pursuant to comment k of the Restatement

4   (Second) of Torts Section 402A and California law following comment k, a

5   distributor of a prescription drug is not subject to strict liability.

6        Accordingly, this Court has diversity jurisdiction over each of these actions.

7   The motion to remand is denied.

8        IT IS SO ORDERED.

9   Dated: April 25, 2003

10

11                                   MANUEL L. REAL

12                                   MANUEL L. REAL
                                     UNITED STATES DISTRICT JUDGE

13

Submitted by:

14   O'DONNELL & SHAEFFER LLP
     633 West Fifth Street, Suite 1700
15   Los Angeles, California 90071
     Telephone: (213) 532-2000
16   Facsimile:  (213) 532-2020

17   KAYE SCHOLER LLP
     1999 Avenue of the Stars
18   Los Angeles, California 90067
     Telephone:  (310) 788-1000
19   Facsimile:  (310) 788-1200

20   By: Robert Barnes
         Robert Barnes
21   Attorneys for Defendants
     WARNER-LAMBERT COMPANY and PFIZER INC.

22

23

24

25

26

27

28

KAYE SCHOLER LLP

DT0757.WPD

2

[PROPOSED] ORDER

47

# EXHIBIT "10"

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD)

This Document also relates to:

Mary A. Smith v. Bayer Corporation et al.,      Case No. 02-139

Hugo N. Gerstl, Law Offices of Hugo N. Gerstl and Associates, for and on behalf of Plaintiff.

Peter Sipkins, Dorsey & Whitney, Philip S. Beck, Ada L. Hoeflich and Tarek Ismail, Barlit Beck Herman Palancher & Scott, Susan A. Weber and Sara J. Gourley, Sidley Austin Brown & Wood and Richard K. Dandrea, Eckert Seamans Cherin & Mellott, LLC, for and on behalf of Bayer Corporation.

This matter is before the Court upon Plaintiff Smith's motion to remand. Bayer Corporation ("Bayer") opposes the motion on the basis that Plaintiff has fraudulently joined Longs Drug Stores, Inc. ("Longs Drug") in an effort to defeat diversity jurisdiction.

Background

Plaintiff filed her Complaint in California state court on September 7, 2001. In her Complaint, Plaintiff asserted claims of products liability and negligence against Longs Drug. Plaintiff is a citizen of California. Defendant Bayer Corporation is an Indiana corporation, with its principal place of business in Pennsylvania. Defendant Longs Drug has its principal place of business in California. Thus, for purposes of diversity jurisdiction, the parties do not dispute that Longs Drug is a citizen of California.

On October 11, 2001, Defendant Bayer Corporation filed a notice of removal

1

48

with the United States District Court, Northern District of California. In its removal

petition, Bayer asserts that Plaintiff failed to state a cause of action against Longs Drug,

and that the court therefore had jurisdiction over Plaintiff's Complaint based on

diversity of citizenship under 28 U.S.C. § 1332(a). Bayer contends that fraudulently

joined defendants will not defeat diversity jurisdiction.

On October 12, 2001, Plaintiff filed a First Amended Complaint in California state

court. In the Amended Complaint, Plaintiff withdrew her products liability claim

against Longs Drug, adding a professional negligence claim in its place.

Standard

Remand to state court is proper if the district court lacks subject matter

jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). In reviewing a motion to

remand, the court must resolve all doubts in favor of a remand to state court, and the

party opposing remand has the burden of establishing federal jurisdiction by a

preponderance of the evidence. In re Business Men's Assurance Co. of America, 992

F.2d 181, 183 (8th Cir. 1993)(citing Steel Valley Auth. v. Union Switch & Signal Div., 809

F.2d 1006, 1010 (3rd Cir. 1987) cert. dismissed 484 U.S. 1021 (1988)).

Fraudulently joined defendants will not defeat diversity jurisdiction. Ritchey v.

Upjohn Drug Company, 139 F.3d 1313, 1318 (9th Cir. 1998). "Fraudulent joinder exists

if, on the face of plaintiff's state court pleadings, no cause of action lies against the

resident defendant." Anderson v. Home Insurance Company, 724 F.2d 82, 84 (8th Cir.

1993). Dismissal of fraudulently joined non-diverse defendants is appropriate. Wiles v.

Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002).

Initially, in determining the propriety of remand, the Court must review

plaintiff's pleading at the time of the petition for removal. Pullman Co. v. Jenkins, 305

2

49

U.S. 534, 537 (1939). In addition, a plaintiff may not amend her complaint in order to state a claim against a nondiverse defendant in order to divest the federal court of jurisdiction. Cavallini v. State Farm Mutual Auto Insurance Co., 44 F.3d 256, 265 (Fed. Cir. 1995). See also, Henderson v. Shell Oil Co., 173 F.2d 840, 842 (8th Cir. 1949)(federal court has power to amend petition after removal, but such power does not extend to elimination of jurisdictional defects present in the state court action). The Court will thus look to the original Complaint to determine whether Longs Drug has been fraudulently joined.[1]

If a plaintiff fails to state a cause of action against a non-diverse defendant, and the failure is obvious according to settled rules of law of the state in which the action was brought, the joinder of the non-diverse defendant is deemed to be fraudulent. Ritchey v. Upjohn Drug Company, 139 F.3d 1313, 1318 (9th Cir. 1988). Bayer argues that a retail pharmacy cannot be held strictly liable for injuries caused by a defective drug pursuant to California law. Murphy v. E.R. Squibb & Sons, Inc., 40 Cal.3rd 672, 675-681 (1985). It appears that Plaintiff does not dispute this principle, as is evidenced by the fact that Plaintiff attempted to amend her Complaint to withdraw this cause of action against Longs Drug. In addition, Bayer argues that Plaintiff's negligence claim against Longs Drug also fails to state a claim. The Complaint alleges that Longs Drug was negligent in failing to provide adequate warnings of the dangers posed by Baycol and that Longs Drug concealed specific knowledge concerning Baycol from Plaintiff. Complaint ¶ 35. However, the Complaint further states that Longs Drug dispensed

---

[1] Plaintiff provides the Court no authority for her argument that the Court should look to pleadings filed in state court after the case has been removed. Because Plaintiff attempted to file the First Amended Complaint in state court, after the case was removed to federal court, the filing was ineffective. Also, as an answer has been filed, Plaintiff must now seek leave of the Court to file the First Amended Complaint. Plaintiff has not done so, however.

3

50

Baycol to Plaintiff on March 24, 2001. Id. ¶¶ 15 and 16. The Complaint further alleges that prior to May 21, 2001, Bayer did not advise physicians and drugstores of the problems it encountered with Baycol, and did not advise physicians or drugstores that the 0.8 mg. dosage of Baycol was potentially dangerous, even fatal. Id. ¶ 13. Thus, the allegations in the Complaint defeat her negligence claim against Longs Drug, as a defendant cannot be held liable for failing to warn of unknown risks. Merrill v. Naveger, Inc., 26 Cal.4th 465, 485 (2001).

Based on the above, the Court finds that Bayer has met its burden of showing that Longs Drug was fraudulently joined, as it is obvious based on the face of the Complaint, that no cause of action was alleged against Longs Drug.[2]

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiffs' Motion to Remand is DENIED.

2.   Defendant Longs Drug Stores, Inc. is DISMISSED.

Date: May 24, 2002

/s/
Michael J. Davis
United States District Court

---

[2] Because the Court finds that Longs Drug was fraudulently joined, Longs Drug's failure to consent to removal does not render the petition to remove ineffective. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988); Seaonta Technology LLC v. Delta China Express Int'l Corp. Ltd., 159 F.Supp. 2d 3146, 1152, (N.D. Cal. 2001).

4

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, #2100, Los Angeles, California 90067.

On January 26, 2007, I served the foregoing document(s) described as **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** on the interested parties in this action addressed as follows:

SEE ATTACHED SERVICE LIST

☒  By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☐  **BY PERSONAL SERVICE (CCP §1011):** I delivered such envelope(s) by hand to the addressee(s) as stated above.

☒  **BY MAIL (CCP §1013(a)&(b)):** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

☐  **BY OVERNIGHT DELIVERY  (CCP §1013(c)&(d)):** I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

Executed on January 26, 2007 at Los Angeles, California

☐  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Carolyn Simanian

52

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

# ATTACHED SERVICE LIST

Hector G. Gancedo, Esq.        *Attorneys for Plaintiff*
Amy M. Boomhouwer, Esq.
GANCEDO & NIEVES LLP
144 West Colorado Boulevard
Pasadena, CA 91105
Tel:  626 685-9800
Fax:  626 685-9808


Anthony G. Brazil, Esq.        *Attorneys for Defendant McKesson*
Kanika D. Corley, Esq.         *Corporation*
MORRIS POLICY & PURDY
1055 W. Seventh Street, Suite 2400
Los Angeles, CA  90017
Tel:  213 891-9100
Fax:  213 488-1178

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

53