# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA GOYA, an individual,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>MERCK & CO., INC., a corporation; MCKESSON CORPORATION, a corporation; and DOES 1-100, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 06-CV-2574 H (AJB)<br><br>**ORDER DENYING MERCK & CO.'S MOTION FOR A STAY WITHOUT PREJUDICE AND DEFERRING RULING ON MOTION TO REMAND**<br>(Doc. Nos. 6 & 10) |

　　Defendant Merck & Co., Inc. ("Merck") removed this case from state court on November 21, 2006. (Doc. No. 1.) In her complaint, Plaintiff Edna Goya alleges that she suffered injuries caused by her use of Merck's product, Fosamax. (Id.) On December 14, 2006, Merck filed a motion to stay proceedings. (Doc. No. 6.) Plaintiff filed a response in opposition on December 29, 2006. (Doc. No. 9.) Merck filed a reply on January 3, 2007. (Doc. No. 12.) On January 3, 2007, Defendant McKesson Corporation filed a notice that it joins in Merck's request for a stay. (Doc. No. 14.) In its motion, Merck asks the Court to stay the proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("JPMDL") as to whether this action should be transferred to In re Fosamax Prods. Liab. Litig., MDL No. 1789, currently pending before Judge John Keenan in the Southern District of New York.

On December 29, 2006, Plaintiff filed a motion to remand. (Doc. No. 10.) Merck filed a response in opposition on January 26, 2007. (Doc. No. 18.) McKesson filed a joinder in Merck's response on January 23, 2007. (Doc. No. 17.)

As indicated in a previous order, pursuant to its discretion under Civil Local Rule 7.1(d)(1), the Court submits the motions on the papers without oral argument.

On December 27, 2006, the JPMDL entered an order conditionally transferring this case to the In re Fosamax proceedings. (Jeffrey M. Tanzer Decl. Supp. Def.'s Reply Supp. Mot. to Stay Proceedings, Ex. 1.) Plaintiff indicates that she will oppose final transfer, however. If Plaintiff files an opposition, according to Rule 7.4 of the Rules of Procedure of the JPMDL, the conditional transfer order will be stayed until further order of the JPMDL, and the JPMDL will set the matter for hearing. See Rules of Procedure of the JPMDL, Rule 7.4(c)-(d). Then, the JPMDL will determine whether to issue a final transfer order.

Under the rules of procedure of the JPMDL, a pending conditional transfer order does not affect pretrial proceedings in the district court and does not in any way limit the pretrial jurisdiction of the district court. See Rule 1.5 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation. Nevertheless, district courts have inherent power to stay their own proceedings. The power to stay a case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Whether to grant a stay is left to the sound discretion of the trial court. CMAX, Inc., 300 F.2d at 268. Courts generally take into consideration judicial economy and prejudice to the parties in determining whether to enter a stay. See, e.g., Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); see also Landis, 299 U.S. at 254-55.

Given that this case was recently filed and the JPMDL has already entered a conditional transfer order, the Court finds that a formal stay is not required to preserve

1 judicial resources and to avoid prejudice to Merck.  Accordingly, the Court **DENIES**
2 Merck's motion for a stay without prejudice.  The Court notes that at least 58 cases
3 have already been transferred to the coordinated proceedings before Judge Keenan, and
4 additional cases, such as this one, are currently awaiting transfer decisions by the
5 JPMDL.  Therefore, although the Court declines to impose a formal stay, the Court does
6 not expect the parties to pursue the case or conduct any discovery while awaiting the
7 JPMDL's decision.

8 Additionally, Plaintiff has recently filed a motion to remand this action.  As at
9 least one court has noted:  "The general rule is for federal courts to defer ruling on
10 pending motions to remand in MDL litigation until after the JPMDL has transferred the
11 case to the MDL panel."  Jackson v. Johnson & Johnson, Inc., No. 01-2113 DA, 2001
12 WL 34048067, at *6 (W.D. Tenn. April 3, 2001); see also In re Amino Acid Lysine
13 Antitrust Litig., 910 F. Supp. 696, 700 (J.P.M.L. 1995) ("[T]he pending motion to
14 remand . . . can be presented to and decided by the transferee judge.").  Accordingly,
15 the Court will **DEFER** ruling on Plaintiff's motion to remand for 60 days, subject to
16 further deferral if the JPMDL has not entered a final ruling on transfer at that time.  If
17 the JPMDL declines to enter a final transfer order, the motion to remand will be
18 pending before this Court.  If, however, the JPMDL enters a final transfer order
19 consolidating this case for pretrial proceedings in the Southern District of New York,
20 the Court notes that the motion will be pending before the transferee court and no
21 longer before this Court.

22 IT IS SO ORDERED.
23 Dated:  February 1, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

- 3 -                                                               06cv2574

1  Copies To:

2  Magistrate Judge Battaglia

3  Hector G. Gancedo
   Tina B. Neives
4  Amy M. Boomhouwer
   Gancedo & Nieves, LLP
5  144 W. Colorado Blvd.
   Pasadena, CA 91105

6

   Douglas Emhoff
7  Jeffrey Tanzer
   Venable LLP
8  2049 Century Park East, Suite 2100
   Los Angeles, CA 90067

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28