UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

FOSAMAX PRODUCTS LIABILITY LITIGATION

*This Document Relates To All Actions*

MASTER FILE

1:06-MD-1789 (JFK)

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: 11-14-0

**CASE MANAGEMENT ORDER NO. 13**
(Order Regarding Document Production Format and Cost-Sharing)

1.  <u>Order Applicable to All Cases in MDL Proceedings</u>. The document production protocol set forth in this Order shall apply to the production by Defendant Merck & Co., Inc. ("Merck") of documents originally existing in hard-copy form and, to the extent expressly provided herein, to documents originally existing in electronic form, in response to discovery requests propounded by the Plaintiffs Steering Committee ("PSC"), as well as to Plaintiffs' medical records as obtained from non-parties. This Order shall apply to, and is binding on all parties and their counsel in, all cases currently pending in the above-captioned MDL No. 1789 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings").

2.  <u>Production Format</u>. All Merck documents that originally existed in either hard-copy or native electronic form that are produced in these proceedings shall be produced as single-page "TIFFs" utilizing Group 4 compression. For documents that originally existed in hard copy form, Merck will produce TIFF images and searchable text files of those images. For documents that originally existed in electronic form, Merck will produce TIFF images, searchable text files, and objective coding to include

the following fields (or as many of such fields as are available with respect to a particular document): To (recipient), From (author), CC, Main Date, Title, Document Type, Custodian, Beginning Bates number, Ending Bates number, Attachment Range Beginning Bates number, and Attachment Range Ending Bates number.

Merck shall produce a "load file" to accompany the TIFF images, which load file shall include information about where each document begins and ends to facilitate the use of the produced images through a document management or litigation support database system. The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software such as Summation or Concordance in electronic image form in the manner provided herein.

Documents that present imaging or formatting problems shall be promptly identified and the parties shall meet and confer to attempt to resolve the problem. In addition, the parties shall meet and confer as necessary to agree on the form of any production of electronic documents other than e-mails (and any associated attachments), word processing documents, spreadsheets, presentations, and imaged documents (in any format).

3. <u>Document Unitization</u>. Each page of a document shall be scanned or electronically saved into an image. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image file.

326998

4. <u>Cost Allocation</u>.

   a. For documents that originally existed in hard-copy form, Merck agrees to produce up to 1.5 million pages of such images and searchable text files (including those already produced) without charge to the PSC. Merck reserves the right to revisit the question of cost sharing with respect to hard-copy documents in the event the image count exceeds 1.5 million pages. In reaching this agreement, the parties understand that the PSC expressly relies upon the opinion of Merck's counsel that the volume of the hard copy documents responsive to the PSC's First Master Request for Production of Documents is not expected to exceed 1.5 million pages.

   b. For documents that originally existed in electronic form, as more fully discussed in paragraph 2, above, Merck will produce those documents without charge to the PSC, except for the media costs discussed in paragraph 4.c, below.

   c. The PSC shall reimburse Merck the reasonable and actual costs of the production media on which the TIFF images are produced, as well as the reasonable and actual costs of making duplicates of other related responsive materials (e.g., videotapes, DVDs, CDs, color/oversized copies, etc.).

5. <u>Provision of Medical Records to Plaintiffs</u>. Subject to the payment provisions set forth below, Defendant shall ensure that its outside medical records collection vendor, MRC, makes available to the several individual Plaintiffs' counsel via a secure web portal maintained by the vendor any and all medical

records collected by or on behalf of Merck. Each page of such records shall be uniquely identified by the vendor. Plaintiff's counsel in a specific case may access that web site to obtain copies of the client's records, and Plaintiff's counsel shall pay MRC the costs as set forth in the cost schedule at https://www.mrcrecords.com/Clients/FosLit/Pricing.pdf (username:fosoc; pasword: DFjt184#) in order to view, print, and/or obtain copies of any of those records.

All such payments shall be made by Plaintiffs directly to MRC, and Plaintiffs shall have no right to recover or set-off any costs they incurred in independently obtaining copies of their medical records from sources other than MRC.

**SO ORDERED.**

Dated: New York, New York
November 14, 2007

_____
JOHN F. KEENAN
UNITED STATES DISTRICT JUDGE